**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. _____

UNITED STATES OF AMERICA,

    Plaintiff,

v.

LIBERTY GLOBAL INC.,

    Defendant.

---

### UNITED STATES' COMPLAINT

---

The United States of America, with the authorization of a delegate of the Secretary of the Treasury, and at the direction of a delegate of the Attorney General, brings this civil action to obtain a judgment against defendant Liberty Global, Inc. ("LGI") for unpaid federal income taxes and additions to tax for the tax year 2018.

In support of this Complaint, the United States makes the following allegations:

### JURISDICTION, VENUE, AND PARTIES

1. This action is commenced under 26 U.S.C. § 7401, at the direction of the Attorney General of the United States and with the authorization of the Acting Chief Counsel of the Internal Revenue Service, a delegate of the Secretary of the Treasury. The Court has jurisdiction to hear the action under federal law, including 28 U.S.C. §§ 1340 and 1345, and 26 U.S.C. § 7402.

2. Venue is proper in this district in accordance with 28 U.S.C. §§ 1391 and 1396, because the tax liabilities at issue accrued here, and because the defendant, LGI, has a principal

place of business here. This suit also relates to a federal income tax refund suit that LGI filed in this district in 2020, Case 1:20-cv-03501-RBJ. A copy of LGI's complaint in that action is attached hereto as Exhibit 1.

## BACKGROUND

3. LGI is a United States corporation organized under the laws of Delaware, with a principal place of business in Denver, Colorado. It is wholly owned by Liberty Global, plc, a United Kingdom corporation.

4. LGI is the common parent of an affiliated group of corporations, as defined by 26 U.S.C. § 1504(a)(1). The LGI consolidated group includes LGI Slovakia Holdings, Inc. ("LGI Slovakia"), a U.S. corporation. As of January 1, 2018, LGI Slovakia owned 100 percent of the Class A and Class C shares of Liberty Global Broadband I Limited ("LGBBI"), which is a U.K. limited company that is a controlled foreign corporation ("CFC") for U.S. income tax purposes. Liberty Global plc owned 100 percent of the Class B shares of LGBBI. LGBBI indirectly owned 100 percent of Liberty Global Broadband II Limited ("LGBBII"), an entity that is disregarded for U.S. federal income tax purposes. LGBBII owned 100 percent of Binan Investments BV ("Binan"), an entity that is disregarded for U.S. federal income tax purposes. Binan owned approximately 60 percent of Telenet Group Holding NV ("TGH"), a Belgian corporation. TGH is a publicly traded company in Belgium, with approximately 40 percent of its stock held by private parties other than entities controlled by Liberty Global plc. In 2018, TGH was a controlled foreign corporation for U.S. tax purposes.

5. TGH is the parent of a group of companies conducting business in Belgium. As of January 1, 2018, TGH owned Telenet Group BVBA ("Telenet Group"), a Belgian corporation

that is an entity that is disregarded for U.S. federal income tax purposes. Telenet Group owned Telenet International Finance Sarl ("Telenet International Finance"), a Luxembourg corporation that is an entity that is disregarded for U.S. federal income tax purposes. Telenet International Finance owned Telenet Financing USD LLC ("Telenet Financing USD"), a U.S. limited liability company that is an entity that is disregarded for U.S. federal income tax purposes.

6. LGI was advised on U.S. federal tax matters by Deloitte LLC's Washington National Tax office, located in Washington, D.C. ("Deloitte").

7. In or about June of 2018, Deloitte approached LGI about an opportunity to exploit what it perceived to be a loophole in the international tax provisions of the 2017 Tax Cuts and Jobs Act ("TCJA") that would purportedly allow a taxpayer to avoid paying U.S. tax on income that Congress had intended to be taxed under the TCJA's anti base-erosion provisions.

8. After June 2018, with assistance by Deloitte and Deloitte-affiliated offices in the United States, the United Kingdom, and Belgium, LGI began planning a series of transactions, all among related entities, that it code-named "Project Soy."

9. LGI and Deloitte designed Project Soy to exploit the perceived loophole in the TCJA, in an attempt to avoid global intangible low tax income ("GILTI") and capital gain taxes on billions of dollars of unrealized gain from LGI's interest in TGH, the Belgian corporation. A copy of a document describing the final version of the Project Soy plan is attached to this complaint as Exhibit 2.

10. Project Soy had four enumerated steps, which culminated, in Step 4, in LGI transferring its interest in TGH to Liberty Global plc. More specifically, on December 28, 2018, LGBBI, through a disregarded entity, transferred its investment in Binan, which owned 60% of

TGH, to Liberty Global plc. On its Form 5471 at Schedule O, LGI reported that a member of its affiliated group, LGI Slovakia, received $3,172,450,650 from Liberty Global plc for the transfer of TGH stock.

11.     On its amended federal income tax return, at Statement 1, LGI reported a gain of $2,418,531,039 resulting from its transfer of its interest in TGH to Liberty Global plc. By operation of 26 U.S.C. §§ 964(e)(1) and 1248(a), LGI treated this gain as a dividend to the extent of certain earnings and profits, and claimed a corresponding dividends-received deduction offsetting that gain pursuant to § 245A. LGI claimed that the entire $2,418,531,039 gain could be eligible for a dividends-received deduction.

12.     LGI's transfer of its interest in TGH on December 28, 2018, allowed LGI to attempt to exploit a so-called "mismatch" discovered by its tax advisors to avoid paying tax on GILTI and subpart F income attributable to LGI's interest in TGH. *See* 26 U.S.C. §§ 951, 951A. This "mismatch" stemmed from the TCJA's repeal of § 958(b)(4). It purportedly allowed LGI to claim the above-described dividends-received deduction from the sale of TGH pursuant to § 245A while, at the same time, not reporting any GILTI or subpart F income with respect to TGH, because the December 28, 2018, transfer eliminated any U.S. shareholder of TGH as of December 31, 2018. LGI explained in Statement 1 of its amended return that it had eliminated from its consolidated income tax return $1,932,194,233 in income that would otherwise have been subject to tax because of GILTI.

13.     Project Soy could only purport to generate a § 245A dividends received deduction to the extent TGH had earnings and profits for U.S. tax purposes. *See* 26 U.S.C. §§ 964(e)(1), 1248(a).

14. Before LGI implemented Project Soy, TGH's earnings and profits were insufficient to shelter LGI's $2,418,531,039 gain from the transfer of its interest in TGH.

15. However, LGI and its tax advisors inserted three other steps into Project Soy that were not necessary to the December 28, 2018, transfer of LGI's interest in TGH. These steps, executed just days before the transfer, purported to generate € 4,053,202,400 ($4,781,076,576 using the currency conversion rate used by LGI in its return) of earnings and profits for TGH that, LGI contended, could then be deducted pursuant to the § 245A dividends-received deduction.

16. More specifically, in Step 1, Telenet Group eliminated €4,283,000,000 of capital of its shareholder TGH. In Step 2, Telenet International Finance transferred its interest in Telenet Financing USD to TGH. In Step 3, Telenet Group converted the form of its Belgian entity from a BVBA entity to an NV entity, after which it immediately issued €4,283,000,000 worth of "Profit Certificates" to TGH to replace the capital that had been eliminated in Step 1. Steps 1 through 3 of Project Soy were all purportedly completed on December 25 or December 26, 2018.

17. Step 1 of Project Soy did not change, in a meaningful way (apart from federal income tax effects), LGI's economic position.

18. LGI had no substantial purpose (apart from federal income tax effects) for directing TGH to enter into Step 1 of Project Soy.

19. Step 2 of Project Soy did not change, in a meaningful way (apart from federal income tax effects), LGI's economic position.

20. LGI had no substantial purpose (apart from federal income tax effects) for directing TGH to enter into Step 2 of Project Soy.

21. Step 3 of Project Soy did not change, in a meaningful way (apart from federal income tax effects), LGI's economic position.

22. LGI had no substantial purpose (apart from federal income tax effects) for directing TGH to enter into Step 3 of Project Soy.

23. The end result of Project Soy was for LGI to transfer its interest in TGH to Liberty Global plc. Steps 1, 2, and 3 of Project Soy were merely inserted into Project Soy as a means to generate tax attributes for use in Step 4.

24. Steps 1 through 3 of Project Soy were so interdependent and so linked to Step 4 that it is unlikely Steps 1 through 3 would have been undertaken except in contemplation of each other and Step 4.

25. In June 2019, Treasury issued Treasury Decision 9865, 84 Fed. Reg. 28398, which included temporary Treasury regulations addressing the international tax changes made by the TCJA. As Treasury noted in the preamble to the temporary regulations, "the Treasury and the IRS are aware that some taxpayers are undertaking transactions with a view to eliminating current or future taxation of all foreign earnings of a CFC, including earnings attributable to base erosion-type income[.]" 84 Fed. Reg. 28400.

26. On or about October 11, 2019, LGI filed a consolidated federal income tax return for its 2018 tax year. It then filed an amended return on or about December 23, 2019. As LGI explains in paragraphs 37 through 43 of its complaint (attached here as Exhibit 1), its first return reported the "TGH Transaction" (Project Soy Step 4) in a manner that was consistent with the temporary Treasury regulations. Then, on its amended return, LGI took the position that the regulations were invalid. LGI's original and amended federal income tax returns both took

positions that were dependent on the earnings and profits generated by Steps 1 through 3 of Project Soy. The amended return claimed a refund of $95,783,237, based on the regulation's invalidity.

27. After LGI filed its amended return claiming a federal income tax refund, the IRS began to review LGI's Project Soy transactions. The IRS requested additional information about the series of transactions, including those transactions that purported to create earnings and profits. LGI produced some, but not all, of the information requested by the IRS.

28. On November 19, 2020, the IRS issued a delinquency notice to LGI regarding the missing information. The IRS ordinarily issues such notices before it might issue a formal summons to a taxpayer for the information that an IRS examination team seeks. If a taxpayer fails to respond to a formal summons, the United States may seek to enforce the summons in a federal court proceeding. The IRS gave LGI a November 27, 2020, deadline to respond to the delinquency notice.

29. On November 27, 2020, instead of providing additional information to the IRS, LGI filed its complaint (Exhibit 1), seeking a refund of approximately $110 million for taxes and additions to tax that it alleges to have overpaid for its 2018 tax year. At paragraph 11 of the complaint, LGI stated that the "primary issue" it sought to litigate was "whether LGI is entitled to claim a deduction on its 2018 corporate income tax return under 26 U.S.C. § 245A[.]"

30. In its answer, the United States denied that the regulations were invalid, but it also noted that, because LGI filed its suit before the IRS had completed its examination, discovery was necessary to determine whether LGI had the earnings and profits that it contended existed, and moreover, that discovery was required to determine whether "any steps of the transactions,

7

or the transactions themselves, may be recharacterized or disregarded under judicial doctrines or other provisions of the Internal Revenue Code."

31. On April 4, 2022, the district court entered an order determining that the 2019 temporary Treasury regulations did not meet the requirements of the Administrative Procedure Act to the extent Treasury intended the regulations to have retroactive effect to cover LGI's 2018 tax year. (Case No. 1:20-cv-03501-RBJ, Dkt. 46). The United States respectfully maintains that the temporary Treasury regulations have valid retroactive effect, and that LGI's tax liability should be computed in accordance with the regulations. The United States reserves its right to take an appeal from any final decision. But as the district court recognized, its April 4, 2022, decision does not dispose of the case. Other issues remain, namely whether "the actions LGI took to attempt to receive the § 245A deduction complied with the applicable tax laws." (*Id.* at 5). That matter is therefore still pending in the district court, and the United States intends to seek consolidation of that case with this action.

## CLAIM FOR RELIEF

32. Project Soy led LGI to understate and underpay its true tax liabilities, in violation of 26 U.S.C. § 6151 and other law.

33. The tax benefits generated by Project Soy should be disregarded under either 26 U.S.C. § 7701(o) (the codified economic substance doctrine), or judicial doctrines, including the business purpose, step transaction, and/or substance over form doctrines.

34.     If Steps 1 through 3 of Project Soy are disregarded, the United States believes that LGI's pro-rata share of TGH earnings and profits would be approximately $97,897,945, with the exact amount to be determined by the Court in this action.

35.     The amount of LGI's capital gain is in turn dependent on a determination of TGH's earnings and profits. But based on information now known to the United States, if LGI's share of TGH's earnings and profits was $97,897,945, LGI should recognize a capital gain of $2,320,663,094 on its sale of TGH.

36.     Because applying the economic substance or judicial doctrines reduces the amount of TGH's earnings and profits, and therefore the amount of any dividend from TGH, and any deduction LGI may take for such dividend, there must be a corresponding adjustment to LGI's tax liability. Based on information now known to the United States, LGI's correct federal income tax liability for 2018 is estimated to be $473,384,256. Other adjustments may impact a final determination of LGI's income tax liability, with the specific amounts to be determined through discovery. For example, the computation does not include a so-called § 78 gross-up relating to foreign tax credits not readily calculable by the IRS but that LGI may demonstrate is available.

37.     LGI has made payments toward its 2018 tax liability of $236,746,570, not including an additional payment for penalties for failure to pay on time and in full. LGI therefore has underpaid its tax by $236,637,686, not including adjustments for interest and penalties, or by such an amount as the Court may otherwise find after discovery, if LGI can show the amount is subject to additional adjustments under § 78 or otherwise.

38.     The Internal Revenue Code imposes an accuracy related penalty of 20 percent of the portion of an underpayment of tax for "any disallowance of claimed tax benefits by reason of a transaction lacking economic substance (within the meaning of section 7701(o)) or failing to meet the requirement of any similar rule of law." 26 U.S.C. § 6662(a), (b)(6).

39.     LGI's underpayment of $236,637,686, or such amount as the Court may determine, is due to its Project Soy transactions, which lack economic substance within the meaning of § 7701(o) or otherwise fail to meet the requirements of any similar rule of law. LGI is therefore liable for an accuracy related penalty. Assuming an underpayment of $236,637,686, that penalty would be $47,327,537.

40.     The Internal Revenue Code also imposes interest on underpayments of taxes and accuracy related penalties, which may continue to accrue over time and are calculated by statutory formula. 26 U.S.C. § 6601.

WHEREFORE, the United States respectfully asks that the Court enter judgment in favor of the United States for $236,637,686 in tax and $47,327,537 in penalties (together, $283,965,223), or such amount as the Court determines, plus interest on any underpayment, and for such further relief as the Court deems just and proper.

October 7, 2022

                                            DAVID A. HUBBERT
                                            Deputy Assistant Attorney General

                                            */s/ E. Carmen Ramirez*
                                            THOMAS J. SAWYER
                                            E. CARMEN RAMIREZ
                                            ISAAC M. HOENIG
                                            Trial Attorneys

U.S. Department of Justice, Tax Division
P.O. Box 683, Ben Franklin Station
Washington, D.C.  20044
Tel:   (202) 514-8129 (Sawyer)
       (202) 616-2885 (Ramirez)
       (202) 307-5963 (Hoenig)
Fax: (202) 307-0054
Thomas.J.Sawyer@usdoj.gov
E.Carmen.Ramirez@usdoj.gov
Isaac.M.Hoenig@usdoj.gov

*Attorneys for the United States of America*

## CERTIFICATE OF SERVICE

I hereby certify that on October 7, 2022, I served a copy of the foregoing document by email as follows, by consent under Fed. R. Civ. P. 5(b)(2)(E):

Rajiv Madan (raj.madan@skadden.com)
Nathan P. Wacker (Nathan.wacker@skadden.com)
Christopher P. Bowers (chris.bowers@skadden.com)
Jessie K. Liu (jessie.liu@skadden.com)
Skadden, Arps, Slate, Meagher & Flom LLP
1440 New York Avenue, N.W.
Washington, DC 20005
*Attorneys for Plaintiff Liberty Global, Inc.*

Gregory S. Tamkin (tamkin.greg@dorsey.com)
Dorsey & Whitney LLP
1400 Wewatta Street, Suite 4010
Denver, CO 80202-5549
*Attorney for Plaintiff Liberty Global, Inc.*

    Respectfully submitted,

    */s/ E. Carmen Ramirez*
    E. CARMEN RAMIREZ
    Trial Attorney, Tax Division
    U.S. Department of Justice