# EXHIBIT 1

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. _____

LIBERTY GLOBAL, INC.,

      Plaintiff,

v.

UNITED STATES OF AMERICA,

      Defendant.

---

COMPLAINT

---

      Plaintiff, Liberty Global, Inc., on behalf of itself and its consolidated subsidiaries (collectively, "<u>LGI</u>"), alleges and states the following:

**<u>NATURE OF THE ACTION</u>**

      1.    This is an action arising under the Internal Revenue Code of 1986, as amended and codified in Title 26 of the United States Code, for recovery of $104,487,574 in federal income taxes, $2,175,147 in penalties, and $2,627,128 in interest erroneously collected with respect to LGI's tax year ending December 31, 2018 (the "<u>2018 Tax Year</u>"), plus interest thereon as provided by law.

**<u>JURISDICTION AND VENUE</u>**

      2.    This Court has jurisdiction over this matter pursuant to 26 U.S.C. § 7422 and 28 U.S.C. § 1346(a)(1).

3.      Prior to the filing of this Complaint, LGI has made full payment of all U.S. federal income tax liabilities that the government has assessed for LGI's 2018 Tax Year.  *See Flora v. United States*, 362 U.S. 145 (1960).

4.      LGI has complied with the statutory requirements of exhausting its administrative remedies.  *See* 26 U.S.C. §§ 6532, 7422.  On December 23, 2019, LGI timely filed an amended 2018 tax return seeking a refund of taxes paid (the "Claim for Refund").  The Internal Revenue Service ("IRS") has not paid any refund or otherwise acted on the Claim for Refund.  More than six months have expired since LGI filed the Claim for Refund.  26 U.S.C. § 6532(a)(1).

5.      Venue for this action properly lies in this District pursuant to 28 U.S.C. § 1402(a)(2).

## **PARTIES**

6.      LGI is a corporation organized under the laws of the State of Delaware with a principal place of business at 1550 Wewatta Street, Suite 1000, Denver, Colorado 80202.  LGI's Employer Identification Number is 46-1947033.

7.      LGI is the common parent of an affiliated group of corporations, as defined by 26 U.S.C. § 1504(a)(1).  The LGI consolidated group uses a calendar year as its taxable year for U.S. federal income tax purposes.  For convenience, we refer to the LGI consolidated group as LGI in this Complaint.

8.      LGI is wholly owned by Liberty Global plc ("Liberty Global"), a U.K. public limited company.

9.      Liberty Global, LGI, and their affiliates operate one of the world's largest telecommunications businesses, providing broadband, cable, and communications services to millions of customers.

10.      Defendant is the United States of America.

## FACTUAL ALLEGATIONS

**Issue 1: The Section 245A Deduction**

11.      The primary issue in this case is whether LGI is entitled to claim a deduction on its 2018 corporate income tax return under 26 U.S.C. § 245A (the "Section 245A Deduction").[1] The Section 245A Deduction is allowed when a corporate taxpayer, such as LGI, recognizes certain types of income.

12.       For LGI, the Section 245A Deduction arose as a result of a transaction we refer to as the "TGH Transaction."  In the TGH Transaction, an LGI affiliate sold its interest in a publicly-traded, Belgian telecommunications company, Telenet Group Holding NV ("TGH"), to LGI's parent, Liberty Global.  The TGH Transaction was executed on December 28, 2018.

13.      While the TGH Transaction involved a sale between two affiliated entities, the transaction generated taxable income for LGI.  The Internal Revenue Code sets forth detailed rules governing the tax treatment of the TGH Transaction.  Under those rules, LGI was required to recognize income equal to its share of the gain arising from the TGH Transaction on its 2018 corporate tax return.

---

[1] Unless otherwise specified, all "section" references herein are to sections of the U.S. Internal Revenue Code of 1986, as amended, and all "Treasury Regulation" references herein are to sections of the Treasury Regulations promulgated under the Internal Revenue Code.

14.     As a result of LGI recognizing income from the TGH Transaction, LGI was entitled to the Section 245A Deduction under the relevant federal statutes, including 26 U.S.C. §§ 245A and 964.

15.     Although LGI met all statutory requirements for claiming a Section 245A Deduction in connection with the TGH Transaction, Defendant takes the position that LGI should be denied the vast majority of its Section 245A Deduction because of "interim-final" or "temporary"[2] Treasury Regulations issued in June 2019.  *See* 26 C.F.R. § 1.245A-5T (the "Section 245A Temporary Regulations").  The Section 245A Temporary Regulations set forth new rules—not found in or supported by the statute—under which the Section 245A Deduction is disallowed.

16.     Moreover, the Section 245A Temporary Regulations purport to apply retroactively to January 1, 2018.  Thus, Defendant takes the position that the Section 245A Temporary Regulations apply to LGI's Section 245A Deduction even though those regulations were issued almost six months <u>after</u> both the TGH Transaction was executed and the close of LGI's 2018 Tax Year.

17.     The Section 245A Temporary Regulations are invalid for multiple reasons discussed below and, as a result, cannot be applied to LGI in this case.

18.     Accordingly, LGI is entitled to a Section 245A Deduction consistent with the application of the relevant tax statutes.

---

[2] Interim-final regulations issued by the U.S. Department of the Treasury ("<u>Treasury</u>") are referred to as "temporary regulations."

**A. LGI's Entitlement to the Section 245A Deduction**

19.     The plain language of the relevant statutes permits LGI to claim a Section 245A

Deduction with respect to the income that LGI recognized in connection with the TGH

Transaction.

20.     Specifically, 26 U.S.C. § 245A(a) mandates that a domestic corporation (like

LGI) "shall be allowed . . . a deduction" with respect to income of the type that LGI recognized

in connection with the TGH Transaction.  (Emphasis added.)

21.     Moreover, 26 U.S.C. § 964(e)(4) directly addresses LGI's specific circumstances.

That section provides that the income generated from the TGH Transaction must be treated by

LGI as if it "were a dividend" and that "the deduction under section 245A(a) shall be allowable"

in an amount equal to that deemed dividend.  *See* 26 U.S.C. 964(e)(4)(A)(iii) (emphasis added).

22.     As applied here, these rules mandate that LGI be allowed to claim a Section 245A

Deduction in connection with the TGH Transaction.

23.     Defendant, however, takes the position that LGI should be denied the vast

majority of its Section 245A Deduction because of the application of the Section 245A

Temporary Regulations.[3]

24.     In particular, the Section 245A Temporary Regulations provide that certain

dividends (or portions of those dividends) are "ineligible" for the Section 245A Deduction.  In so

---

[3] On August 21, 2019, Treasury issued final regulations under section 245A that contain many of the same rules set forth in the Section 245A Temporary Regulations.  Those final regulations, however, are applicable only prospectively from June 14, 2019—i.e., the same date that the Section 245A Temporary Regulations were issued.  26 C.F.R. § 1.245A-5(k)(1).

doing, the Section 245A Regulations create new, extra-statutory conditions on the ability to claim a Section 245A Deduction.

**B. The Section 245A Temporary Regulations Are Invalid**

25.     The Section 245A Temporary Regulations are substantively and procedurally invalid and, therefore, are inapplicable to LGI.

26.     As a substantive matter, the Section 245A Temporary Regulations are contrary to the controlling statutes.  *See, e.g.*, *Chevron U.S.A. Inc. v. Natural Res. Def. Council, Inc*., 467 U.S. 837 (1984).

27.     Treasury acknowledged when it issued the Section 245A Temporary Regulations that the regulations are inconsistent with "a literal application of section 245A."  Limitation on Deduction for Dividends Received From Certain Foreign Corporations and Amounts Eligible for Section 954 Look-Through Exception, 84 Fed. Reg. 28,398, 28,400 (June 18, 2019) (the "Preamble").  Treasury further acknowledged that, "when the requirements of section 245A as properly construed are satisfied, it would not be permissible under the statute for the [S]ection 245A [D]eduction to be denied . . . even if, for example, taxpayers choose to generate such income to avail themselves of the benefits of the deduction."  *Id.*

28.     As a procedural matter, Treasury also failed to comply with several administrative law requirements, including requirements under the Administrative Procedure Act, 5 U.S.C. § 551, et seq. (the "APA").

29.     First, the Section 245A Temporary Regulations were issued without an opportunity for pre-promulgation notice and comment, as required by the APA (the "Notice-and-Comment Requirement").  5 U.S.C. § 553(b).

30.    Second, the Section 245A Temporary Regulations violate the general prohibition on retroactive rulemaking.  *See* 5 U.S.C. § 553(d).  The APA generally requires that substantive rules can be effective no earlier than 30 days after the rules are first promulgated (the "Prospective Rulemaking Requirement").  *See id.*  The Section 245A Temporary Regulations were issued on June 18, 2019, yet those rules are purportedly effective immediately <u>and retroactively</u> to transactions that occurred nearly 18 months earlier.

31.    Under applicable law, Treasury was required to follow the Notice-and-Comment Requirement and the Prospective Rulemaking Requirement unless it had "good cause" within the meaning of 5 U.S.C. § 553(b)(3)(B) and 5 U.S.C. § 553(d)(3).

32.    In the Preamble to the Section 245A Temporary Regulations, Treasury asserted that it had the necessary "good cause" for not complying with the Notice-and-Comment Requirement and the Prospective Rulemaking Requirement.  84 Fed. Reg. 28,398, 28,405 (June 18, 2019).

33.    None of the reasons set forth in the Preamble, individually or collectively, constitutes "good cause" within the meaning of 5 U.S.C. § 553(b)(3)(B) and 5 U.S.C. § 553(d)(3).

34.    Even if Treasury had "good cause" and possessed the substantive authority to promulgate the 245A Temporary Regulations, Treasury had no authority to make those regulations retroactively effective.

35.    The retroactive application of the Section 245A Regulations also violates the due process clause of the Fifth Amendment.  *See, e.g.*, *United States v. Carlton,* 512 U.S. 26 (1994).

36.     Finally, Treasury failed to provide an adequate explanation for its rulemaking in the Section 245A Temporary Regulations as required under *Motor Vehicle Manufacturers Ass'n of the United States v. State Farm Mutual Auto Insurance Co.*, 463 U.S. 29 (1983), and its progeny.

**C. LGI's Tax Reporting**

37.     LGI timely filed its original 2018 U.S. corporate income tax return on October 11, 2019 (the "2018 Original Return").

38.     At the time that it filed its 2018 Original Return, LGI intended to challenge the validity of the Section 245A Temporary Regulations.  For procedural reasons, however, LGI filed its 2018 Original Return consistent with the Section 245A Temporary Regulations and paid the additional tax that would be due under those regulations.

39.     On its 2018 Original Return, LGI also made an election under 26 C.F.R. § 1.245A-5T(e)(3)(i) (a "Closing Election") to close TGH's taxable year on the date of the TGH Transaction.  The Closing Election is a new, extra-statutory election created in the Section 245A Temporary Regulations.  Making a Closing Election allowed LGI to claim a portion of the Section 245A Deduction, mitigating the adverse effects of the Section 245A Temporary Regulations.

40.     Even with the Closing Election, Defendant's application of the Section 245A Temporary Regulations causes LGI to improperly owe more than $104 million in additional U.S. federal income tax than LGI would have otherwise owed under the relevant statutes.

41.     To the extent the Section 245A Temporary Regulations are invalid, then LGI's Closing Election also has no effect.

42.     On December 23, 2019, LGI filed its Claim for Refund, seeking a refund on the basis that the Section 245A Temporary Regulations are invalid.

43.     By first paying all tax owed under the Section 245A Temporary Regulations and then filing the Claim for Refund, LGI complied with statutory prerequisites for exhausting administrative remedies before filing this lawsuit.  *See* 26 U.S.C. §§ 6532, 7422.

**Issue 2: Additional Penalties and Interest Improperly Assessed**

**A.  The November 2019 Assessment**

44.     On or around November 25, 2019, the IRS sent LGI a notification that it had assessed penalties under 26 U.S.C. § 6651 and interest under 26 U.S.C. § 6601 related to LGI's 2018 Tax Year (the "November 2019 Assessment").

45.     The IRS asserted that LGI was liable for such penalties and interest, because LGI had failed to pay the full amount of taxes owed for its 2018 Tax Year—including taxes owed because of the application of the Section 245A Temporary Regulations—by April 15, 2019.

46.     In other words, the November 2019 Assessment reflects the IRS's imposition of penalties and interest on LGI for its failure to pay taxes by April 15, 2019, that were owed under retroactive regulations first issued two months after that date (i.e., the Section 245A Temporary Regulations).

47.     LGI paid its purported liability under the November 2019 Assessment on December 23, 2019.

**B.  The September 2020 Assessment**

48.     On or about September 21, 2020, the IRS made an additional assessment of $8,704,337 in tax, $22,955 in penalties, and $666,037 in interest with respect to LGI's 2018 Tax

Year (the "September 2020 Assessment" and, collectively with the November 2019 Assessment, the "Additional Amounts").

49.     The taxes assessed through the September 2020 Assessment relate to a reduction in the amount of foreign tax credits that LGI is allowed to claim for its 2018 Tax Year.  Should the Section 245A Temporary Regulations be determined to be invalid, LGI would be entitled to a refund of the taxes, penalties, and interest assessed in the September 2020 Assessment.

50.     LGI paid its purported liability under the September 2020 Assessment on November 4, 2020.

### C. LGI Is Not Liable for the Penalties and Interest Assessed by the IRS as Part of the Additional Amounts

51.     If the Section 245A Temporary Regulations are invalid, then LGI did not underpay its taxes for the 2018 Tax Year and there is no basis for imposing the penalties and interest reflected in the Additional Amounts.

52.     LGI had reasonable cause within the meaning of 26 C.F.R. § 301.6651-1(c)(1) for its failure to pay the taxes that gave rise to the penalties and any interest thereon reflected in the Additional Amounts.

53.     For the portion of the Additional Amounts that is interest under 26 U.S.C. § 6601, even if the 245A Temporary Regulations were valid, interest cannot accrue on amounts that, as of the relevant date (here, April 15, 2019), were not legally due.

54.     Even if the Temporary Regulations are valid, the imposition of the Additional Amounts in the context of retroactive regulations that were issued nearly two months after the relevant payment date violates the due process clause of the Fifth Amendment.

## COUNT ONE

55.     LGI incorporates herein by reference and realleges all allegations in Paragraphs 1 through 43.

56.     The Section 245A Temporary Regulations are invalid in whole or in part and, as a result, cannot be applied to LGI in this case.

57.     Accordingly, LGI is entitled to a refund in the amount of $104,487,574[4] for taxes paid for its 2018 Tax Year, or such greater amount of taxes and interest, including overpayment interest thereon, as provided by law.

## COUNT TWO

58.     LGI incorporates herein by reference and realleges all allegations in Paragraphs 1 through 54.

59.     LGI should be refunded the penalties and interest assessed as part of the Additional Amounts.

60.     Accordingly, LGI is entitled to a refund in the amount of $4,802,274, including overpayment interest thereon, as provided by law.

---

[4] This amount reflects that LGI would also be entitled to a refund of the additional taxes assessed by the IRS in the September 2020 Assessment if the Section 245A Regulations are invalid.  *See* Paragraphs 48-49.

11

**PRAYER FOR RELIEF**

WHEREFORE, LGI prays for judgment in its favor and against Defendant as follows:

1.      That LGI be refunded the total sum of $109,289,849 in federal income tax,

penalties, and deficiency interest as described above for the 2018 Tax Year, or such greater

amount as is legally refundable, plus statutory interest as allowed by law;

2.      That LGI be awarded its costs of this action; and

3.      That LGI be granted such other and further relief as this Court deems appropriate.

Respectfully submitted this 27th day of November 2020.

/s/ Rajiv Madan
**Rajiv Madan**
Skadden, Arps, Slate, Meagher & Flom LLP
1440 New York Avenue, N.W.
Washington, DC  20005
Telephone:  (202) 371-7020
E-mail:  raj.madan@skadden.com
Attorney for Plaintiff Liberty Global, Inc.

JS 44 (Rev. 10/20)   District of Colorado

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)

## I. (a) PLAINTIFFS

LIBERTY GLOBAL, INC.

**(b)** County of Residence of First Listed Plaintiff   Denver
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorneys (Firm Name, Address, and Telephone Number)
Rajiv Madan, Skadden, Arps, Slate, Meagher & Flom LLP
1440 New York Ave. NW, Washington, DC 20005
(202) 371-7020

## DEFENDANTS

UNITED STATES OF AMERICA

County of Residence of First Listed Defendant   Denver
(IN U.S. PLAINTIFF CASES)
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

Attorneys (If Known)

## II. BASIS OF JURISDICTION   (Place an "X" in One Box Only)

- [ ] 1   U.S. Government Plaintiff
- [x] 2   U.S. Government Defendant
- [ ] 3   Federal Question (U.S. Government Not a Party)
- [ ] 4   Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES   (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT   (Place an "X" in One Box Only)

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane   **PERSONAL INJURY** | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability   [ ] 365 Personal Injury - Product Liability | | | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander   [ ] 367 Health Care/ | | **PROPERTY RIGHTS** | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | Pharmaceutical Personal Injury | | [ ] 820 Copyrights | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 330 Federal Employers' Liability   Product Liability | | [ ] 830 Patent | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 340 Marine   [ ] 368 Asbestos Personal Injury Product Liability | | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 460 Deportation |
| | [ ] 345 Marine Product Liability | | [ ] 840 Trademark | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle   **PERSONAL PROPERTY** | **LABOR** | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability   [ ] 370 Other Fraud | [ ] 710 Fair Labor Standards Act | | [ ] 485 Telephone Consumer |
| [ ] 190 Other Contract | [ ] 360 Other Personal   [ ] 371 Truth in Lending | [ ] 720 Labor/Management Relations | **SOCIAL SECURITY** | Protection Act |
| [ ] 195 Contract Product Liability | Injury   [ ] 380 Other Personal Property Damage | [ ] 740 Railway Labor Act | [ ] 861 HIA (1395ff) | [ ] 490 Cable/Sat TV |
| [ ] 196 Franchise | [ ] 362 Personal Injury - Medical Malpractice   [ ] 385 Property Damage Product Liability | [ ] 751 Family and Medical Leave Act | [ ] 862 Black Lung (923) | [ ] 850 Securities/Commodities/ Exchange |
| | | [ ] 790 Other Labor Litigation | [ ] 863 DIWC/DIWW (405(g)) | [ ] 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights | **Habeas Corpus:** | [ ] 865 RSI (405(g)) | [ ] 893 Environmental Matters |
| [ ] 220 Foreclosure | [ ] 441 Voting | [ ] 463 Alien Detainee | | [ ] 895 Freedom of Information Act |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment | [ ] 510 Motions to Vacate Sentence | **FEDERAL TAX SUITS** | |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations | [ ] 530 General | [x] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 896 Arbitration |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 535 Death Penalty | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | **Other:**   **IMMIGRATION** | | [ ] 950 Constitutionality of State Statutes |
| | [ ] 448 Education | [ ] 540 Mandamus & Other   [ ] 462 Naturalization Application | | |
| | | [ ] 550 Civil Rights   [ ] 465 Other Immigration Actions | | |
| | | [ ] 555 Prison Condition | | |
| | | [ ] 560 Civil Detainee - Conditions of Confinement | | |

## V. ORIGIN   (Place an "X" in One Box Only)

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District (specify)
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
26 U.S.C. § 7422
Brief description of cause:
Refund of money held by the Secretary of Treasury

[ ] AP Docket

## VII. REQUESTED IN COMPLAINT:

[ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $
$109,289,849.00

CHECK YES only if demanded in complaint:
JURY DEMAND:   [ ] Yes   [x] No

## VIII. RELATED CASE(S) IF ANY

(See instructions):
JUDGE _____   DOCKET NUMBER _____

DATE   11/27/2020
SIGNATURE OF ATTORNEY OF RECORD
/s/ Rajiv Madan

FOR OFFICE USE ONLY

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

JS 44 Reverse (Rev. 10/20)

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.(a)    Plaintiffs-Defendants. Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b)    County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c)    Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II.    Jurisdiction. The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; NOTE: federal question actions take precedence over diversity cases.)

III.    Residence (citizenship) of Principal Parties. This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV.    Nature of Suit. Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

V.    Origin. Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7. Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

VI.    Cause of Action. Report the civil statute directly related to the cause of action and give a brief description of the cause. Do not cite jurisdictional statutes unless diversity. Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

VII.    Requested in Complaint. Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII.    Related Cases. This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

Date and Attorney Signature. Date and sign the civil cover sheet.

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

District of Colorado

| | |
|---|---|
| LIBERTY GLOBAL, INC. <br><br> _____ <br> *Plaintiff(s)* <br> v. <br> UNITED STATES OF AMERICA <br><br> _____ <br> *Defendant(s)* | ) ) ) ) ) ) ) ) ) ) ) <br><br> Civil Action No. |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  U.S. Attorney Jason R. Dunn
United States Attorney's Office
District of Colorado
1801 California Street, Suite 1600
Denver, CO 80202

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

Rajiv Madan
Skadden, Arps, Slate, Meagher & Flom LLP
1440 New York Avenue, NW
Washington, DC 20005

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____

_____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❏ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❏ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❏ I returned the summons unexecuted because _____ ; or

❏ Other *(specify):*



My fees are $ _____ for travel and $ _____ for services, for a total of $ ____0.00____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

District of Colorado

| | |
|---|---|
| LIBERTY GLOBAL, INC. | ) |
| | ) |
| | ) |
| | ) |
| _____ | ) |
| *Plaintiff(s)* | ) |
| v. | ) Civil Action No. |
| | ) |
| UNITED STATES OF AMERICA | ) |
| | ) |
| | ) |
| _____ | ) |
| *Defendant(s)* | ) |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*   Mr. William Barr
United States Attorney General
950 Pennyslvania Avenue, NW
Washington, DC 20530-0001

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

Rajiv Madan
Skadden, Arps, Slate, Meagher & Flom LLP
1440 New York Avenue, NW
Washington, DC 20005

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____   _____

*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

&#10067; I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

&#10067; I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

&#10067; I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

&#10067; I returned the summons unexecuted because _____ ; or

&#10067; Other *(specify):*




My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.


Date: _____

_____
*Server's signature*

_____
*Printed name and title*


_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

District of Colorado

| | |
|---|---|
| LIBERTY GLOBAL, INC. | ) |
| | ) |
| | ) |
| | ) |
| _____ | ) |
| *Plaintiff(s)* | ) |
| v. | )   Civil Action No. |
| UNITED STATES OF AMERICA | ) |
| | ) |
| | ) |
| _____ | ) |
| *Defendant(s)* | ) |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  Mr. Michael J. Desmond, Chief Counsel
Internal Revenue Service
1111 Constitution Avenue, NW
3026 IR
Washington, DC 20224

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

Rajiv Madan
Skadden, Arps, Slate, Meagher & Flom LLP
1440 New York Avenue, NW
Washington, DC 20005

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____          _____
                                            *Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❏ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❏ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❏ I returned the summons unexecuted because _____ ; or

❏ Other *(specify):*



My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____                    _____
                                                    *Server's signature*

                                              _____
                                                    *Printed name and title*

                                              _____
                                                    *Server's address*

Additional information regarding attempted service, etc: