SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
1440 NEW YORK AVENUE, N.W.
WASHINGTON, D.C. 20005-2111
——
TEL: (202) 371-7000
FAX: (202) 393-5760
www.skadden.com

FIRM/AFFILIATE OFFICES
----------
BOSTON
CHICAGO
HOUSTON
LOS ANGELES
NEW YORK
PALO ALTO
WILMINGTON
----------
BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MUNICH
PARIS
SÃO PAULO
SEOUL
SHANGHAI
SINGAPORE
TOKYO
TORONTO

DIRECT DIAL
(202) 371-7020
EMAIL ADDRESS
RAJ.MADAN@SKADDEN.COM

December 20, 2022

**VIA ECF**

Senior Judge R. Brooke Jackson
U.S. District Court, District of Colorado
Alfred A. Arraj United States Courthouse
Room A938
901 19th Street
Denver, CO 80294

> RE:  Motion to Dismiss in United States v. Liberty Global,
> Inc., Case No. 1:22-cv-02622-RBJ

Dear Judge Jackson:

Pursuant to the Court's Practice Guidelines, Defendant Liberty Global, Inc.

("LGI") submits this letter describing the motion to dismiss it intends to file in the

above-captioned case. As discussed below, the Plaintiff (the "Government") has

failed to state a claim upon which relief can be granted and the case should be

dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

1

The Government filed its case pursuant to 26 U.S.C. § 7401, which creates a "civil action for the collection or recovery of taxes." Complaint ¶ 1; 26 U.S.C. § 7401. However, the Government has failed to comply with prerequisites for bringing such action, which are mandatory under the Internal Revenue Code. Specifically, Congress has mandated that no "proceeding in court for [the] collection [of any federal income tax] shall be made, begun, or prosecuted until [a notice of deficiency] has been mailed to the taxpayer." 26 U.S.C. § 6213(a) (emphasis added).

No such notice was ever mailed to LGI and the Government does not dispute it. That is fatal to the Government's claim. As the Tenth Circuit has held, "[t]he issuance of a notice of deficiency is a prerequisite to any action by the IRS to 'assess, collect, or reduce to judgment most income tax liabilities.'" *Hance v. Commissioner*, 215 F.3d 1336, at *1 (10th Cir. 2000) (table) (citation omitted). *See also Singleton v. United States*, 128 F.3d 833 (4th Cir. 1997) (holding that assessment and collection of a deficiency is invalid without a notice of deficiency); *Tomlinson v. United States*, 977 F.2d 591 (9th Cir. 1992) (holding same).

"The notice of deficiency is critical." *Williamson v. United States*, 84 F. Supp. 2d 1217, 1220 (D.N.M. 1999), *aff'd*, 215 F.3d 1338 (10th Cir. 2000). It serves a distinct and unambiguous purpose: "to give the taxpayer notice that the Commissioner means to assess a deficiency tax against him and to give him an opportunity to have such ruling reviewed by the Tax Court." *Commissioner v. Stewart*, 186 F.2d 239, 241 (6th Cir. 1951). Upon the mailing of this notice, 26 U.S.C. § 6213(a) grants taxpayers a 90-day period to petition the Tax Court for a redetermination, during which the Government is statutorily barred from pursuing

any collection actions. *See, e.g.*, *Hallmark Rsch. Collective v. Commissioner*, 159 T.C. No. 6, at 22 (2022). Here, by filing this complaint without having issued a notice of deficiency, the Government has violated the established statutory framework for the collection of tax liabilities and denied LGI its statutory right to challenge this deficiency in the Tax Court.

Moreover, any attempt to restart the collection process by issuing a notice of deficiency at this point would be time-barred. The Government had a three-year period in which to complete an assessment for LGI's 2018 tax year pursuant to 26 U.S.C. § 6501(a). This period ended on or before October 15, 2022. As the Government's own Internal Revenue Manual explains, "the IRS is [now] prohibited from taking action . . . the errors cannot be corrected in order to issue a new notice of deficiency and no assessment can be made." I.R.M. 4.8.9.22.4(3) (June 19, 2015); *see also Philadelphia & Reading Corp. v. United States*, 944 F.2d 1063, 1073 (3d Cir. 1991) (holding that an assessment that precedes a notice of deficiency is "forever void and illegal" and an attempt to rectify that void assessment after the close of the statute of limitations would be barred) (citation omitted).

Respectfully,

/s/ Rajiv Madan

**Rajiv Madan**
Skadden, Arps, Slate, Meagher & Flom LLP
1440 New York Avenue, N.W.
Washington, DC 20005
Telephone: (202) 371-7020
E-mail: raj.madan@skadden.com
*Attorney for Defendant Liberty Global, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on December 20, 2022, I served a copy of the foregoing document by filing it with the Court's CM/ECF system, which will send an electronic copy to all counsel of record.

<u>/s/ Rajiv Madan</u>
**Rajiv Madan**
Skadden, Arps, Slate, Meagher & Flom LLP
1440 New York Avenue, N.W.
Washington, DC 20005
Telephone: (202) 371-7020
E-mail: raj.madan@skadden.com
*Attorney for Defendant Liberty Global, Inc.*