

                                              **U.S. Department of Justice**

                                              **Tax Division**
                                              *Please reply to:*   *Civil Trial Section, Western Region*
                                                                                 *P.O. Box 683*
                                                                                 *Washington, D.C. 20044*

Via ECF                                                                                January 11, 2023

Hon. R. Brooke Jackson
Alfred A. Arraj Courthouse
901 19th St.
Denver, CO 80294

        Re:    Response to Liberty Global, Inc.'s ("LGI") proposed motion to dismiss (Dkt. 15)
                  *United States v. Liberty Global, Inc.*, 1:22-cv-02622-RBJ

Dear Judge Jackson,

       This is the second of two pending suits concerning LGI's "Project Soy" transactions. In the first suit, LGI seeks a refund for taxes it paid, but alleges it should not owe if the transactions are respected for tax purposes. In this suit, the United States sues for additional taxes LGI has not yet paid, but would owe if the United States prevails in the first action. LGI seeks to dismiss this suit because the IRS did not issue an administrative notice of deficiency.

       ***Background.***   LGI filed its 2018 tax return on or about October 11, 2019. It reported and paid some tax based on its Project Soy transactions. (Case No. 20-cv-03501, Dkt. 1 at ¶¶ 37-38). It then amended its return and claimed a $2 billion deduction, essentially eliminating any tax on those transactions. The IRS began an audit, but LGI did not provide all information requested; instead it stated that further requests were best handled through refund litigation, noting its "right to terminate the administrative process by immediately filing a lawsuit." (Ex. 1). It then sued.

       In the first suit, LGI requested and obtained a stay of most discovery and filed a motion for partial summary judgment, despite the United States' concern that the stay could leave insufficient time to determine LGI's correct tax liabilities before the expiration of the general three-year limitations period for assessing taxes (or instituting suit without an assessment). (Case No. 20-cv-03501, Dkt. 31 at 10, 35-39). That three-year period would expire in October 2022. 26 U.S.C. § 6501(a).[1] To resolve the concern, LGI represented that it would agree to extend the

---

[1] The United States brought this suit within three years of when LGI filed its 2018 tax return, making it timely under the shortest possible limitations period. A six-year period may apply in

- 2 -

statute through the trial date (*id*. at 40) which, at the time, was set for October 31, 2022:

> THE COURT:  … Mr. Madan [LGI's counsel] has indicated that he sees no statute of limitations issue, so at a bare minimum if it were even necessary he would toll the running of the statute of limitations through the week of October 31st, correct, Mr. Madan?
>
> MR. MADAN:  That's correct, Your Honor.

Such agreements are common. Yet during discussions in September and October 2022, LGI reversed course and declined to sign an extension. The United States filed the instant suit on October 7, 2022, within the general three-year period of limitations for LGI's 2018 tax year, asking this Court to determine LGI's correct tax liability and direct that LGI pay it.

   ***Discussion.*** The United States properly filed this proceeding as authorized by statute and pursuant to the government's longstanding right to sue for unpaid taxes. *See* 26 U.S.C. § 6501(a) ("no proceeding in court without assessment for the collection of such tax shall be begun after the expiration of such [three-year] period."); *see also Damsky v. Zavatt*, 289 F.2d 46, 50-52 (2d Cir. 1961) (explaining that historically "the [g]overnment's power to sue in debt for [] tax itself seldom arose" but "the power was upheld" when that issue did arise). Under Internal Revenue Code § 6203, an assessment is the administrative recording of a tax. But a tax liability arises because of laws passed by Congress, not through the administrative process. Section 6151(a) provides that tax debts arise as they come due, whether or not the IRS took any administrative action. *See United States v. Wade*, 2017 WL 4402428, at *3 (D. Utah Oct. 2, 2017), *aff'd on other grounds*, 790 F. App'x 906 (10th Cir. 2019); *see also United States v. Sarubin*, 507 F.3d 811, 815 (4th Cir. 2007) (contrasting administrative collections with right to sue on a debt); *Clark v. United States*, 63 F.3d 83, 84 n.1 (1st Cir. 1995) (acknowledging right to sue "without assessment"). Finally, § 7402 gives courts broad powers to enforce the tax laws, which include §§ 6151 and 6501. The administrative process – e.g., sending a deficiency notice and making an assessment – is important if the IRS wishes to collect administratively, but an assessment is not a prerequisite for liability. *See In re Goldston*, 104 F.3d 1198, 1200-01 (10th Cir. 1997).

   LGI's letter focuses on the administrative process. In particular, LGI notes that the IRS did not issue an administrative notice of deficiency. It cites § 6213, titled "Restrictions applicable to deficiencies; Petition to Tax Court." That section is central to resolving disputes in the Tax

---

certain situations, such as where a claimed deduction concerns a constructive dividend. 26 U.S.C. § 6501(e)(1)(C). Since this suit and the related refund suit both involve tax effects of the Project Soy transactions, the Court may prefer to hold this case in abeyance and defer ruling on any motion to dismiss until after it resolves the substantive tax questions in the refund suit. If LGI is correct on the merits of Project Soy, the second suit may become unnecessary, without regard to the timing or procedure for bringing it.

Court, an Article I court. The Tax Court is a pre-payment forum for taxpayers to contest the IRS's administrative determination of a tax liability, *i.e.*, what the Tax Court has called the "deficiency assessment regime." *Hallmark Research Collective v. Comm'r*, 159 T.C. No. 6 at 21 (2022). As relevant here, § 6213(a) provides that "no assessment of a deficiency in respect of any tax imposed by subtitle A … and no levy or proceeding in court for its collection shall be made, begun, or prosecuted until such notice has been mailed to the taxpayer[.]" LGI says that this means that the government cannot collect "any federal income tax" without an administrative deficiency notice. (Dkt. 15 at 2). But the government has not made any deficiency assessment. Instead, it exercised its right to sue in district court. *See Sarubin*, 507 F.3d at 815 (discussing the two alternatives); *Hallmark*, 2022 WL 17261546, at *5 n.6 (observing that the deficiency process is inapplicable to suits for unassessed liabilities). The deficiency notice is important for administrative proceedings, because once an assessment is final, the IRS can begin administrative collections (like levies), and the taxpayer must generally pay the tax in full to challenge the debt in an Article III court under § 7422. But if the government sues on an unassessed debt in district court, the complaint itself gives notice of the liability. *See, e.g., Sarubin*, 507 F.3d at 815 (concerning unassessed interest).

       To be sure, the administrative process provides significant benefits to the government, including a ten-year period to collect assessed taxes by levy or other administrative means. *See* 26 U.S.C. §§ 6331; 6502(a). But the fact pattern here – LGI's strategic choice to bypass the administrative process – is atypical, and would appear to arise only in a very narrow set of tax disputes, and only by the taxpayer's design. None of the authorities the United States cited above address this precise situation – though they lay out the general principles the Court should apply. The situation arises because tax litigators have been developing strategies to bypass the administrative process for taxpayers that, like LGI, can afford to pay the tax, and litigate in what is usually a post-payment forum, the district court. *See Skadden Insights: Challenging Tax Cuts and Jobs Act Regulations and IRS Guidance* (1/21/2020) ("[T]axpayers may consider options to accelerate their dispute … rather than waiting for the IRS to complete its audit…") (Ex. 2). Here, LGI terminated its voluntary participation in the administrative process without waiting for a deficiency notice, and chose to go to district court. LGI now complains that it did not receive an administrative notice, but that does not deprive it of a prepayment right to contest the additional amount the United States alleges. At all events, this is a situation of LGI's own making.

                                                Sincerely,

                                                DAVID A. HUBBERT
                                                Deputy Assistant Attorney General

                                                */s/ E. Carmen Ramirez*
                                                THOMAS J. SAWYER
                                                E. CARMEN RAMIREZ
                                                ISAAC M. HOENIG

*The above-signed counsel certifies service via ECF on all parties of record.*