IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cv-03501-RBJ

Liberty Global, Inc.

> Plaintiff,

v.

United States of America

> Defendant.

---

## SCHEDULING ORDER

---

## 1.  DATE OF CONFERENCE AND APPEARANCES OF COUNSEL

The Court has not set a scheduling conference in this case.  The parties do not believe that any scheduling conference is necessary at this time.

**On Behalf of Liberty Global, Inc. ("Plaintiff")**:

- Raj Madan – Skadden, Arps, Slate, Meagher & Flom LLP; 1440 New York Ave. NW, Washington, DC 20005; (202) 371-7020

- Gregory S. Tamkin – Dorsey & Whitney LLP, 1400 Wewatta Street, Suite 400, Denver, CO 80202; (303) 629-3400

- Jessie K. Liu – Skadden, Arps, Slate, Meagher & Flom LLP; 1440 New York Ave. NW, Washington, DC 20005; (202) 371-7340

1

- Christopher Bowers – Skadden, Arps, Slate, Meagher & Flom LLP; 1440 New York Ave. NW, Washington, DC 20005; (202) 371-7060

**On Behalf of the United States of America ("Defendant"):**

- Thomas J. Sawyer – U.S. Department of Justice, Tax Division, P.O. Box 683, Ben Franklin Station, Washington, DC 20044; (202) 514-8129

- Jennifer Y. Golden – U.S. Department of Justice, Tax Division, P.O. Box 683, Ben Franklin Station, Washington, DC 20044; (202) 307-6547

## 2. STATEMENT OF JURISDICTION

This is an action for the recovery of federal income taxes.  This Court has jurisdiction to hear the case under 26 U.S.C. § 7422 and 28 U.S.C. § 1346(a)(1).

## 3. STATEMENT OF CLAIMS AND DEFENSES

**a.**    **Plaintiff:** Plaintiff is seeking a refund of federal income taxes paid with respect to its 2018 tax year.  Plaintiff's request for a tax refund stems from the disallowance of a deduction under 26 U.S.C. § 245A.  That section, enacted as part of 2017's federal tax reform (i.e., the Tax Cut and Jobs Act or "TCJA"), allows a deduction for dividends received by U.S. taxpayers from certain foreign corporations. Plaintiff was deemed to receive a dividend from a qualifying foreign corporation because of a transaction on December 28, 2018 (the "TGH Transaction").  Therefore, Plaintiff claims it is entitled to a deduction under 26 U.S.C. § 245A.  Defendant, however, has denied that deduction on the basis of temporary regulations issued by the U.S. Department of Treasury in June 2019 (the "Section 245A Temporary

2

Regulations").  Although issued nearly 6 months after the TGH Transaction, the regulations purport to apply retroactively to Plaintiff and the TGH Transaction to disallow a deduction under 26 U.S.C. § 245A.  The Section 245A Temporary Regulations are invalid for several reasons and therefore cannot be applied to deny Plaintiff's claimed deduction.

Plaintiff also is seeking a refund of civil tax penalties and interest erroneously assessed and collected by Defendant.  Plaintiff is not liable for these penalties and interest if it prevails on its claim that the regulations were invalid.  The penalties and interest assessed and collected by Defendant were imposed because Plaintiff failed to make full payment by <u>April 15, 2019</u>, of the taxes it purportedly owed pursuant to the Section 245A Temporary Regulations— temporary regulations that were not published until <u>June 2019</u>.  Plaintiff could not have made payments in April 2019 for taxes purportedly owed under temporary regulations published two months later, and Defendant cannot impose penalties and interest on the basis of Plaintiff's failure to anticipate Defendant's new, retroactive regulations.

**b.**    **Defendant:** Liberty Global plc is a United Kingdom company, and it is the parent company of Liberty Global, Inc. ("LGI"), which is the plaintiff/taxpayer in this case.  LGI and its affiliates file a consolidated return for U.S. tax purposes.  The Liberty Global group of companies engaged in a complex series of transactions surrounding a Belgian publicly traded company, Telenet Group Holding, of which they are the majority shareholder.  As a result of the transactions, LGI claims that it is entitled to a $2 billion dividends received deduction pursuant to the international tax provisions of Internal Revenue Code, as it was amended in 2017 under the Tax Cuts and Jobs Act (TCJA).

The deduction itself originates with 26 U.S.C. § 245A, a new provision under the TCJA, but multiple provisions of the Internal Revenue Code determine whether a given taxpayer is entitled to the deduction.

LGI describes the IRS as having denied its dividends received deduction, but LGI brought this suit before the IRS had completed its examination of the transactions, and thus the IRS never formally denied any deductions.  Treasury did, however, promulgate regulations under § 245A that LGI acknowledges, if valid, would require the Court to reject LGI's claimed deduction.  LGI brought this suit for the primary purpose of challenging the validity of those regulations.  (*See* Doc. 1 at ¶ 11.)  The regulations complied with 26 U.S.C. § 7805, which sets forth the general requirements for issuing Treasury regulations.  The regulations are also valid against the various challenges asserted by LGI, including under the Administrative Procedure Act, the Due Process Clause of the Fifth Amendment, and the judicial authority cited in the Complaint.

But there is more to this case than the validity of Treasury regulations.  The United States described in its answer (*see* Doc. 18 at ¶¶ 3, 23) that the IRS never completed its examination of LGI's 2018 tax year and thus made no final determination what LGI's 2018 federal income tax liability should be.  In continuing the examination of LGI, the United States will consider whether the tax benefits claimed from the 2018 Telenet transactions should be disallowed on other grounds.  And even if LGI were to prevail on the question of regulation validity, the United States also needs to complete the examination to determine what the correct amount of such a deduction would be, and if there are any offsets from other aspects of LGI's return that would impact its

claimed refund.  Moreover, LGI also challenges the imposition of interest and additions to tax that are automatically imposed for late payments.  LGI contends that these assessments are inappropriate not only if it prevails on the validity of the regulation (*see* Complaint, Doc. 1, at ¶¶ 51, 53), but because it had reasonable cause (*id.* ¶ 52) and because to impose such amounts would violate the Due Process Clause of the Fifth Amendment (*id.* at ¶ 54).  Those issues too present both legal and factual questions.

      **c.**    **Other Parties:** N/A

## 4.  UNDISPUTED FACTS

The following facts are undisputed:

1. Plaintiff is a corporation organized under the laws of the State of Delaware with a principal place of business at 1550 Wewatta Street, Suite 1000, Denver, Colorado 80202.

2. Plaintiff is wholly owned by Liberty Global plc ("Liberty Global"), a U.K. public limited company.

3. Plaintiff is the common parent of an affiliated group of corporations, as defined by 26 U.S.C. § 1504(a)(1).  Plaintiff's consolidated group uses a calendar year as its taxable year for U.S. federal income tax purposes.

4. On December 28, 2018, an affiliate of Plaintiff transferred its interest in a publicly-traded Belgian telecommunications company, Telenet Group Holding NV ("TGH"), to Plaintiff's parent, Liberty Global.

5.  In June 2019, the United States Department of the Treasury issued temporary regulations that purported to apply retroactively to disallow deductions under 26 U.S.C. § 245A for certain transactions occurring after December 31, 2017 (the "Temporary Regulations").

6.  The Temporary Regulations were issued without prior notice and comment.

7.  LGI timely filed its original 2018 U.S. corporate income tax return on October 11, 2019 (the "2018 Original Return").

8.  LGI has made full payment of all U.S. federal income tax liabilities that the government has assessed for LGI's 2018 Tax Year.

9.  On or around November 25, 2019, the IRS assessed additions to tax under 26 U.S.C. § 6651 and interest under 26 U.S.C. § 6601 related to LGI's 2018 Tax Year (the "November 2019 Assessment").

10. LGI paid its purported liability under the November 2019 Assessment on December 23, 2019.

11. On December 23, 2019, Plaintiff filed an amended 2018 tax return seeking a refund of taxes paid (the "Refund Claim").

12. Plaintiff waited more than six months after the filing of the Refund Claim to file this lawsuit, as required by 26 U.S.C. § 6532(a)(1).

13. Plaintiff has complied with the statutory prerequisites for invoking this Court's subject matter jurisdiction to hear a refund suit.

## 5.  COMPUTATION OF DAMAGES

Plaintiff contends that it is entitled to the following:

6

- A refund of U.S. federal income taxes for its 2018 tax year in the amount of $104,487,874.  Plaintiff's computation of that refund is based on its amended 2018 tax return filed with the Internal Revenue Service ("IRS") on December 23, 2019.

- A refund of $2,175,147 in penalties and $2,627,128 in interest related to its 2018 tax year.  Plaintiff's computations of those refunds is based on the amounts assessed by the IRS in assessments issued in November 2019 and September 2020.

Defendant, the United States, contends that Plaintiff is not entitled to the refund sought. Plaintiff's computations do not consist of damages, but rather, federal income tax liabilities that Plaintiff believes it overpaid.  Under 26 U.S.C. § 7422(e), the United States has the right to file a permissive counterclaim if it determines Plaintiff has a deficiency in income tax beyond what it has already paid, and Plaintiff does not petition the Tax Court for redetermination of such deficiency.  (*See* Answer, Doc. 18, at ¶ 3.)  The United States needs additional discovery, as explained in the Answer (*id.* at ¶¶ 3, 23), before it can determine whether to raise such a counterclaim and what amount the counterclaim would be.

## 6.  REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED. R. CIV. P. 26(f)

### a.  Date of Rule 26(f) meeting.

The parties met for their Rule 26(f) conference on March 9, 2021.  Since that initial meeting, the parties have had several additional discussions regarding the schedule in this case and this proposed scheduling order.

### b.  Names of each participant and party he/she represented.

*On Behalf of Plaintiff, Liberty Global, Inc.:*

- Raj Madan

- Jessie K. Liu

- Nathan Wacker

  *On Behalf of Defendant, United States of America:*

- Thomas J. Sawyer

- Jennifer Y. Golden

**c. Statement as to when Rule 26(a)(1) disclosures were made or will be made.**

The parties agree to make any required Rule 26(a)(1) disclosures on or before

April 16, 2021.  Plaintiff anticipates that the documents that it produces with its Rule

26(a)(1) disclosures will be limited, as the bulk of all relevant documents were already

provided during the IRS's audit of Plaintiff's tax return and refund claim.  Defendant's

counsel has agreed that any documents previously provided to the IRS do not need to

be produced again in this litigation.

Defendant will also provide a copy of the administrative record related to the

Section 245A Temporary Regulations, 26 C.F.R. § 1.245A-5T, on or before April 16,

2021.  Defendant disagrees that Plaintiff has already produced the bulk of all relevant

documents to the IRS, as explained in the Answer (Doc. 18 at ¶¶ 3, 23).

The parties have agreed to the procedures specified below in Part 8(e) regarding

the citation and use of the administrative record in support of any dispositive motion or

opposition thereto.

**d. Proposed changes, if any, in timing or requirement of disclosures under Fed. R. Civ. P. 26(a)(1).**

See above.

**e.   Statement concerning any agreements to conduct informal discovery:**

The parties will conduct informal discovery as relevant and as useful to minimize costs.

**f.   Statement concerning any other agreements or procedures to reduce discovery and other litigation costs, including the use of a unified exhibit numbering system.**

The parties will collaborate to reduce discovery and litigation costs as appropriate in this case.  The parties agree to conduct discovery through remote means while the COVID-19 pandemic persists.  In addition, the parties agree to use a unified exhibit numbering system in this case.  Further, the parties consent to electronic service of all discovery requests and responses, disclosures, motions, pleadings, and other documents relevant to this case.  *See* Fed. R. Civ. P. 5(b)(2)(E).

**g.   Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form.**

The parties anticipate that much of the discovery in this case will involve electronically stored information (ESI).  Defendant has provided Plaintiff with a proposed protocol for preserving and producing ESI.  Plaintiff is reviewing Defendant's proposed protocol, and the parties anticipate they will be able to reach agreement on such a protocol.

All counsel have informed their respective parties and known records custodians of their obligations to preserve potentially discoverable material, including ESI.  The parties agree that no collection of ESI is needed at present.  It is sufficient that counsel have issued litigation hold notices to the parties and known records custodians.  Should ESI collection become necessary in the future, the parties agree to confer about the

scope and timing of collection, including any search terms to be used to identify relevant ESI.  The parties will strive to make any ESI collection reasonable and proportional to the needs of the case.  *See* Fed. R. Civ. P. 26(b)(1), (b)(2)(B).

       **h.**     **Statement summarizing the parties' discussions regarding the possibilities for promptly settling or resolving the case.**

The parties discussed the possibility of resolving this case.  Because Plaintiff is challenging the validity of temporary regulations issued by the U.S. Department of the Treasury, a settlement is highly unlikely at this time.

## 7.
## CONSENT

As previously indicated, at least one party has not consented to the exercise of jurisdiction of a magistrate judge.

## 8. DISCOVERY
## LIMITATIONS

The parties have had extensive discussions regarding the scope of discovery and limitations in this case, which were points of disagreement between the parties leading to the submission of this document.  LGI believes that it has already provided relevant documents to the IRS during the examination and will make good faith efforts to help facilitate international discovery in in this case.  The United States, in turn, believes that LGI has not provided all relevant documents to the United States and that additional time will be needed to conduct international discovery, noting the international scope of this case.  It is also concerned that once information is obtained, the IRS needs additional time to complete its examination of the transactions.

Both parties recognize that the Court would benefit from more certainty about the need

for discovery before setting a schedule for this case.  The parties therefore propose an initial three-month discovery period, ending June 30, 2021, before the entry of a full scheduling order and discovery plan.  To the extent the parties have any discovery disputes during this initial period that cannot be resolved, they anticipate that the Court could resolve such disputes in an informal telephone hearing without any need for formal discovery motions.  At the end of this proposed three-month period, the parties hope to agree on a proposed schedule.  The parties will confer throughout the initial discovery period.  At the end of that period, the parties will submit a status report to the Court no later than July 9, 2021, indicating the parties' positions on how much additional discovery is needed.

> **a.    Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the Federal Rules.**

The parties do not request any changes to the presumptive numbers of depositions or interrogatories at this time, but will address any disagreements in their proposed July 9, 2021, status report.  Should a party believe additional depositions or interrogatories are needed during the proposed initial discovery period, the parties will confer, and if unable to reach agreement, request an informal telephone hearing or seek leave of Court.

> **b.    Limitations which any party proposes on the length of depositions.**

The parties agree that any depositions will generally be limited to seven hours. Should a party believe additional time is needed for any deposition, the parties will attempt to reach agreement on the appropriate time.  The parties anticipate they will be able to resolve disputes over the length for depositions, and if not, that such disputes could likely be resolved in an informal telephone hearing with the Court without any need for formal

11

discovery motions.

**c.      Limitations which any party proposes on the number of requests for production and/or requests for admission.**

The parties do not believe any limitation on the numbers of requests for production and/or requests for admission is necessary at this time, although this issue may need to be revisited after the initial 90-day discovery period.  In the interim, the parties agree to make a reasonable number of requests, proportional to their needs for discovery.  The parties anticipate they will be able to resolve disputes over the scope of such requests, and if not, that such disputes could likely be resolved in an informal telephone hearing with the Court without any need for formal discovery motions.

**d.      Deadline for service of Interrogatories, Requests for Production of Documents and/or Admissions:**

The parties will propose a deadline for the completion of discovery, and for related deadlines such as the deadlines for service of discovery requests, in their July 9, 2021, status report.  The status report will address any remaining disagreements.

**e.      Other Planning or Discovery Orders**

Defendant will file a certified list of the contents of the administrative record for the Section 245A Temporary Regulations, 26 C.F.R. § 1.245A-5T, with the Court on or before April 16, 2021.  Thereafter, counsel for both parties shall provide the Court with an appendix containing copies of those portions of the administrative record that are cited or otherwise relied upon in support of any dispositive motion or any opposition thereto.  Counsel shall not burden the appendix with excess material from the administrative record that does not relate to the issues raised in the motion or

opposition.  Unless so requested by the Court, the entire administrative record shall not be filed with the Court.

The appendix shall be prepared jointly by the parties and filed within 14 days following the final brief on the subject motion.  The parties are encouraged to agree on the contents of the appendix, which shall be filed by Plaintiff.  In the absence of an agreement, Plaintiff must serve on all other parties an initial designation and provide all other parties the opportunity to designate additional portions of the administrative record.  Plaintiff shall include all parts of the record designated by all parties in the appendix.  In appropriate cases, the parties may request the option to submit separate appendices to be filed with any brief in support of, or in opposition to, the dispositive motion.[1]

## 9.  CASE PLAN AND SCHEDULE

### a.    Deadline for Joinder of Parties and Amendment of Pleadings:

The parties agree that joinder of additional parties will not be needed.  The deadline for joinder can be set at 45 days after the scheduling conference or such later date as the Court finds appropriate.

The parties further agree that the pleadings may be amended up to 30 days after the close of discovery.  The parties will address any remaining disagreements in their July 9, 2021 status report.  The United States also notes its right to bring a permissive counterclaim under 26 U.S.C. § 7422(e) (*see* Part 5 above; Doc. 18 at

---

[1] This Court's local rules do not directly address cases that will involve motions relating to judicial review of administrative agency actions, such as the regulations at issue.  In general, the parties suggest an approach like that found in Local Rule 7(n) for the U.S. District Court for the District of Columbia.

¶ 3), which may fall beyond the deadline for amendment of pleadings.

**b.   Discovery Cut-off:**

The parties will propose a deadline for the completion of discovery, and for related deadlines such as the deadlines for service of discovery requests, in their July 9, 2021, status report.

**c.   Dispositive Motion Deadline:**

The parties will propose a deadline for dispositive motions in their July 9, 2021, status report.

**d.   Expert Witness Disclosure**

The parties will propose a deadline for expert witness disclosures in their July 9, 2021, status report.

**e.   Identification of Persons to Be Deposed:**

The parties are currently evaluating which witnesses will be deposed, and they will provide a list of anticipated depositions in their July 9, 2021, status report.

## 10.  DATES FOR FURTHER CONFERENCES

**a.  Status conferences will be held in this case at the following dates and times:**

_____.

As discussed above, the parties will submit a joint status report on July 9, 2021, regarding the status of discovery and other issues in this case.  At that time, the parties may request a status conference.

**b.  A final pretrial conference will be held in this case on _____ at o'clock _____ m.  A Final Pretrial Order shall be prepared by the parties and submitted to the court no later than seven (7) days before the final pretrial conference.**

The parties request that the Court defer setting a final pretrial conference at this time. It is unclear how long discovery will ultimately be, as the parties have agreed only to an initial 90-day period. At the end of that period, the parties will evaluate their remaining discovery needs. The parties will present a full case plan and schedule, and note any remaining areas of disagreement, in their July 9, 2021, status report.

### 11. OTHER SCHEDULING MATTERS

**a. Identify those discovery or scheduling issues, if any, on which counsel after a good faith effort, were unable to reach an agreement.**

The parties have agreed on the proposed initial 90-day discovery period. The parties have not yet agreed on how much additional discovery will be needed thereafter, but they will work in good faith to reach such an agreement by July 9, 2021. Part 8, above, summarizes the issues on which the parties are presently unable to reach agreement and why the parties propose an initial 90-day discovery period, ending June 30, 2021, followed by a status report on July 9, 2021.

**b. Anticipated length of trial and whether trial is to the court or jury**

The parties agree that any trial in this case will be a bench trial.

Defendant anticipates that a trial in this case, if any, will last for one week. Plaintiff anticipates that all issues in this case may be determined as a matter of law based on an undisputed factual record and, therefore, currently has no position regarding the length of any trial.

If necessary, the parties will provide the Court with updated positions regarding the need for and length of any trial in this case as part of their July 9, 2021, status report.

15

**c.** **Identify pretrial proceedings, if any, that the parties believe may be more efficiently or economically conducted in the District Court's facilities at 212 N. Wahsatch Street, Colorado Springs, Colorado 80903-3476; Wayne Aspinall U.S. Courthouse/Federal Building, 402 Rood Avenue, Grand Junction, Colorado 81501-2520; or the U.S. Courthouse/Federal Building, , La Plata County Courthouse 1060 E. 2nd Avenue, Suite 150, Durango, Colorado 81301.**

Not Applicable.

## 12.  NOTICE TO COUNSEL AND PRO SE PARTIES

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1(c) by serving the motion contemporaneously upon the moving attorney's client.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1(a).

Counsel and unrepresented parties are reminded that any change of contact information must be reported and filed with the Court pursuant to the applicable local rule.

## 13.  AMENDMENTS TO SCHEDULING ORDER

This scheduling order may be altered or amended only upon a showing of

good cause.

DATED at Denver, Colorado, this _____ day of _____, 20___.

BY THE COURT:

_____
R. Brooke Jackson
United States District Judge

APPROVED:

/s/ Rajiv Madan
_____
Rajiv Madan
Jessie K. Liu
Christopher P. Bowers
Skadden, Arps, Slate, Meagher & Flom LLP
1440 New York Avenue, N.W.
Washington, DC 20005
(202) 371-7020 (Madan)
(202) 371-7340 (Liu)
(202) 371-7060 (Bowers)
Raj.Madan@skadden.com
Jessie.Liu@skadden.com
Chris.Bowers@skadden.com
*Attorneys for Plaintiff Liberty Global, Inc.*

Gregory S. Tamkin tamkin.greg@dorsey.com
Dorsey & Whitney LLP
1400 Wewatta Street, Suite 400
Denver, CO 80202-5549
*Attorney for Plaintiff Liberty Global, Inc.*

DAVID A. HUBBERT
Acting Assistant Attorney General

/s/ Thomas J. Sawyer
_____
THOMAS J. SAWYER
Senior Litigation Counsel
JENNIFER Y. GOLDEN
Trial Attorney
U.S. Department of Justice, Tax Division
P.O. Box 683, Ben Franklin Station
Washington, D.C. 20044
Tel: (202) 514-8129 (Sawyer)
      (202) 307-6547 (Golden)
Fax: (202) 307-0054
Thomas.J.Sawyer@usdoj.gov
Jennifer.Y.Golden@usdoj.gov
*Attorneys for the United States of America*

## CERTIFICATE OF SERVICE

I hereby certify that on this 31st day of March 2021, I electronically filed the

foregoing with the Clerk of the Court using the CM/ECF system which will send

notification of such filing to the following email addresses:

Jessie K. Liu
Christopher P. Bowers
Skadden, Arps, Slate, Meagher & Flom LLP
1440 New York Avenue, N.W.
Washington, DC 20005
E-mail: jessie.liu@skadden.com
E-mail: chris.bowers@skadden.com
*Attorney for Plaintiff Liberty Global, Inc.*

Gregory S. Tamkin
Dorsey & Whitney LLP
1400 Wewatta Street, Suite 4010
Denver, CO 80202-5549
E-mail: Tamkin.greg@dorsey.com
*Attorney for Plaintiff Liberty Global, Inc.*

Thomas J. Sawyer
Jennifer Yu Golden
U.S. Department of Justice
P.O. Box 683, Ben Franklin Station
Washington, DC 20044
E-mail: Thomas.J.Sawyer@usdoj.gov
E-mail: jennifer.y.golden@usdoj.gov
*Attorneys for the United States of America*

/s/ Rajiv Madan
**Rajiv Madan**
Skadden, Arps, Slate, Meagher & Flom LLP
1440 New York Avenue, N.W.
Washington, DC 20005
Telephone: (202) 371-7020
E-mail: raj.madan@skadden.com
*Attorney for Plaintiff Liberty Global, Inc.*