**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 22-cv-02622-RBJ-STV

UNITED STATES OF AMERICA,

 Plaintiff,

v.

LIBERTY GLOBAL, INC.,

 Defendant.

## MOTION TO DISMISS

 The complaint filed by Plaintiff (the "Government") must be dismissed because the Government failed to comply with the statutory prerequisites necessary to bring its lawsuit. This case is a "civil action for the collection or recovery of taxes" from Defendant ("LGI"). 26 U.S.C. § 7401; Complaint at 1 ("This action is commenced under 26 U.S.C. § 7401 . . . ."). However, the Government has failed to comply with a fundamental, statutory prerequisite for bringing a civil action for the collection of taxes. Before bringing this action, the Government was required to mail to LGI a "notice of deficiency." On this point, the Internal Revenue Code is unambiguous: "no assessment of a deficiency in respect of any [federal income tax] . . . and no levy <u>or proceeding in court for its collection</u> shall be made, begun, or prosecuted until [a notice of deficiency] has been mailed to the taxpayer." 26 U.S.C. § 6213(a) (emphasis added). Congress reinforced this requirement in 26 U.S.C. § 7422(e), which specifically contemplates that the

Government will mail a notice of deficiency to the taxpayer where, as here, a case is ongoing in federal district court.

The Government has admitted that it failed to send LGI the notice of deficiency mandated by Congress. By failing to issue a notice of deficiency, the Government was unable to either: (1) assess the taxes at issue—a prerequisite for tax collections or (2) file a suit for the collection of taxes. For both reasons, this lawsuit must be dismissed.

The Government has not cited any case that holds its failure to mail a notice of deficiency to LGI can be remedied by filing a lawsuit in Court. Instead, the Government's January 11, 2023 letter to the Court cites authorities that address a separate form of notice—a "notice of assessment" under 26 U.S.C. § 6303—which is not at issue in this case. There are significant distinctions between a notice of deficiency and a notice of assessment. A notice of deficiency is issued before taxes are assessed. A notice of assessment is issued <u>after</u> an assessment. These notices are issued for different reasons, serve different purposes, and are governed by different statutes.

Most importantly, courts have unanimously recognized that Congress established a mandatory rule in 26 U.S.C. § 6213(a) that the IRS must issue a notice of deficiency <u>before</u> additional taxes may be assessed and collected from a taxpayer. Indeed, the Government appears to acknowledge that the notice of assessment cases to which it cites do not address the issues raised by LGI in this Motion, noting that "[n]one of the authorities the United States cited . . . address this precise situation." Dkt. No. 19, at 3. That is an understatement. The authorities addressing a "notice of assessment" are irrelevant and confuse the issue. Thus, while LGI is mindful of the Court's January 16, 2023 Order, it respectfully files this motion to dismiss.

## CASE BACKGROUND

This case is related to LGI's pending case against the Government for a refund of taxes. In November 2020, LGI filed a lawsuit seeking a refund of taxes for its 2018 tax year. In the lawsuit filed October 2022, the Government is seeking to collect an alleged tax deficiency from LGI for 2018. Both cases relate to the tax consequences of the same 2018 transaction undertaken by LGI. However, the two cases are procedurally distinct, as evidenced by the fact that the Government initiated a separate action.

In a refund litigation—like LGI's initial lawsuit—a taxpayer has already fully paid the taxes at issue and is suing to <u>recover</u> those taxes. The taxpayer either is awarded the refund or is not—<u>additional</u> amounts of tax are not at issue. In contrast, if the Government seeks to establish that a taxpayer has a tax deficiency for a given year, the Internal Revenue Code contains mandatory procedures that must be satisfied that are described below, and which the Government failed to follow.

## A NOTICE OF DEFICIENCY IS REQUIRED BEFORE ALL COLLECTION ACTIONS

All applicable authorities, including the operative statute and Tenth Circuit precedent, are unequivocal: the Government must issue a notice of deficiency before pursuing any action to collect taxes. In the words of the Tenth Circuit, "[t]he issuance of a notice of deficiency is a prerequisite to <u>any action</u> by the IRS to assess, collect, or reduce to judgment most income tax liabilities." *Hance v. Commissioner*, 215 F.3d 1336, at *1 (10th Cir. 2000) (Table) (citation omitted) (emphasis added). As detailed below, LGI's position in this Motion is also supported by

3

every other court that has addressed the issue. Before explaining these authorities, we provide some background regarding the tax code's assessment and collection procedures.

It is hornbook law that: "No tax may be collected by the [IRS] until after [the tax] has been assessed." Kafka & Cavanaugh, section 3.01; *Edwards v. Commissioner*, 791 F.3d 1, 4 n.3 (D.C. Cir. 2015) ("If the IRS fails properly to assess the tax, the taxpayer is not obligated to pay the tax."). An assessment is the official procedure by which the IRS records a taxpayer's tax liability for a tax year. *See* 26 U.S.C. § 6203; 26 C.F.R. § 301.6203-1. This is generally completed by recording the alleged tax liability in the IRS's computer records. *See Goodman v. United States*, 185 Fed. App'x 725, 727 (10th Cir. 2006). Once an assessment has been recorded, the IRS may then pursue collection of the tax liability.

An assessment can be made in one of three ways. First, the IRS can "summarily assess" taxes self-reported on a tax return without restriction. 26 U.S.C. § 6201(a)(1). Second, the IRS can also assess with agreement of a taxpayer. 26 U.S.C. § 6213(d) (allowing the taxpayer to agree to waive "restrictions on assessment"). Third, when a taxpayer disputes that it owes more taxes, the IRS can assess additional taxes <u>but only after issuing a notice of deficiency</u>. This last method of assessment is the method relevant to this case, and the requirements for assessing disputed taxes are set forth in 26 U.S.C. § 6213(a) which provides:

> no assessment of a deficiency in respect of any tax imposed by subtitle A, or B, chapter 41, 42, 43, or 44 and no levy or proceeding in court for its collection shall be made, begun, or prosecuted until such notice has been mailed to the taxpayer, nor until the expiration of such 90-day or 150-day period, as the case may be, nor, if a petition has been filed with the Tax Court, until the decision of the Tax Court has become final.

Thus, in the tax collection process, "[t]he notice of deficiency is critical." *Williamson v. United States*, 84 F. Supp. 2d 1217, 1220 (D.N.M. 1999), *aff'd*, 215 F.3d 1338 (10th Cir. 2000). In order

4

to assess the taxes at issue in this case, the Government was required to issue a notice of deficiency. Because it failed to issue a notice of deficiency and failed to assess the taxes, the Government is barred from collecting this additional tax liability.

## A NOTICE OF DEFICIENCY IS MANDATORY BEFORE ANY LAWSUIT TO COLLECT TAXES

In its letter to the Court, the Government argues that the requirement to issue a notice of deficiency applies only to the "administrative process" and is irrelevant when the Government "exercises its right to sue in district court" to collect an alleged tax deficiency. Dkt. No. 19, at 3. But the Government's argument is incorrect for four reasons.

First, Congress has required by statute that the issuance of a notice of deficiency is a prerequisite to any attempt by the Government to collect unpaid taxes, including when the Government exercises its right to pursue judicial collection actions. As the controlling statue states, "no levy <u>or proceeding in court</u> for [the collection of a tax deficiency] shall be made, begun or prosecuted <u>until such notice has been mailed to the taxpayer</u>." 26 U.S.C. 6213(a) (emphasis added).

Second, the Internal Revenue Code reinforces this requirement in another section directed at the exact circumstances of this case. Specifically, 26 U.S.C. § 7422(e) establishes the procedure to be undertaken where, as here, the Government asserts that a taxpayer is liable for a tax deficiency after a refund suit for the same year is pending. Notably, in that circumstance, 26 U.S.C. § 7422(e) contemplates the issuance of a statutory notice of deficiency, which allows the taxpayer to petition the United States Tax Court. In that situation, two courts—Tax Court and federal district court—would have concurrent jurisdiction over the same tax year. 26 U.S.C. §

5

7422(e) explains the circumstances in which the Tax Court would have jurisdiction and the circumstances in which the district court would retain jurisdiction. When the Government failed to issue a notice of deficiency, the Government took away LGI's statutory right to contest the asserted deficiency in Tax Court.

Third, every circuit has held that a notice of deficiency is required before a collection action. The Tenth Circuit has recognized this repeatedly. *See Hance*, 215 F.3d 1336, at \*1; *Cross v. United States*, 149 F.3d 1190 (10th Cir. 1998); *Matter of Carlson*, 580 F.2d 1365, 1368 (10th Cir. 1978). And other circuits have agreed. For example, the D.C. Circuit has held that "[t]he IRS cannot assess a tax deficiency or bring a collection action against the taxpayer unless it has sent a notice of deficiency to the taxpayer . . . ." *Edwards*, 791 F.3d at 6. Similarly, the Fifth Circuit has held that "[i]n order to commence proceedings to recover the deficiency, the IRS is required to send the taxpayer a formal notice of deficiency by secured mail." *Clark v. Campbell*, 501 F.2d 108, 112 (5th Cir. 1974). The Eighth Circuit has likewise stated "[n]o collection action may be maintained against the taxpayer until notice has been mailed to the taxpayer . . . ." *United States v. Ahrens*, 530 F.2d 781, 784 (8th Cir. 1976). And the Seventh Circuit has reiterated "[b]efore the IRS can assess or collect a tax deficiency, it must 'send notice of such deficiency to the taxpayer' under § 6212 of the Code . . . ." *Gyorgy v. Commissioner*, 779 F.3d 466, 473 (7th Cir. 2015).

Fourth, courts have repeatedly and expressly held that the requirement for a notice of deficiency applies even in judicial actions (i.e., outside the "administrative process"). In other words, the Government's argument here has been expressly rejected by other courts. The Government asserts that a notice of deficiency was not required in this case because "if the government sues on an unassessed debt in district court, the complaint itself gives notice of the

6

liability." Dkt. No. 19, at 3. Not so. In *United States v. Gilbert*, as in this case, the Government brought a lawsuit under 26 U.S.C. § 7401 for the collection of unpaid taxes. 1990 WL 127163, at *1 (D. Ariz. July 27, 1990), *amended by* 1991 WL 193585 (D. Ariz. July 22, 1991), *aff'd*, 48 F.3d 1229 (9th Cir. 1995). In *Gilbert*, as in this case, the Government failed to issue a notice of deficiency. *Id.* In *Gilbert*, as in this case, the Government argued that a notice of deficiency was not required because the "institution of [a] lawsuit alone is sufficient notice to comply with the statute." *Id.* The court disagreed, explaining that a lawsuit cannot replace a notice of deficiency. Because the Government failed to issue a notice of deficiency, the court granted the taxpayer summary judgment and held that the Government was procedurally barred from collecting the unpaid taxes. *Id*. Other courts have reached similar holdings, dismissing Government lawsuits to collect taxes where no notice of deficiency was issued. For example, in *United States v. Wright*, the court dismissed a collection action brought under 26 U.S.C. § 7401 because the Government could not prove that it had issued the taxpayer a notice of deficiency. 658 F. Supp. 1 (D. Alaska 1986). As the court stated simply: "The deficiency notice not having been mailed, this [judicial collection] action cannot be maintained." *Id.* at 3 (citing *United States v. Zolla*, 724 F.2d 808, 810 (9th Cir. 1984)). Likewise, in *United States v. Eisenhardt*, the Government's judicial collection action was dismissed—even though a notice of deficiency was in fact issued—because the notice of deficiency had been sent to wrong address. 437 F. Supp. 247, 248 (D. Md. 1977). Each of these cases establish that the IRS's issuance of a notice of deficiency is mandatory.

In summary, the Government was required to send a notice of deficiency before it filed this case. LGI has found no authorities in which a court has permitted a judicial collection action to proceed after it was determined that the government failed to issue a notice of deficiency.

Rather, all relevant authorities unanimously support LGI's position that the Government's failure to issue a notice of deficiency is grounds for dismissal.

### THE GOVERNMENT CONFLATES TWO DIFFERENT STATUTORY NOTICE PROVISIONS

As discussed above, the basis for LGI's motion to dismiss is that the Government failed to issue a notice of <u>deficiency</u> prior to filing its Complaint, as was required by both 26 U.S.C. § 6213 and Tenth Circuit precedent. In response, the Government's letter to the Court dated January 11, 2023, conflates this fundamental prerequisite for tax collections with a different notice to taxpayers: the notice of <u>assessment</u>.

A notice of <u>assessment</u> and a notice of <u>deficiency</u> are two very different documents, with different procedural requirements and implications. First, the rules governing a notice of assessment are set forth in 26 U.S.C. § 6303, whereas the rules governing a notice of deficiency are set forth in 26 U.S.C. § 6213. Second, a notice of assessment is sent to a taxpayer <u>after</u> an assessment has been recorded specifically to inform the taxpayer that additional taxes have already been assessed; whereas a notice of deficiency is mailed to a taxpayer <u>before</u> additional taxes have been assessed. Third, the effect of the two notices is very different. A notice of assessment is issued to give a taxpayer notice before the IRS uses its administrative authority to execute levies and liens and to garnish wages. 26 U.S.C. § 6331(a); *United States v. Jersey Shore State Bank*, 781 F.2d 974, 980 (3d Cir. 1986). A notice of deficiency is sent before the IRS assesses additional taxes to give the taxpayer the opportunity to contest the additional taxes proposed by the IRS by filing a lawsuit in the Tax Court. *See, e.g.*, *Commissioner v. Stewart*, 186 F.2d 239, 241 (6th Cir. 1951). Thus, the Government's failure to mail a notice of deficiency has, among other failings, prevented LGI from disputing the additional taxes in Tax Court, as it has

the statutory right to do. The IRS's failure to issue a notice of assessment has none of these implications, because the IRS only issues such notices <u>after</u> it has already assessed the taxes at issue.

Given these significant differences, case law regarding a notice of assessment is irrelevant here. *See United States v. Sarubin*, 507 F.3d 811 (4th Cir. 2007); *United States v. Jersey Shore State Bank*, 781 F.2d 974; *Shelter Mut. Ins v. Gregory*, 555 F. Supp. 2d 922, 933 (M.D. Tenn. 2008). None of those authorities stand for the proposition that the filing of a lawsuit in federal district court under 26 U.S.C. § 7401 can replace the clear statutory requirement that the IRS issue a notice of deficiency.[1]

### THE GOVERNMENT HAS FAILED TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

**A.    Legal Standard**

In order to state a valid cause of action, the Supreme Court requires a complaint to contain factual grounds for relief which "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). The Tenth Circuit has explained that a plaintiff must "nudge their claims across the line from conceivable to plausible . . . Complaints which 'do not allow for at least a

---

[1] The collection action in *Sarubin* was based upon the tax liability reported by the taxpayer on his tax returns, not upon a deficiency asserted by the IRS; accordingly, the IRS was not obligated to issue a notice of deficiency under 26 U.S.C. § 6213(a). The collection action in *Jersey Shore* was a withholding agent case for which the issuance of a notice of deficiency was never at issue. And in *Shelter Mutual*, the taxpayer did, in fact, receive notices of deficiency for the two tax years that the government pursued judicially.

9

'reasonable inference' of the legally relevant facts are insufficient.'" *S.E.C. v. Shields*, 744 F.3d 633, 640-41 (10th Cir. 2014) (citation omitted).

### A. The Government's Complaint Lacks Necessary Allegations

As discussed above, the Government was required to mail LGI a notice of deficiency before bringing any collection action. The Government bears the burden of proving that a notice of deficiency was mailed to the taxpayer. *See Coleman v. Commissioner*, 94 T.C. 82, 90 (1990). Here, the Government has failed to meet that burden, because it has conceded that a notice of deficiency was not mailed to LGI.

The Government's failure to issue a notice of deficiency has real consequences for LGI. 26 U.S.C. § 7422(e) sets forth the specific procedure for the Government to follow in circumstances like this case—i.e., to collect additional taxes when a refund suit has already been filed by the taxpayer for the same tax year. That statute contemplates the IRS issuing a notice of deficiency to the taxpayer while the refund suit is already pending. The statute further provides that LGI would then have been afforded the opportunity to petition the United States Tax Court within ninety days and, if it had done so, LGI's refund suit would have been transferred to the Tax Court. 26 U.S.C. § 7422(e). The Government's decision to circumvent the issuance of notice of deficiency eliminated LGI's statutory right to contest the proposed deficiency in Tax Court.[2]

Because the Government has admitted that it failed to issue the required notice of deficiency, the Government has not offered enough "specific factual allegations to support [its]

---

[2] Whether or not LGI would have decided to petition the Tax Court is irrelevant—the Government was required by statute to allow LGI that opportunity, and the Government cannot unilaterally take away that right.

10

claim." *See Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011). Indeed, because a notice of deficiency was never mailed to LGI, this collection action cannot be sustained as a matter of law because it is in direct violation of 26 U.S.C. § 6213(a).

**B.     The Government is Prevented from Correcting its Failure by the Statute of Limitations**

As discussed above, the Complaint in this case fails to state a claim upon which relief can be granted because the Government has failed to issue a notice of deficiency. Moreover, the Government cannot now take the proper procedural steps, as the period of limitations under 26 U.S.C. § 6501(a) has expired.

26 U.S.C. § 6501(a) prohibits the Government from initiating assessments and collection proceedings for a given tax year after the three-year period for assessment has closed. As the Government acknowledges, that period of limitations expired in October 2022. Dkt. No. 19, at 1.

The Government takes the position that it did comply with the period of limitations, arguing that the filing of this lawsuit within the period of limitations was sufficient. But that is not the case. As detailed above, the Government's lawsuit was never properly brought, because the Government was required to first issue a notice of deficiency. Indeed, the issuance of a notice of deficiency would have held open the period of limitations. 26 U.S.C. § 6503(a). However, the Government issued no such notice.

When the Government fails to issue a notice of deficiency within the statute of limitation, courts have held that the assessment and collection of tax deficiencies for the closed tax year are time-barred. *See, e.g.*, *Edwards*, 791 F.3d at 6 ("If the statute of limitations has already run, the IRS cannot simply correct its error by issuing a new notice of deficiency. In that event, the taxpayer's liability becomes unenforceable."); *Russell v. United States*, 774 F. Supp. 1210, 1215-

11

16 (W.D. Mo. 1991) ("The IRS' failure to issue the statutory notices within the statute of limitations nullifies the assessments levied and permanently bars the IRS from assessing plaintiffs for the alleged tax deficiencies."); *see also Phila. & Reading Corp. v. United States*, 944 F.2d 1063, 1073 (3d Cir. 1991) (holding that an assessment that precedes a notice of deficiency is "forever void and illegal" and an attempt to rectify that void assessment after the close of the statute of limitations would be barred (citation omitted)). Indeed, the Government's own Internal Revenue Manual explains that if a valid notice of deficiency has not been issued prior to the expiration of the statute of limitations, "the IRS is prohibited from taking action . . . the errors cannot be corrected in order to issue a new notice of deficiency and no assessment can be made." IRM 4.8.9.24.4(3) (June 19, 2015).

Finally, the Government's reference to a colloquy between the Court and LGI's counsel is both taken out of context and irrelevant. *See* Dkt. No. 19, at 1-2. The quoted statement arose in the context of the Government expressing concern that the IRS was still determining whether "additional taxes are owed" by LGI and that the IRS may not "have the information it needs to complete its determination" by October 2022. Transcript, Case No. 20-cv-03501, Dkt. No. 31 at 10, 36. In that context, LGI's counsel represented that it would agree to toll the statute of limitations "if it were even necessary." *Id.* at 40.

However, no such tolling agreement was necessary. Weeks in advance of the expiration of the period of limitations, the IRS determined that it believed LGI had underpaid its taxes. *See* Dkt. No. 19, at 2 (noting Government identified the issue no later than September 2022). In addition, before the period of limitations expired, the IRS authorized the United States to file a lawsuit seeking to collect additional taxes from LGI. *See* Complaint at 1. The Government then

filed the Complaint in this case more than a week before the statute of limitations expired. Accordingly, the Government had all the information it needed to issue a notice of deficiency before the period of limitations ran without any extension of that period. Instead, the Government chose to take a different path, filing a lawsuit without issuance of the required notice of deficiency. Moreover, the filing of the lawsuit was not based on any new information produced by LGI since the colloquy with the Court. Instead, the Government needed only to run computations to determine that a potential liability existed. The Government has had the information necessary to make those computations and issue a statutory notice of deficiency since before LGI filed its lawsuit in November 2020.

## CONCLUSION

Congress has provided a detailed statutory and regulatory framework for the assessment and collection of taxes. Rather than complying with those established procedures, the Government inappropriately instituted this action on the mistaken premise that it has authority to initiate a collection action under 26 U.S.C. § 7401 without having first issued a notice of deficiency with respect to the purported liability. However, 26 U.S.C. § 6213(a) makes clear that the Government lacks the authority to bring this collection action at this time—and the expiration of the statute of limitation period for assessment for LGI's 2018 tax year likewise shows the Government will be unable to bring a new collection action at a later date. Accordingly, the Complaint does not state a claim upon which relief could be granted.

For all of the reasons set forth above, LGI respectfully requests that the Court dismiss the Complaint in its entirety with prejudice.

Respectfully submitted this 23rd day of January, 2023.

|  |  |
|---|---|
| Gregory S. Tamkin, #027105<br>Dorsey & Whitney LLP<br>1400 Wewatta Street, Suite 400<br>Denver, CO 80202-5549<br>Telephone: (303) 629-3400<br>E-mail: tamkin.greg@dorsey.com<br>*Attorney for Defendant Liberty Global, Inc.* | /s/ Rajiv Madan<br>**Rajiv Madan**<br>Skadden, Arps, Slate, Meagher & Flom LLP<br>1440 New York Avenue, N.W.<br>Washington, DC 20005<br>Telephone: (202) 371-7020<br>E-mail: raj.madan@skadden.com<br>*Attorney for Defendant Liberty Global, Inc.* |

## CERTIFICATE OF SERVICE

I hereby certify that on January 23, 2023, I served a copy of the foregoing document by filing it with the Court's CM/ECF system, which will send an electronic copy to all counsel of record.

/s/ Rajiv Madan
**Rajiv Madan**
Skadden, Arps, Slate, Meagher & Flom LLP
1440 New York Avenue, N.W.
Washington, DC 20005
Telephone: (202) 371-7020
E-mail: raj.madan@skadden.com
*Attorney for Defendant Liberty Global, Inc.*