# EXHIBIT 2

### Skadden, Arps, Slate, Meagher & Flom llp

1440 NEW YORK AVENUE, N.W.
WASHINGTON, D.C. 20005-2111
———
TEL: (202) 371-7000
FAX: (202) 393-5760
www.skadden.com

FIRM/AFFILIATE OFFICES
———
BOSTON
CHICAGO
HOUSTON
LOS ANGELES
NEW YORK
PALO ALTO
WILMINGTON
———
BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MOSCOW
MUNICH
PARIS
SÃO PAULO
SEOUL
SHANGHAI
SINGAPORE
TOKYO
TORONTO

DIRECT DIAL
(202) 371-7020
EMAIL ADDRESS
RAJ.MADAN@SKADDEN.COM

October 29, 2020

Jeanette Moore
Team Manager
Internal Revenue Service

Via Email

RE:     Liberty Global, Inc. - Audit of Refund Claim

Dear Jeanette:

I am writing with respect your audit of the administrative claim for refund (the "Refund Claim") filed by Liberty Global, Inc. ("LGI") with respect to its 2018 tax year. Attached to this letter are LGI's responses to the IDRs issued on September 8, 2020, related to the Refund Claim (the "Final CBA IDRs"). In those responses, LGI provides more than 50 detailed responses to the IRS's requests for information, which give the IRS more than enough information to fully consider the merits of LGI's Refund Claim. The purposes of this letter are to (1) memorialize previous discussions between the IRS and LGI related to the Refund Claim and the Final CBA IDRs, (2) reiterate LGI's intent to file a refund suit related to the Refund Claim, and (3) highlight certain of LGI's objections to the Final CBA IDRs.

By way of background, LGI filed its Refund Claim on December 23, 2019, seeking a refund of taxes, penalties, and interest based on LGI's position that the Temporary Treasury Regulations issued on June 18, 2019 under section 245 (Temp. Treas. Reg. § 1.245-5T or the "Temporary Regulations") are invalid. LGI provided a copy of that Refund Claim to its Exam Team on December 23, 2019.

Jeanette Moore
October 29, 2020
Page 2

## **LGI's Communications with the Exam Team**

As reflected in the chronology of communications with the IRS below, over the past several months, the Exam Team was prepared to summarily deny LGI's Refund Claim in May and June 2020.  However, the Exam Team then re-evaluated its position and issued numerous additional requests for information.  Despite LGI's expressed intentions to expeditiously file a lawsuit to address its refund claim, LGI has responded to the IRS's questions and provided the Exam Team with the key documents and narrative explanations relating to LGI's Refund Claim.  The combination of the documents produced by LGI and the narrative responses provide the IRS with the information relating to LGI's Refund Claim.[1]

*May and June 2020*

- Beginning in May 2020, the Exam Team asked a series of questions related to the Refund Claim.  On May 5, 2020, the Exam Team asked eight written questions regarding the Refund Claim and the underlying transactions.  At around the same time, the Exam Team indicated to LGI its intention to deny the Refund Claim and explained that they needed only limited additional information before issuing a formal denial of the claim.  LGI responded to the Exam Team's questions in writing, along with a production of relevant documents, on May 22, 2020.

- On June 3, 2020, the Exam Team asked another four questions related to the Refund Claim.  LGI partially responded to those questions in writing, along with another production of responsive documents, on June 10, 2020. LGI and the IRS also had a call on June 22, 2020, during which we discussed the status of the audit of the Refund Claim.  On the call, LGI explained its intention to expeditiously file a lawsuit seeking the refund reflected in its claim, because administrative relief was unavailable to LGI given the nature of the claim.  Specifically, the IRS was unable to administratively grant the Refund Claim because the claim involved a challenge to the validity of

---

[1] Even prior to LGI's filing of the Refund Claim, the Exam Team had a understanding of the transactions underlying the Refund Claim that are the subject of the Final CBA IDRs.  From September 2019 through April 2020, the Exam Team asked a series of questions about those transactions, their mechanics, and their tax consequences in connection with an audit of LGI's GILTI liability.

Jeanette Moore
October 29, 2020
Page 3

Temporary Regulations.  During this call, the IRS again explained that it had decided to deny LGI's Refund Claim.

*August and September 2020*

- In August 2020, the Exam Team shifted its prior stance that it needed only limited additional information and instead sought extensive information in various areas relating to the Refund Claim.  To that end, the Exam Team issued draft versions of the Final CBA IDRs, which related to the Refund Claim and the transactions underlying that claim.  In total, the draft IDRs contained nearly 60 requests and sub-requests for additional information.  On August 25, 2020, LGI and the IRS had a call to discuss the draft IDRs.  During the call, LGI indicated that it would respond to many of the IRS's IDRs (subject to certain qualifications identified below), even though LGI had the right to terminate the administrative process by immediately filing a lawsuit.  LGI explained to the IRS that:

  1. While LGI would cooperate and provide the IRS with certain additional information requested, many of the IRS's IDR requests were overbroad, sought irrelevant information, or otherwise were best handled as part of the upcoming refund litigation.  To that end, LGI provided the Exam Team with a list of objections to the draft IDRs on August 26, 2020.

  2. After responding to these IDRs, LGI intended to file its refund suit and pursue its Refund Claim in that forum.

On September 8, 2020, the Exam Team issued the Final CBA IDRs.  In the Final CBA IDRs, the IRS clarified some of its requests and withdrew three duplicative requests.  However, the IRS did not narrow the overbroad requests or eliminate the questions LGI had identified as irrelevant.  The Final CBA IDRs include 55 requests or sub-requests for information.  LGI indicated that it would provide responses to the Final CBA IDRs, as appropriate, by the end of October 2020.

**LGI's Responses to the Final CBA IDRs**

LGI's responses to the Final CBA IDRs are attached to this letter.  LGI has devoted substantial time and resources to responding to the Final CBA IDRs.  As previously indicated, LGI intends to file its refund suit within the next few weeks.

Jeanette Moore
October 29, 2020
Page 4


As indicated in its responses, LGI continues to object to some of the requests in the Final CBA IDRs.  While many of those objections are detailed in LGI's responses, I note the following objections here:

- As explained in the objections previously provided to the IRS, LGI has not provided the privilege log requested in IDR CBA-1, because, under the circumstances, LGI does not believe that is necessary for the IRS's review of the Refund Claim.

- Many of the requests in the Final CBA IDRs seek documents prepared and maintained by Telenet (the "Telenet Documents"), not LGI.  To the extent that LGI has copies of the Telenet Documents, those documents are provided with LGI's responses.  However, LGI has not gathered Telenet Documents that were not previously in its possession.

- The Final CBA IDRs contain requests that are overbroad and seek information that is wholly irrelevant to any issue related to the Refund Claim.

\*       \*       \*       \*

I appreciate your time and attention to this matter.  Should you have any questions, please do not hesitate to email (Raj.Madan@skadden.com) or call (202-371-7020).

Sincerely,

/s/ Raj Madan

Raj Madan

cc:     Samantha Yun, Account Coordinator
        Rick Arney, CBA Territory Manager
        Mark Giarratano, CBA Team Manager
        Kristina Rhee, CBA Agent
        Bill Davis, LB&I Counsel
        Joel Dickens, LB&I Counsel