# EXHIBIT 6

| 69TH CONGRESS<br>*1st Session* | HOUSE OF REPRESENTATIVES | REPORT<br>No. 356 |
|---|---|---|

# REVENUE BILL OF 1926

FEBRUARY 22, 1926.—Ordered to be printed

Mr. GREEN, from the committee of conference, submitted the following

## CONFERENCE REPORT

[To accompany H. R. 1]

The committee of conference on the disagreeing votes of the two Houses on the amendments of the Senate to the bill (H. R. 1) to reduce and equalize taxation, to provide revenue, and for other purposes, having met, after full and free conference, have agreed to recommend and do recommend to their respective Houses as follows:

That the Senate recede from its amendments numbered 3, 4, 5, 21, 27, 29, 34, 38, 66, 84, 109, 110, 138, 139, 140, 169, 196, 202, and 203.

That the House recede from its disagreement to the amendments of the Senate numbered 1, 2, 7, 8, 9, 10, 11, 12, 13, 14, 15, 18, 22, 23, 25, 26, 28, 31, 32, 35, 37, 39, 40, 43, 44, 45, 46, 47, 48, 49, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 64, 65, 67, 68, 69, 70, 71, 73, 74, 75, 76, 77, 78, 79, 80, 81, 82, 83, 85, 86, 91, 93, 94, 96, 97, 98, 99, 101, 102, 103, 104, 105, 106, 107, 111, 112, 113, 114, 115, 116, 117, 118, 119, 120, 121, 122, 123, 124, 125, 129, 130, 131, 133, 134, 135, 136, 137, 142, 143, 144, 145, 147, 148, 149, 151, 152, 153, 154, 155, 156, 157, 158, 159, 160, 161, 162, 163, 164, 165, 166, 167, 171, 175, 176, 178, 179, 180, 181, 182, 183, 184, 185, 186, 187, 188, 189, 190, 192, 195, 197, 199, 200, and 201; and agree to the same.

Amendment numbered 6:

That the House recede from its disagreement to the amendment of the Senate numbered 6, and agree to the same with an amendment as follows:

On page 3, lines 2, 4, and 5, of the Senate engrossed amendments strike out "bed" and insert *deposit*; and on page 3, line 4, of the Senate engrossed amendments, before "exten-" insert *uninterrupted*; and on page 3, line 5, of the Senate engrossed amendments, after "continuing" insert *commercial*; and on page 3, line 10, of the Senate engrossed amendments, strike out "30" and insert *27½*; and on page 3 of the Senate engrossed amendments, strike out lines 17 to 20, inclusive; and the Senate agree to the same.

*keted for members, and may purchase supplies and equipment for nonmembers in an amount the value of which does not exceed the value of the supplies and equipment purchased for members, provided the value of the purchases made for persons who are neither members nor producers does not exceed 15 per centum of the value of all its purchases* and a semicolon; and the Senate agree to the same.

Amendments numbered 41 and 42:

That the House recede from its disagreement to the amendments of the Senate numbered 41 and 42, and agree to the same with an amendment as follows:

On page 92 of the House bill strike out lines 3 to 10, inclusive, and insert in lieu thereof the following:

*(c) For the purpose of this section two or more domestic corporations shall be deemed to be affiliated (1) if one corporation owns at least 95 per centum of the voting stock of the other or others, or (2) if at least 95 per centum of the voting stock of two or more corporations is owned by the same interests. This subdivision shall be applicable to the determination of affiliation for the taxable year 1925.*

*(d) For the purpose of this section two or more domestic corporations shall be deemed to be affiliated (1) if one corporation owns at least 95 per centum of the stock of the other or others, or (2) if at least 95 per centum of the stock of two or more corporations is owned by the same interests. As used in this subdivision the term "stock" does not include nonvoting stock which is limited and preferred as to dividends. This subdivision shall be applicable to the determination of affiliation for the taxable year 1926 and each taxable year thereafter.*

*(e) A corporation organized under the China Trade Act, 1922, shall not be deemed to be affiliated with any other corporation within the meaning of this section* and a period.

And on page 92 of the House bill, line 11, strike out "(d)" and insert (f); and on page 92 of the House bill, line 20, strike out "(e)" and insert (g);

And the Senate agree to the same.

Amendment numbered 50:

That the House recede from its disagreement to the amendment of the Senate numbered 50, and agree to the same with an amendment as follows:

Omit the matter proposed to be inserted by the Senate amendment and on page 104 of the House bill at the end of line 19 insert *Whenever a return is open to the inspection of any person a certified copy thereof shall, upon request, be furnished to such person under rules and regulations prescribed by the Commissioner with the approval of the Secretary. The Commissioner may prescribe a reasonable fee for furnishing such copy* and a period; and the Senate agree to the same.

Amendment numbered 63:

That the House recede from its disagreement to the amendment of the Senate numbered 63, and agree to the same with an amendment as follows:

On page 17 of the Senate engrossed amendments, line 4, strike out all after "(a)" down to and including "deficiency." in line 10; and on page 17 of the Senate engrossed amendments, lines 15 and 16, strike out "excluding Sundays and legal holidays of the District of Columbia" and insert *not counting Sunday as the sixtieth day*; and on

page 18 of the Senate engrossed amendments, line 23, strike out all after "deficiency." down to and including line 2 on page 19; and the Senate agree to the same.

Amendment numbered 72:

That the House recede from its disagreement to the amendment of the Senate numbered 72, and agree to the same with an amendment as follows:

On page 22 of the Senate engrossed amendments, line 3, strike out "two" and insert *three*; and the Senate agree to the same.

Amendment numbered 87:

That the House recede from its disagreement to the amendment of the Senate numbered 87, and agree to the same with an amendment as follows:

In lieu of the matter proposed to be inserted by the Senate amendment insert the following:

### CLAIMS AGAINST TRANSFERRED ASSETS

SEC. 280. (a) *The amounts of the following liabilities shall, except as hereinafter in this section provided, be assessed, collected, and paid in the same manner and subject to the same provisions and limitations as in the case of a deficiency in a tax imposed by this title (including the provisions in case of delinquency in payment after notice and demand, the provisions authorizing distraint and proceedings in court for collection, and the provisions prohibiting claims and suits for refunds):*

*(1) The liability, at law or in equity, of a transferee of property of a taxpayer, in respect of the tax (including interest, additional amounts, and additions to the tax provided by law) imposed upon the taxpayer by this title or by any prior income, excess-profits, or war-profits tax Act.*

*(2) The liability of a fiduciary under section 3467 of the Revised Statutes in respect of the payment of any such tax from the estate of the taxpayer.*

*Any such liability may be either as to the amount of tax shown on the return or as to any deficiency in tax.*

*(b) The period of limitation for assessment of any such liability of a transferee or fiduciary shall be as follows:*

*(1) Within one year after the expiration of the period of limitation for assessment against the taxpayer; or*

*(2) If the period of limitation for assessment against the taxpayer expired before the enactment of this Act but assessment against the taxpayer was made within such period,—then within six years after the making of such assessment against the taxpayer, but in no case later than one year after the enactment of this Act.*

*(3) If a court proceeding against the taxpayer for the collection of the tax has been begun within either of the above periods,—then within one year after return of execution in such proceeding.*

*(c) For the purposes of this section, if the taxpayer is deceased, or in the case of a corporation, has terminated its existence, the period of limitation for assessment against the taxpayer shall be the period that would be in effect had the death or termination of existence not occurred.*

*(d) The running of the period of limitation upon the assessment of the liability of a transferee or fiduciary shall, after the mailing of the*

the 15th day of certain months, dependent upon the citizenship and residence of the taxpayer and whether or not the return is filed on the basis of a fiscal or calendar year. These amendments prescribe the 15th day of such month as the definite date for the payment of the tax, but Amendment No. 60 permits the taxpayer at his election to pay the tax at any time before such fixed date. In other parts of the bill references are made at various places to "the date prescribed for the payment of the tax" and these amendments assure certainty as to that date; and the House recedes.

Amendments Nos. 61 and 62: These amendments make clerical changes; and the House recedes.

Amendment No. 63: This amendment rewrites subdivisions (a) to (h), inclusive, of section 274 of the House bill.

Subdivision (a). This subdivision provides that, with enumerated exceptions, the commissioner can take no action to assess or collect by distraint or proceedings in court a deficiency in an income tax imposed by the new act until he has mailed to the taxpayer notice of the deficiency, nor, if the taxpayer has filed a petition with the Board of Tax Appeals for a redetermination of the deficiency, until the decision of the board has become final. Such prohibition does not, of course, bar proceedings by way of counterclaim by the commissioner for the amount of the deficiency in connection with any claim or suit for refund by the taxpayer; nor by reason of the specific exception of section 282 does the prohibition bar filing of claims by the commissioner for the amount of a deficiency in connection with bankruptcy or receivership proceedings. This subdivision also provides that, despite section 3224 of the Revised Statutes (which prohibits an injunction to restrain assessment or collection of the tax), the taxpayer may in a proper case go into court for an injunction to restrain the commissioner from assessing or collecting a deficiency until the procedure outlined in the bill has been completed.

The Senate amendment adds a provision making the return of the taxpayer prima facie evidence of its correctness. This provision, which apparently is intended to shift the burden of proof, in proceedings before the board, from the taxpayer to the commissioner, is omitted by the section as agreed to by the conferees. Under the existing law and under the bill as agreed to in conference the burden of proof in proceedings before the board is on the taxpayer.

The Senate amendment also provides that the commissioner shall not declare a deficiency until he has given the taxpayer notice of the deficiency and afforded him opportunity to explain the alleged deficiency. This provision is omitted by the action of the conferees on the ground that other provisions of the bill afford the taxpayer adequate opportunity for a hearing before the assessment is made. The present practice of the department is to give the taxpayer an opportunity for hearing in the bureau before a 60-day letter is sent out, and there is no reason for believing that this practice will be discontinued.

The House bill authorized the taxpayer to file a petition with the Board of Tax Appeals within 60 days after the deficiency letter was mailed. The Senate amendment excludes from the computation of the 60-day period Sundays and legal holidays in the District of Columbia. Under the action of the conference committee, Sundays and holidays are to be counted like any other days, but if the sixtieth day falls on Sunday, the petition may be filed on the sixty-first day.

40                           REVENUE BILL OF 1926

Subdivision (b). This subdivision in the Senate amendment is identical with the House bill.

Subdivision (c). This subdivision is substantially the same as under the House bill.

Subdivision (d). This subdivision of the House bill provided for the making of jeopardy assessments. The Senate amendment strikes out this subdivision for reasons explained in connection with amendment numbered 86, and inserts a provision authorizing the taxpayer, by signed notice in writing, to waive the restrictions placed upon the commissioner by subdivision (a) on assessment and collection of the deficiency. The Senate amendment also contains a sentence providing that such waiver shall not bar the taxpayer from receiving a refund if the final decision of the board determines an overpayment of tax. This sentence is omitted in the bill as agreed to in conference as being surplusage.

Subdivision (e). Under the House bill the board is authorized to determine that the deficiency is greater than that contained in the deficiency letter, whether or not claim to that effect is asserted by the commissioner at or before the hearing. The Senate amendment gives this authority to the board only if claim therefor is asserted by the commissioner at or before the hearing or a rehearing. The House agrees to this amendment. The House bill also contains a clause providing that the board shall by rules prescribe under what conditions and at what times the commissioner may assert a greater deficiency than that contained in the deficiency letter. The Senate amendment strikes out this clause as surplusage (the board having this right under its general powers to prescribe rules), and the House agrees to this amendment.

Subdivision (f). The House bill provides that if after the enactment of this act the commissioner has sent a 60-day letter, he shall have no right to determine any additional deficiency, except in certain enumerated cases. Under the Senate amendment this limitation is placed on the commissioner only where the taxpayer has filed a petition with the board within the 60-day period after the mailing of the notice. The House concurs in this amendment.

Subdivisions (g) and (h). These subdivisions are the same as in the House bill.

The House recedes on amendment 63 with amendments making the changes above referred to.

Amendment No. 64: This amendment makes a change in reference to a section number and the House recedes.

Amendment No. 65: This amendment provides that the 6 per cent interest on a deficiency in cases where the taxpayer has waived the restriction placed on the commissioner by subdivision (a) shall run up to the thirtieth day after the filing of such waiver or to the day the deficiency is assessed, whichever is the earlier. The House recedes.

Amendment No. 66: This amendment gives a taxpayer a right to have his deficiency determined by the district court in lieu of the Board of Tax Appeals before the assessment of any tax and requires the taxpayer to file a sufficient bond to cover any deficiency that may be determined. The amendment also provides that in such cases no distraint or proceedings can be instituted by the commissioner. It is believed that the taxpayer's right to file a petition with the board to