IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 22-cv-02622-RBJ

LIBERTY GLOBAL, INC.,

      Plaintiff,

v.

UNITED STATES OF AMERICA,

      Defendant.

### UNITED STATES' STATEMENT REGARDING SCHEDULING

      This is one of two suits pending before the Court concerning the tax effects of Liberty Global Inc.'s ("LGI") "Project Soy" tax transactions. LGI filed the first suit, Case No. 20-cv-03501, to obtain a refund of taxes LGI paid but argues would not be owed if Project Soy is respected for tax purposes. In this suit, the United States seeks additional taxes it alleges that LGI has not paid, but would owe if the Court rejects LGI's proposed tax treatment for Project Soy. In its Order at Dkt. 25 in this suit, the Court directed the parties to contact chambers to request a scheduling conference if the schedule from the first case would not suffice for this case.

      The United States believes that both cases require the Court to determine whether Project Soy should be respected, but that this case may pose additional issues that would make applying the schedule in the first suit impracticable. If the Court rules for LGI in the first suit, i.e., if the Court approves LGI's proposed treatment for Project Soy, there may be no need for this suit to proceed. However, if the Court rules for the United States in the first suit, and determines that certain aspects of Project Soy should be disregarded, additional calculations may be needed to

determine LGI's true tax liability.  The United States has conferred with LGI and, based on those discussions, believes the parties could work together on those calculations.  However, LGI has not yet filed an answer in this case, and, until it does, the United States does not know all defenses that LGI may raise.  Depending on the position LGI takes as to the effect of rejecting Project Soy, additional discovery may be required.

The United States also observes that LGI has moved to dismiss this case (Dkt. 24), although the Court had previously discouraged LGI from doing so.  (Dkt. 21).  Under the circumstances, the Court may wish to stay this suit entirely until it resolves the substantive issues in the first suit, or at least to defer scheduling discovery in this suit until the Court rules on the substantive issues in the first case.

| | |
|---|---|
| Respectfully submitted February 21, 2023, | DAVID A. HUBBERT<br>Deputy Assistant Attorney General<br>*/s/ Isaac M. Hoenig*<br>THOMAS J. SAWYER<br>E. CARMEN RAMIREZ<br>ISAAC M. HOENIG<br>Trial Attorneys<br>U.S. Department of Justice, Tax Division<br>P.O. Box 683, Ben Franklin Station<br>Washington, D.C.  20044<br>Tel:    (202) 514-8129 (Sawyer)<br>          (202) 616-2885 (Ramirez)<br>          (202) 307-5963 (Hoenig)<br>Thomas.J.Sawyer@usdoj.gov<br>E.Carmen.Ramirez@usdoj.gov<br>Isaac.M.Hoenig@usdoj.gov<br>*Attorneys for the United States of America* |

**IT IS HEREBY CERTIFIED** that on February 21, 2023, I served the foregoing by filing it through the Court's CM/ECF system, which will send an electronic copy to all counsel of record.

*/s/ Isaac M. Hoenig*
ISAAC M. HOENIG