**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 22-cv-02622-RBJ-STV

UNITED STATES OF AMERICA,

    Plaintiff,

v.

LIBERTY GLOBAL, INC.,

    Defendant.

**REPLY TO UNITED STATES' OPPOSITION TO MOTION TO DISMISS**

The government's failure to send a deficiency notice requires dismissal of this case. On this point, the law is unequivocal. Congress established in § 6213(a)[1] that a deficiency notice is a mandatory prerequisite to any judicial proceeding to collect disputed income taxes of a taxpayer (i.e., LGI). Courts have consistently enforced that mandate, repeatedly dismissing judicial collection actions where the government fails to comply. *See* Dkt. 24 at 7. And the DOJ has cited no authority that undermines that categorical rule. In fact, the DOJ concedes that none of the authorities it cites are applicable to "the precise situation here." Dkt. 26 at 6. But it is more than that—the authorities cited by the DOJ are wholly inapplicable because the strict requirements of § 6213(a) are not implicated in those cases and thus have no application.

**1. § 6213(a) bars the DOJ's suit.**

§ 6213(a) required the government to issue a deficiency notice before filing this case:

Except as otherwise provided in section 6851, 6852, or 6861 no assessment of a

---

[1] All "§" references are to the Internal Revenue Code, 26 U.S.C. et seq. (the "Code").

> deficiency in respect of any tax imposed by subtitle A, or B, chapter 41, 42, 43, or 44 and no levy or proceeding in court for its collection shall be made, begun, or prosecuted until [a deficiency] notice has been mailed to the taxpayer . . . .

The restrictions of § 6213(a) are applicable in this case because each element of the statute is met. The DOJ is seeking to collect an alleged deficiency of income tax, which is a tax imposed by subtitle A of the Code. *See* § 11(a). None of the exceptions in §§ 6851 and 6852 (for "termination assessments") or § 6861 (for "jeopardy assessments") is applicable. The DOJ has conceded that no deficiency notice was issued. And finally, this lawsuit is a "proceeding in court" for the collection of tax.[2]

That is the end of the analysis. Because LGI received no deficiency notice, the Court should dismiss this case consistent with the decisions of other courts. Dkt. 24 at 6-7.

### 2. § 6213(a) applies to all "proceedings in court," including this one.

The DOJ argues § 6213(a) applies only to "administrative" collection actions and is inapplicable to judicial collection actions. *See, e.g.*, Dkt. 26 at 11-12. The DOJ's argument is inconsistent with the plain language of § 6213(a), which unequivocally mandates that the government "shall" mail a deficiency notice before filing any "proceeding in court" to collect income tax. § 6213(a) identifies certain applicable exceptions: i.e., §§ 6851, 6852, and 6861. But missing from that list are §§ 7401 and 7402 (the statutory authority invoked by the DOJ in the complaint) and the "common-law right" to sue to collect taxes (which the DOJ now invokes).

---

[2] The DOJ incorrectly argues that the "its" in the statutory clause "proceeding in court for its collection" should refer to "assessment" rather than "deficiency." Dkt. 26 at 11. The IRS cannot "collect" an assessment, which is simply "the calculation or recording of a tax liability." *United States v. Galletti*, 541 U.S. 114, 122 (2004). Instead, as Congress itself explained in the 1926 Conference Report cited by the DOJ, the statute restricts "proceedings in court to [collect] a deficiency in an income tax…" Dkt. 26-6 at 5 (emphasis added).

Applying § 6213(a) does not "abrogate" the government's right to bring a common-law suit for an income tax debt. Dkt. 26 at 10. The government can still bring such common-law suits, but they are required to comply with applicable statutory restrictions. Indeed, the DOJ concedes that the statutory statute of limitations for filing a judicial collection action (§ 6501) applies to its "common-law" suit. Dkt. 26 at 10. The DOJ makes no effort to explain why another provision in the same Code (§ 6213) does not.

### 3. Other caselaw cited by the DOJ is irrelevant to this case.

Next the DOJ notes that courts have "excuse[d] the need for administrative notice in other contexts" and argues that, by analogy, its failure to comply with § 6213(a) should also be excused here. Dkt. 26 at 11. But the various categories of cases cited by the DOJ are not analogous. Indeed, none of these cases analyze the restrictions of § 6213(a), and for good reason—in each case that § 6213(a) is inapplicable or its requirements have already been satisfied:

- Failure to remit payroll taxes. The DOJ cites to Tenth Circuit caselaw addressing the collection of penalties under § 6672 from employers who have failed to remit payroll taxes. *See Goldston v. United States*, 104 F.3d 1198 (10th Cir. 1997); *Howell v. United States*, 164 F.3d 523 (10th Cir. 1998). § 6213(a) is irrelevant to these cases. The § 6672 penalties at issue in those cases are found in subtitle F of the Code, but § 6213(a) applies only to "tax imposed by subtitle A or B" of the Code.

- Notice of assessment: The DOJ cites to case law addressing post-assessment notices described in § 6303. *See United States v. Sarubin*, 507 F.3d 811 (4th Cir. 2007), *United States v. Berman*, 825 F.2d 1053 (6th Cir. 1987); *Shelter Mut. Ins. v. Gregory*, 555 F.

3

Supp. 2d 922 (M.D. Tenn. 2008); *United States v. Jersey Shore State Bank*, 781 F.2d 974 (3d Cir. 1986). As described in LGI's motion to dismiss (Dkt. 24 at 8-9), these cases are irrelevant. Indeed, a notice of assessment is sent only after a deficiency is assessed, and a deficiency notice is a prerequisite to assessment. § 6213(a).

- Third-party liability for assessed taxes: The DOJ cites to caselaw relating to "transferee liability"—i.e., attempts to collect taxes of one party (the taxpayer) from third-parties (transferees). *See Leighton v. United States*, 289 U.S. 506 (1933); *United States v. Russell*, 461 F.2d 605 (10th Cir. 1972). The restrictions of § 6213(a) were not analyzed or even at issue in those cases. The limited question in those cases (not present here) was whether the transferee must pay the original taxpayer's liability. And critically, the amount of the tax deficiency of the original taxpayer was already established by assessment (as in *Leighton*) or court decision (as in *Russell*).

- Criminal tax evasion: The DOJ cites to a criminal tax evasion case. *See United States v. Ware*, 292 F. App'x 845 (11th Cir. 2008). § 6213(a) is irrelevant in criminal cases, because such actions do not implicate the "collection" of any taxes. Criminal tax evasion cases result in fine or imprisonment, not collection of taxes, and "civil assessment and collection [is deferred] until the completion of criminal proceedings." *See Badaracco v. Commissioner*, 693 F.2d 298, 302 (3d Cir. 1982), *aff'd* 464 U.S. 386 (1984).

4. **Refund litigation does not eliminate the deficiency notice requirement**

The fact that LGI filed a refund suit before the IRS finished its audit is also irrelevant. Contrary to the DOJ's statement that such a situation "seldom [arises]" (Dkt. 26 at 6), there are numerous other cases in which a taxpayer has filed a refund suit and the IRS later completes its

4

audit. *See, e.g.*, *Pfeiffer Co. v. United States*, 518 F.2d 124 (8th Cir. 1975); *Black & Decker v. United States*, 2002 WL 34239431 (D. Md. Sept. 9, 2002). Indeed, the situation is common enough that there is a statute addressing the proper procedures to follow. *See* § 7422(e).

Notably, that statute makes clear that, when the IRS determines a taxpayer is liable for a deficiency after a refund suit has been filed for the same tax year, a deficiency notice will be sent. Dkt. 24 at 5-6. Moreover, contrary to the DOJ's argument, while the procedures in § 7422(e) are only triggered "if" the IRS mails a deficiency notice, that is because additional tax deficiencies are not asserted in each and every refund case. Thus, the word "if" should be read to mean "in the circumstances when" the government has identified a deficiency in the same tax year for which a refund case is also pending. Indeed, it is only in that context that § 7422(e) becomes relevant. The language in § 7422(e) does not mean that the government can choose to ignore § 6213(a) once refund litigation is initiated. *See* Dkt. 26 at 14.

Respectfully submitted this 27th day of February, 2023.

|  |  |
|---|---|
|  | /s/ Rajiv Madan |
| Gregory S. Tamkin, #027105 | **Rajiv Madan** |
| Dorsey & Whitney LLP | Skadden, Arps, Slate, Meagher & Flom LLP |
| 1400 Wewatta Street, Suite 400 | 1440 New York Avenue, N.W. |
| Denver, CO 80202-5549 | Washington, DC 20005 |
| Telephone: (303) 629-3400 | Telephone: (202) 371-7020 |
| E-mail: tamkin.greg@dorsey.com | E-mail: raj.madan@skadden.com |
| *Attorney for Defendant Liberty Global, Inc.* | *Attorney for Defendant Liberty Global, Inc.* |

**IT IS HEREBY CERTIFIED** that on February 27, 2023, I served the foregoing by filing it with the Court's CM/ECF system, which will send an electronic copy to all counsel of record.

/s/ Rajiv Madan
Rajiv Madan