IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge R. Brooke Jackson

Civil Action No. 1:22-cv-02622-RBJ

UNITED STATES,

    Plaintiff,

v.

LIBERTY GLOBAL, INC.,

    Defendant.

---

ORDER ON MOTION TO DISMISS

---

This matter is before the Court on defendants' motion to on defendant's motion to dismiss at ECF No. 24. The motion is DENIED.

## BACKGROUND

These facts are taken from the amended complaint, ECF No. 4, and viewed in the light most favorable to plaintiff at this stage.

Liberty Global, Inc. (LGI) is a multinational telecommunications company. LGI was advised on tax matters by Deloitte, LLC. In June 2018, Deloitte approached LGI about an opportunity to exploit a perceived loophole in the international tax provisions of the 2017 Tax Cuts and Jobs Act (TCJA). With Deloitte's assistance, LGI planned a four-step series of transactions that it code-named "Project Soy," which would allow LGI to avoid global intangible low tax income and capital gain taxes on billions of dollars of unrealized gain from LGI's interest in one of its sub-entities.

1

In June 2019, Treasury issued temporary regulations addressing the international tax changes made by the TCJA. LGI filed a consolidated federal income tax return for its 2018 tax year on October 11, 2019, then filed an amended return on December 23, 2019. The initial return reported the fourth step of Project Soy in a manner that was consistent with the temporary Treasury regulations. The amended return adopted the position that the regulations were invalid and claimed a refund of $95,783,237 as a result.

The income at issue is income from the "TGH transaction." In that transaction, which occurred in December 2018, an LGI affiliate sold its interest in Telenet Group Holding (TGH), a Belgian company, to LGI's parent company, Liberty Global (based in the UK). Under the relevant tax laws at the time, LGI was required to recognize income equal to its share of gain from the TGH transaction. It sought to deduct that income using § 245A of the Tax Cuts and Jobs Act of 2017 (TCJA), Pub. L. No. 115-97, 131 Stat. 2054 (2017). LGI claims that it met the requirements to receive the § 245A deduction for the TGH transaction. However, because the temporary regulations, adopted in June 2019, were made retroactive, LGI did not receive the full deduction.

After LGI filed its amended return claiming a federal income tax refund, the IRS began to review LGI's Project Soy transactions. LGI produced some, but not all, the information requested. On November 19, 2020 the IRS issued a delinquency notice to LGI regarding the missing information and included a deadline of November 27, 2020 to respond to the notice before the IRS might seek to issue and enforce a formal summons for the information in a federal court proceeding.

On November 27, 2020 LGI filed a complaint in federal district court seeking a refund of approximately $110 million that it alleges to have overpaid for its 2018 year.[1] Because it still had not provided the information sought by the IRS, the United States answered that discovery was necessary to determine the extent of LGI's earnings and profits and the nature of the transactions.

On April 4, 2022 the Court granted in part LGI's motion for summary judgment, concluding that the 2019 temporary Treasury regulations did not comply with the requirements of the Administrative Procedure Act and therefore did not have valid retroactive effect over the transactions occurring in LGI's 2018 tax year, but denying the motion "to the extent that factual questions remain on LGI's compliance with the underlying tax laws in the TGH transactions." Case No. 1:20-cv-03501-RBJ, ECF No. 46 at 15.

LGI now moves to dismiss the amended complaint, arguing that the government "failed to comply with the statutory prerequisites necessary to bring its lawsuit." ECF No. 24 at 1. I find that the requirements to which LGI refers do not apply to this lawsuit and therefore deny the motion to dismiss.

**LEGAL STANDARD**

To survive a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*,

---

[1] Tax litigators apparently are starting to recommend strategies for bypassing the administrative process (filing a tax return claiming a benefit and then undergoing an audit if selected) by instead paying the tax and then bringing a section 7422 refund suit in federal court. *See* ECF No. 26 at 2 (citing ECF No. 26-1 at 4, "*Skadden Insights: Challenging Tax Cuts and Jobs Act Regulations and IRS Guidance*" (1/21/2020)).

550 U.S. 544, 570 (2007)). While the Court must accept the well-pleaded allegations of the complaint as true and construe them in the light most favorable to the plaintiff, *Robbins v. Wilkie*, 300 F.3d 1208, 1210 (10th Cir. 2002), purely conclusory allegations are not entitled to be presumed true, *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009).

However, so long as the plaintiff offers sufficient factual allegations such that the right to relief is raised above the speculative level, he has met the threshold pleading standard. *See Twombly*, 550 U.S. at 556. "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Sutton v. Utah State Sch. for Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999) (quoting *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991)).

## ANALYSIS

Defendant argues that the government is barred from maintaining this suit for the 2018 tax deficiency because of the government's failure to provide a timely notice of deficiency. *See* ECF No. 24 at 1-2 (citing 26 U.S.C. § 6213(a), which provides that "no assessment of a deficiency in respect of any tax imposed by subtitle A…and no levy or proceeding in court for its collection shall be made, begun, or prosecuted until such notice has been mailed to the taxpayer"). LGI asserts—without citing any authority—that courts have "unanimously recognized that Congress established a mandatory rule" in this provision that "the IRS must issue a notice of deficiency" before taking action to collect "any federal income tax" from a taxpayer, and maintains that this requirement forecloses the government's suit here. *Id*. at 2; ECF No. 15 at 2.

Defendant's argument is misleading and inaccurate. Although the Internal Revenue Code may require that the IRS issue a notice of deficiency before *administrative* assessment of a taxpayer's

4

obligation, that requirement is neither facially binding nor logically relevant in the present context, a common-law suit on the debt.

It is "generally accepted that the Government may proceed under two methods in order to satisfy a taxpayer's obligation—either through summary collection procedures, such as a tax lien or tax levy, or through its common-law right to sue for outstanding debt." *Shelter Mut. Ins. v. Gregory*, 555 F. Supp. 2d 922, 933 (M.D. Tenn. 2008), ), aff'd, 479 U.S. 442 (1987) (citing *United States v. Sarubin*, 507 F. 3d 811, 815-16 (4th Cir. 2007); *United States v. Jersey Shore State Bank*, 781 F. 2d 974, 979 n. 4 (3d Cir. 1986); *Damsky v. Zavatt*, 289 F. 2d 46, 51 (2d Cir. 1961)).  The parties do not identify, and the Court has not located, any caselaw from the Tenth Circuit explicitly recognizing or rejecting these dual processes for tax collection.  However, the Court is persuaded by the weight of precedent from other circuits that these dual avenues of tax collection exist and are well recognized.

LGI's proposition that § 6213(a) was intended to convert the administrative route to a plenary scheme for income tax collection is inconsistent with the weight of authority among courts who have addressed this issue.  Moreover, the analysis required to reach that conclusion does not comport with canonical approaches to statutory interpretation, which charge courts to refrain from adopting interpretations that would displace longstanding common-law rights or disrupt established distributions of power among governmental bodies in the absence of clear language demonstrating Congress's intent to do so.  *See FBI v. Fazaga*, 142 S. Ct. 1051, 1060-1061 (2022).  Because there is no indication that § 6213(a) was intended to supplant the existing common-law avenue for the government to recover unpaid taxes, the Court will not infer that intent here.

Therefore, this analysis adopts the proposition that there exist two avenues for the government to collect unpaid taxes: the administrative route (assessment and collection) and the common-law route (filing suit on the debt).  Defendant alleges a defect in the government's compliance with the requirements to proceed via the administrative route.  However, compliance

5

with those requirements is irrelevant here because the government does not seek to proceed via the administrative route (and in fact was foreclosed from doing so by defendant's own maneuvers), and because defendant has not shown that the notice requirements in the administrative process have been or should be read onto the alternative common-law process.

First, the plain language of the Internal Revenue Code suggests that the notice requirement is limited to the administrative tax collection process. The Tax Code mentions the notice of deficiency requirement in multiple sections, but only in the context of effectuating an administrative assessment. *See* 26 U.S.C. § 6303 (providing that "the Secretary shall, as soon as practicable, and within 60 days, *after the making of an assessment of a tax pursuant to section 6203* [which describes the procedures for making an assessment by recording tax liability with the Secretary of the Treasury], give notice to each person liable for the unpaid tax…"); *see also* 26 U.S.C. § 6851 (noting that "*if an assessment of tax is made* under the authority of subsection (a) [which provides for immediate execution of a tax determination in exigent circumstances where it appears that the taxpayer will depart or otherwise render ineffectual the tax proceedings] the Secretary shall mail a notice under section 6212(a) for the taxpayer's full taxable year…"); *see also* Guide to the Internal Revenue Code of 1954, 1955 U.S. Code Cong. & Ad. News 1183, 1621 ("*Subsequent to a valid assessment* of any tax liability,…the Secretary…must, as soon as practicable, and within 60 days, after the making of the assessment serve a notice on the delinquent taxpayer stating the amount due and demanding payment thereof."). Here, because no assessment was ever made, the precondition contemplated by the provisions governing the notice of deficiency is absent, and therefore the requirement to issue that notice does not apply.

Defendant's argument that section 6213(a) requires a notice of deficiency to issue before *any* recovery of unpaid income taxes can occur is based on a misleading alteration of the cited provision. The section provides in relevant part that "no assessment of a deficiency in respect of any tax imposed by subtitle A, or B, chapter 41, 42, 43, or 44 and no levy or proceeding in court for its

collection shall be made, begun, or prosecuted until such notice has been mailed to the taxpayer" and the taxpayer has had the opportunity to challenge that assessment in Tax Court if desired. *See* 26 U.S.C. § 6213(a). Defendant, purporting to quote this provision, asserts that "no levy or proceeding in court for [the collection of a tax deficiency] shall be made, begun or prosecuted until such notice has been mailed to the taxpayer." ECF No. 24 at 5.

The bracketed substitution of the phrase "collection of a tax deficiency" for "assessment of a deficiency" does nothing to enhance the clarity of the quoted language and in fact contorts its meaning. Defendant would rework the notice requirement to apply not only after administrative assessment but presumably to *any* recovery of unpaid income taxes. *See id*.; *cf*. 781 F.2d at 979 (contrasting the authority of the tax Collector in a previous version of section 6303(a) to "collect taxes solely by administrative means, such as levying on the taxpayer's property" with the authority of the Commissioner of the IRS under the current statute to instead "bring civil suits to collect taxes owed," which would permit recovery without involving administrative assessment). Section 6213 applies to the IRS's *assessment* and collection of tax deficiencies; it does not refer to the government's full panoply of remedies for recovery of unpaid taxes.

Defendant cannot simply refashion the Tax Code to suit its interests. It has suggested no reason to broaden the application of the provision beyond the denotation of its text. In fact, precedent and common sense demand the opposite conclusion. The Tenth Circuit in *Marvel v. United States* held that the trappings of "a formal act of assessment"—including notices of deficiency or assessment—did not "affect the taxpayers' liability or defeat the government's counterclaim for unpaid [employment] taxes," because the taxpayers' liability arose independently of the government's processes for collecting those taxes, and because the taxpayers had a full opportunity to be heard on the merits by litigating the government's counterclaim. 719 F.2d 1507, 1514 (10th Cir. 1983) (citing *Macatee, Inc. v. United States*, 214 F.2d 717, 720 (5th Cir. 1954). The fact that

defendant did not receive a notice of deficiency should likewise not preclude the government's suit in this case, particularly since here, as in *Marvel*, the taxpayer "concededly had actual notice" of the tax liability asserted. *See* 719 F.2d at 1514.

Furthermore, courts in other circuits have held that "where the government had assessed the taxes but failed to provide the taxpayer with notice of that assessment, [the government] could still proceed by suit to collect the taxes owed." *Jersey Shore*, 781 F.2d at 979 (citing *United States v. Erie Forge Co.*, 191 F.2d 627 (3d Cir. 1951), cert. denied, 343 U.S. 930 (1952); *Jenkins v. Smith*, 99 F.2d 827 (2d Cir. 1938). These decisions permitting the government to maintain civil suits on tax deficiencies notwithstanding defects in the administrative procedure (in these cases, failure to provide notices of assessment to the taxpayers) rely on logic that is readily applicable to notices of deficiency as well. The court in *Jersey Shore*, for example, reasoned that "where the government intends to proceed administratively to collect the taxes due, the need for the notice provided by section 6303(a) and its predecessor statutes is readily apparent," because of the government's expansive summary collection powers, including levying on or distraining the taxpayer's property and selling it to satisfy the tax debts. 781 F.2d at 980.

By contrast, the *Jersey Shore* court continued, where "the government cannot proceed administratively," and instead proceeds by civil action, "the need for notice under section 6303(a) is not nearly so self-evident," because "service of the government's complaint provides the party all the notice and protection required" and because the government's collection powers are etiolated in this context. *See id.*; *see also Shelter Mutual*, 555 F. Supp. 2d at 933 ("The Sixth Circuit endorsed the logic applied by other circuit courts, reasoning that the notice provision of § 6303(a) "was designed to protect the taxpayer only where the summary powers of the IRS to collect taxes administratively are concerned, and does not restrict the government's right to maintain a civil action against the taxpayer to obtain judgment for the amount due.") (internal citations omitted).

8

Here, as in *Jersey* Shore and *Shelter Mutual*, a notice of deficiency calculated to permit the taxpayer to contest the assessment in Tax Court would be duplicative of the notice provided by the civil complaint and the opportunity to contest the alleged tax deficiency in the district court. *See Jersey Shore*, 781 F.2d at 982 (holding that there was no requirement to notify employers of their potential liability for employees' unpaid taxes, because such notice would "communicate[] no additional information" and instead would merely create "an additional formalistic requirement" for the imposition of tax liability under that section, which would "thwart[] Congress' intent to recover the unpaid withholding taxes from such persons"). Because requiring a duplicative notice of deficiency here would serve "no useful purpose"—and instead would contravene the manifest purpose of the Tax Code only to effectuate a formalism not grounded in text, precedent, or common sense—imposing such a requirement would be inappropriate. *See id*.

Defendant's lamentations of inadequate process ring particularly hollow when its own machinations truncated the administrative process—which would have included issuance of a notice of deficiency and an opportunity for defendant to be heard in Tax Court—and forced the matter into district court. *See* ECF No. 26 at 2 (citing ECF No. 26-1 at 4. Defendant cannot seek to profit by compelling litigation in one forum and then complain that it has been deprived some benefit provided by the other forum.

## ORDER

For the reasons above, the motion to dismiss at ECF No. 24 is DENIED.

DATED this 1st day of June, 2023.

BY THE COURT:

*[signature]*

R. Brooke Jackson

Senior United States District Judge