IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 22-cv-02622-RBJ-STV

UNITED STATES OF AMERICA,

    Plaintiff,

v.

LIBERTY GLOBAL, INC.,

    Defendant.

## ANSWER TO AMENDED COMPLAINT

Liberty Global Inc. hereby answers Plaintiff's complaint as follows. All allegations not specifically admitted are denied. *See* Fed. R. Civ. P. 8(b)(3). Defendant uses the name "LGI" to refer collectively to Liberty Global, Inc. and its consolidated subsidiaries.

### JURISDICTION, VENUE, AND PARTIES

1.    *Plaintiff's allegation*: This action is commenced under 26 U.S.C. § 7401, at the direction of the Attorney General of the United States and with the authorization of the Acting Chief Counsel of the Internal Revenue Service, a delegate of the Secretary of the Treasury. The Court has jurisdiction to hear the action under federal law, including 28 U.S.C. §§ 1340 and 1345, and 26 U.S.C. § 7402.

*LGI's answer*: Admits that the United States has purportedly commenced this action under 26 U.S.C. § 7401; denies remainder of first sentence for lack of knowledge. Denies this Court has jurisdiction to hear this action. Further alleges that Plaintiff was required to issue LGI

1

a statutory notice of deficiency prior to initiating any judicial action to collect taxes, as detailed in Defendant's Motion to Dismiss previously filed in this action.

2. *Plaintiff's allegation*: Venue is proper in this district in accordance with 28 U.S.C. §§ 1391 and 1396, because the tax liabilities at issue accrued here, and because the defendant, LGI, has a principal place of business here. This suit also relates to a federal income tax refund suit that LGI filed in this district in 2020, Case 1:20-cv-03501-RBJ. A copy of LGI's complaint in that action is attached hereto as Exhibit 1.

*LGI's answer*: Because the Court lacks jurisdiction to hear this case, Defendant denies that venue is proper in this district. Otherwise, Defendant admits the remainder of this allegation.

## BACKGROUND

3. *Plaintiff's allegation*: LGI is a United States corporation organized under the laws of Delaware, with a principal place of business in Denver, Colorado. It is wholly owned by Liberty Global, plc, a United Kingdom corporation.

*LGI's answer*: Admits first sentence. Admits that LGI is wholly owned by Liberty Global plc. Admits that Liberty Global plc. is a United-Kingdom-resident entity that is treated as a corporation for U.S. federal income tax purposes.

4. *Plaintiff's allegation*: LGI is the common parent of an affiliated group of corporations, as defined by 26 U.S.C. § 1504(a)(1). The LGI consolidated group includes LGI Slovakia Holdings, Inc. ("LGI Slovakia"), a U.S. corporation. As of January 1, 2018, LGI Slovakia owned 100 percent of the Class A and Class C shares of Liberty Global Broadband I Limited ("LGBBI"), which is a U.K. limited company that is a controlled foreign corporation ("CFC") for U.S. income tax purposes. Liberty Global plc owned 100 percent of the Class B

shares of LGBBI. LGBBI indirectly owned 100 percent of Liberty Global Broadband II Limited ("LGBBII"), an entity that is disregarded for U.S. federal income tax purposes. LGBBII owned 100 percent of Binan Investments BV ("Binan"), an entity that is disregarded for U.S. federal income tax purposes. Binan owned approximately 60 percent of Telenet Group Holding NV ("TGH"), a Belgian corporation. TGH is a publicly traded company in Belgium, with approximately 40 percent of its stock held by private parties other than entities controlled by Liberty Global plc. In 2018, TGH was a controlled foreign corporation for U.S. tax purposes.

*LGI's answer*: Admits.

5. *Plaintiff's allegation*: TGH is the parent of a group of companies conducting business in Belgium. As of January 1, 2018, TGH owned Telenet Group BVBA ("Telenet Group"), a Belgian corporation that is an entity that is disregarded for U.S. federal income tax purposes. Telenet Group owned Telenet International Finance Sarl ("Telenet International Finance"), a Luxembourg corporation that is an entity that is disregarded for U.S. federal income tax purposes. Telenet International Finance owned Telenet Financing USD LLC ("Telenet Financing USD"), a U.S. limited liability company that is an entity that is disregarded for U.S. federal income tax purposes.

*LGI's answer*: Denies that Telenet Group BVBA was a Belgian corporation. Denies that Telenet International Finance SARL was a Luxembourg corporation. Otherwise, admits.

6. *Plaintiff's allegation*: LGI was advised on U.S. federal tax matters by Deloitte LLC's Washington National Tax office, located in Washington, D.C. ("Deloitte").

*LGI's answer*: Admits that Deloitte has advised LGI on U.S. federal tax matters.

7. ***Plaintiff's allegation***: In or about June of 2018, Deloitte approached LGI about an opportunity to exploit what it perceived to be a loophole in the international tax provisions of the 2017 Tax Cuts and Jobs Act ("TCJA") that would purportedly allow a taxpayer to avoid paying U.S. tax on income that Congress had intended to be taxed under the TCJA's anti base-erosion provisions.

***LGI's answer***: Denies.

8. ***Plaintiff's allegation***: After June 2018, with assistance by Deloitte and Deloitte-affiliated offices in the United States, the United Kingdom, and Belgium, LGI began planning a series of transactions, all among related entities, that it code-named "Project Soy."

***LGI's answer***: Admits that LGI planned an internal restructuring in 2018 called "Project Soy" and that LGI engaged Deloitte to serve as a tax advisor with respect to that transaction. Denies that the planning of Project Soy began after June 2018.

9. ***Plaintiff's allegation***: LGI and Deloitte designed Project Soy to exploit the perceived loophole in the TCJA, in an attempt to avoid global intangible low tax income ("GILTI") and capital gain taxes on billions of dollars of unrealized gain from LGI's interest in TGH, the Belgian corporation. A copy of a document describing the final version of the Project Soy plan is attached to this complaint as Exhibit 2.

***LGI's answer***: Admits that Exhibit 2 is a copy of a document describing the final version of the Project Soy step plan. Otherwise, denies.

10. ***Plaintiff's allegation***: Project Soy had four enumerated steps, which culminated, in Step 4, in LGI transferring its interest in TGH to Liberty Global plc. More specifically, on December 28, 2018, LGBBI, through a disregarded entity, transferred its investment in Binan,

which owned 60% of TGH, to Liberty Global plc. On its Form 5471 at Schedule O, LGI reported that a member of its affiliated group, LGI Slovakia, received $3,172,450,650 from Liberty Global plc for the transfer of TGH stock.

*LGI's answer*: Admits that the final version of the Project Soy step plan, as attached to Plaintiff's complaint as Exhibit 2, had four enumerated steps and that the transfer of LGI's interest in TGH to Liberty Global plc was labeled Step 4. Admits sentences two and three.

11. *Plaintiff's allegation*: On its amended federal income tax return, at Statement 1, LGI reported a gain of $2,418,531,039 resulting from its transfer of its interest in TGH to Liberty Global plc. By operation of 26 U.S.C. §§ 964(e)(1) and 1248(a), LGI treated this gain as a dividend to the extent of certain earnings and profits, and claimed a corresponding dividends-received deduction offsetting that gain pursuant to § 245A. LGI claimed that the entire $2,418,531,039 gain could be eligible for a dividends-received deduction.

*LGI's answer*: Admits.

12. *Plaintiff's allegation*: LGI's transfer of its interest in TGH on December 28, 2018, allowed LGI to attempt to exploit a so-called "mismatch" discovered by its tax advisors to avoid paying tax on GILTI and subpart F income attributable to LGI's interest in TGH. *See* 26 U.S.C. §§ 951, 951A. This "mismatch" stemmed from the TCJA's repeal of § 958(b)(4). It purportedly allowed LGI to claim the above-described dividends-received deduction from the sale of TGH pursuant to § 245A while, at the same time, not reporting any GILTI or subpart F income with respect to TGH, because the December 28, 2018, transfer eliminated any U.S. shareholder of TGH as of December 31, 2018. LGI explained in Statement 1 of its amended

return that it had eliminated from its consolidated income tax return $1,932,194,233 in income that would otherwise have been subject to tax because of GILTI.

*LGI's answer*: Denies the first three sentences. Admits that the corrected computations in LGI's amended tax return decreased LGI's GILTI inclusion from $1,932,194,233 to zero.

13. *Plaintiff's allegation*: Project Soy could only purport to generate a § 245A dividends received deduction to the extent TGH had earnings and profits for U.S. tax purposes. *See* 26 U.S.C. §§ 964(e)(1), 1248(a).

*LGI's answer*: Denies that a response is required for this legal conclusion.

14. *Plaintiff's allegation*: Before LGI implemented Project Soy, TGH's earnings and profits were insufficient to shelter LGI's $2,418,531,039 gain from the transfer of its interest in TGH.

*LGI's answer*: Admits that, before the steps of Project Soy were undertaken, TGH's earnings and profits were less than $2,418,531,039. Otherwise, denies.

15. *Plaintiff's allegation*: However, LGI and its tax advisors inserted three other steps into Project Soy that were not necessary to the December 28, 2018, transfer of LGI's interest in TGH. These steps, executed just days before the transfer, purported to generate € 4,053,202,400 ($4,781,076,576 using the currency conversion rate used by LGI in its return) of earnings and profits for TGH that, LGI contended, could then be deducted pursuant to the § 245A dividends-received deduction.

*LGI's answer*: Admits that Steps 1-3 of Project Soy generated $4,781,076,576 of earnings and profits for TGH. Otherwise denies.

6

16. ***Plaintiff's allegation***: More specifically, in Step 1, Telenet Group eliminated €4,283,000,000 of capital of its shareholder TGH. In Step 2, Telenet International Finance transferred its interest in Telenet Financing USD to TGH. In Step 3, Telenet Group converted the form of its Belgian entity from a BVBA entity to an NV entity, after which it immediately issued €4,283,000,000 worth of "Profit Certificates" to TGH to replace the capital that had been eliminated in Step 1. Steps 1 through 3 of Project Soy were all purportedly completed on December 25 or December 26, 2018.

*LGI's answer*: Admits that Telenet Group BVBA decreased its issued share capital by €4,283,000,000 in Step 1. Admits that Telenet International Finance transferred its interest in Telenet Financing USD to TGH in Step 2. Admits that Telenet Group BVBA converted into Telenet Group NV and issued profit certificates in the amount of €4,283,000,000 in Step 3. Admits these steps were completed on December 25 or December 26, 2018. Otherwise denies. Further alleges that Step 1 and Step 2 were disregarded for U.S. federal income tax purposes.

17. ***Plaintiff's allegation***: Step 1 of Project Soy did not change, in a meaningful way (apart from federal income tax effects), LGI's economic position.

*LGI's answer*: Admits that Step 1 of Project Soy did not change, in a meaningful way, LGI's economic position. Denies that Step 1 had any federal income tax effects, because the transaction was disregarded for U.S. tax purposes.

18. ***Plaintiff's allegation***: LGI had no substantial purpose (apart from federal income tax effects) for directing TGH to enter into Step 1 of Project Soy.

*LGI's answer*: Admits that Step 1 of Project Soy served no substantial non-tax purpose for LGI. Denies that LGI directed TGH to enter into Step 1 of the Transactions.

19. ***Plaintiff's allegation***: Step 2 of Project Soy did not change, in a meaningful way (apart from federal income tax effects), LGI's economic position.

***LGI's answer***: Admits that Step 2 of Project Soy did not change, in a meaningful way, LGI's economic position. Denies that Step 2 had any federal income tax effects, because the transaction was disregarded for U.S. tax purposes.

20. ***Plaintiff's allegation***: LGI had no substantial purpose (apart from federal income tax effects) for directing TGH to enter into Step 2 of Project Soy.

***LGI's answer***: Admits that Step 2 of Project Soy served no substantial non-tax purpose for LGI. Denies that LGI directed TGH to enter into Step 2 of the Transactions.

21. ***Plaintiff's allegation***: Step 3 of Project Soy did not change, in a meaningful way (apart from federal income tax effects), LGI's economic position.

***LGI's answer***: Admits that Step 3 of Project Soy did not change, in a meaningful way, LGI's economic position. However, Step 3 had non-tax consequences including consequences under Belgian corporate law.

22. ***Plaintiff's allegation***: LGI had no substantial purpose (apart from federal income tax effects) for directing TGH to enter into Step 3 of Project Soy.

***LGI's answer***: Admits that Step 3 of Project Soy served no substantial non-tax purpose for LGI. Denies that LGI directed TGH to enter into Step 3 of the Transactions.

23. ***Plaintiff's allegation***: The end result of Project Soy was for LGI to transfer its interest in TGH to Liberty Global plc. Steps 1, 2, and 3 of Project Soy were merely inserted into Project Soy as a means to generate tax attributes for use in Step 4.

*LGI's answer*: Admits that steps of Project Soy were undertaken as part of a unitary plan to achieve LGI's expected U.S. federal income tax treatment, including LGI's claim to a § 245A dividends received deduction. Otherwise, denies.

24. *Plaintiff's allegation*: Steps 1 through 3 of Project Soy were so interdependent and so linked to Step 4 that it is unlikely Steps 1 through 3 would have been undertaken except in contemplation of each other and Step 4.

*LGI's answer*: Admits.

25. *Plaintiff's allegation*: In June 2019, Treasury issued Treasury Decision 9865, 84 Fed. Reg. 28398, which included temporary Treasury regulations addressing the international tax changes made by the TCJA. As Treasury noted in the preamble to the temporary regulations, "the Treasury and the IRS are aware that some taxpayers are undertaking transactions with a view to eliminating current or future taxation of all foreign earnings of a CFC, including earnings attributable to base erosion-type income[.]" 84 Fed. Reg. 28400.

*LGI's answer*: Admits.

26. *Plaintiff's allegation*: On or about October 11, 2019, LGI filed a consolidated federal income tax return for its 2018 tax year. It then filed an amended return on or about December 23, 2019. As LGI explains in paragraphs 37 through 43 of its complaint (attached here as Exhibit 1), its first return reported the "TGH Transaction" (Project Soy Step 4) in a manner that was consistent with the temporary Treasury regulations. Then, on its amended return, LGI took the position that the regulations were invalid. LGI's original and amended federal income tax returns both took positions that were dependent on the earnings and profits generated by

Steps 1 through 3 of Project Soy. The amended return claimed a refund of $95,783,237, based on the regulation's invalidity.

*LGI's answer*: Admits.

28. *Plaintiff's allegation*: After LGI filed its amended return claiming a federal income tax refund, the IRS began to review LGI's Project Soy transactions. The IRS requested additional information about the series of transactions, including those transactions that purported to create earnings and profits. LGI produced some, but not all, of the information requested by the IRS.

*LGI's answer*: Admits. However, LGI alleges that the IRS did, in fact, conduct an extensive audit of LGI's 2018 tax year and identified only the validity of the regulation as a disputed issue. The IRS told LGI on multiple occasions during the administrative audit that it had decided to deny Plaintiff's claim for refund and intended to send the case to IRS Administrative Appeals which, under IRS internal operating procedures, required the case be fully factually developed. See Internal Revenue Manual, section 4.2.1.8.2(1)(b) (Apr. 23, 2014). LGI further alleges it has fully responded to all discovery requests in the related case pending before this Court.

28. *Plaintiff's allegation*: On November 19, 2020, the IRS issued a delinquency notice to LGI regarding the missing information. The IRS ordinarily issues such notices before it might issue a formal summons to a taxpayer for the information that an IRS examination team seeks. If a taxpayer fails to respond to a formal summons, the United States may seek to enforce the summons in a federal court proceeding. The IRS gave LGI a November 27, 2020, deadline to respond to the delinquency notice.

*LGI's answer*: Admits that on November 19, 2020, IRS issued a delinquency notice to LGI with a deadline of November 27, 2020 to respond. Otherwise, denies for lack of knowledge.

29. *Plaintiff's allegation*: On November 27, 2020, instead of providing additional information to the IRS, LGI filed its complaint (Exhibit 1), seeking a refund of approximately $110 million for taxes and additions to tax that it alleges to have overpaid for its 2018 tax year. At paragraph 11 of the complaint, LGI stated that the "primary issue" it sought to litigate was "whether LGI is entitled to claim a deduction on its 2018 corporate income tax return under 26 U.S.C. § 245A[.]"

*LGI's answer*: Admits that LGI filed its complaint on November 27, 2020 seeking a refund of its approximate $110 million overpayment for the 2018 tax year after satisfying all statutory requirements for such suit under 26 U.S.C. § 7422. Admits second sentence.

30. *Plaintiff's allegation*: In its answer, the United States denied that the regulations were invalid, but it also noted that, because LGI filed its suit before the IRS had completed its examination, discovery was necessary to determine whether LGI had the earnings and profits that it contended existed, and moreover, that discovery was required to determine whether "any steps of the transactions, or the transactions themselves, may be recharacterized or disregarded under judicial doctrines or other provisions of the Internal Revenue Code."

*LGI's answer*: Admits that the United States made these statements in its answer. However, as alleged above in response to allegation 27, the IRS conducted an extensive audit of LGI's 2018 tax year and considered it sufficiently factually complete to send the case to IRS Administrative Appeals. It was not until after LGI informed Defendant that it intended to litigate

the validity of the regulation (rather than proceed to IRS Appeals) that the IRS audit team took the position that it needed additional facts and might raise alternative defenses.

31. *Plaintiff's allegation*: On April 4, 2022, the district court entered an order determining that the 2019 temporary Treasury regulations did not meet the requirements of the Administrative Procedure Act to the extent Treasury intended the regulations to have retroactive effect to cover LGI's 2018 tax year. (Case No. 1:20-cv-03501-RBJ, Dkt. 46). The United States respectfully maintains that the temporary Treasury regulations have valid retroactive effect, and that LGI's tax liability should be computed in accordance with the regulations. The United States reserves its right to take an appeal from any final decision. But as the district court recognized, its April 4, 2022, decision does not dispose of the case. Other issues remain, namely whether "the actions LGI took to attempt to receive the § 245A deduction complied with the applicable tax laws." (*Id.* at 5). That matter is therefore still pending in the district court, and the United States intends to seek consolidation of that case with this action.

*LGI's answer*: Denies that the temporary Treasury regulations have valid retroactive effect, and that LGI's tax liability should be computed in accordance with the regulations. Denies for lack of knowledge whether the United States intends to seek consolidation. Otherwise, admits.

## CLAIM FOR RELIEF

32. *Plaintiff's allegation*: Project Soy led LGI to understate and underpay its true tax liabilities, in violation of 26 U.S.C. § 6151 and other law.

*LGI's answer*: Denies.

33. ***Plaintiff's allegation***: The tax benefits generated by Project Soy should be disregarded under either 26 U.S.C. § 7701(o) (the codified economic substance doctrine), or judicial doctrines, including the business purpose, step transaction, and/or substance over form doctrines.

***LGI's answer***: Denies.

34. ***Plaintiff's allegation***: If Steps 1 through 3 of Project Soy are disregarded, the United States believes that LGI's pro rata share of TGH earnings and profits would be approximately $97,897,945, with the exact amount to be determined by the Court in this action.

***LGI's answer***: Denies for lack of knowledge.

35. ***Plaintiff's allegation***: The amount of LGI's capital gain is in turn dependent on a determination of TGH's earnings and profits. But based on information now known to the United States, if LGI's share of TGH's earnings and profits was $97,897,945, LGI should recognize a capital gain of $2,320,663,094 on its sale of TGH.

***LGI's answer***: Denies.

36. ***Plaintiff's allegation***: Because applying the economic substance or judicial doctrines reduces the amount of TGH's earnings and profits, and therefore the amount of any dividend from TGH, and any deduction LGI may take for such dividend, there must be a corresponding adjustment to LGI's tax liability. Based on information now known to the United States, LGI's correct federal income tax liability for 2018 is estimated to be $473,384,256. Other adjustments may impact a final determination of LGI's income tax liability, with the specific amounts to be determined through discovery. For example, the computation does not include a

so-called § 78 gross-up relating to foreign tax credits not readily calculable by the IRS but that LGI may demonstrate is available.

*LGI's answer*: Denies.

37. *Plaintiff's allegation*: LGI has made payments toward its 2018 tax liability of $236,746,570, not including an additional payment for penalties for failure to pay on time and in full. LGI therefore has underpaid its tax by $236,637,686, not including adjustments for interest and penalties, or by such an amount as the Court may otherwise find after discovery, if LGI can show the amount is subject to additional adjustments under § 78 or otherwise.

*LGI's answer*: Admits that LGI has paid $236,746,570 for its 2018 tax liability. Otherwise, denies.

38. *Plaintiff's allegation*: The Internal Revenue Code imposes an accuracy related penalty of 20 percent of the portion of an underpayment of tax for "any disallowance of claimed tax benefits by reason of a transaction lacking economic substance (within the meaning of section 7701(o)) or failing to meet the requirement of any similar rule of law." 26 U.S.C. § 6662(a), (b)(6).

*LGI's answer*: Denies that a response is required for this legal conclusion, but to the extent so required, LGI denies the applicability of 26 U.S.C. § 6662(a), (b)(6).

39. *Plaintiff's allegation*: LGI's underpayment of $236,637,686, or such amount as the Court may determine, is due to its Project Soy transactions, which lack economic substance within the meaning of § 7701(o) or otherwise fail to meet the requirements of any similar rule of law. LGI is therefore liable for an accuracy related penalty. Assuming an underpayment of $236,637,686, that penalty would be $47,327,537.

*LGI's answer*: Denies.

40. *Plaintiff's allegation*: The Internal Revenue Code also imposes interest on underpayments of taxes and accuracy related penalties, which may continue to accrue over time and are calculated by statutory formula. 26 U.S.C. § 6601.

*LGI's answer*: Denies that a response is required for this legal conclusion, but to the extent so required, LGI denies the applicability of 26 U.S.C. § 6601, because LGI has not underpaid its taxes.

**AFFIRMATIVE DEFENSE**

**Statute of Limitations**

41. The United States is prohibited from initiating assessments and collection proceedings for a given tax year after the three-year period for assessment has closed. *See* 26 U.S.C. § 6501(a).

42. The three-year period for assessment expired in October 2022 for LGI's 2018 tax year.

43. Before bringing this action, the United States was required to mail a "notice of deficiency" to LGI with respect to its purported tax deficiency for the 2018 tax year. *See* 26 U.S.C. § 6213(a).

44. While the issuance of a notice of deficiency would have prevented the three-year period for assessment from closing with respect to LGI's 2018 tax year under 26 U.S.C. § 6503(a), the United States failed to issue such notice.

45. Because the United States failed to issue a notice of deficiency within the statute of limitation, the assessment and collection of any tax deficiency for LGI's 2018 tax year is time-barred.

## PRAYER FOR RELIEF

WHEREFORE, LGI respectfully requests that this Court (i) find that LGI does not have a $236,637,686 additional tax liability for the 2018 tax year, and does not owe any penalties or interest thereupon; (ii) enter judgment for LGI; and (iii) grant such other relief as the Court deems appropriate.

Respectfully submitted this 15th day of June, 2023.

|  |  |
|---|---|
|  | /s/ Rajiv Madan |
| Gregory S. Tamkin, #027105 | **Rajiv Madan** |
| Dorsey & Whitney LLP | Nathan Wacker |
| 1400 Wewatta Street, Suite 400 | Skadden, Arps, Slate, Meagher & Flom LLP |
| Denver, CO 80202-5549 | 1440 New York Avenue, N.W. |
| Telephone: (303) 629-3400 | Washington, DC 20005 |
| E-mail: tamkin.greg@dorsey.com | Telephone: (202) 371-7020 (Madan) |
| *Attorney for Defendant Liberty Global, Inc.* | (202) 371-7182 (Wacker) |
|  | E-mail: Raj.Madan@skadden.com |
|  | Nathan.Wacker@skadden.com |
|  | *Attorneys for Defendant Liberty Global, Inc.* |

## CERTIFICATE OF SERVICE

I hereby certify that on June 15, 2023, I served the foregoing document by filing it with the Court's CM/ECF system, which will send an electronic copy to all counsel of record.

/s/ Rajiv Madan
Rajiv Madan