## EXHIBIT 7: CITED STATUTORY AND LEGISLATIVE HISTORY DOCUMENTS


**1862:** Revenue Act of 1862, ch. 119, 12 Stat. 432 .......... 2

**1917:** War Revenue Act of 1917, ch. 63, § 1005, 40 Stat. 300, 326 .......... 5

**1939:** Internal Revenue Code of 1939, § 3791, 53 Stat. 1, 467 .......... 8

**1954:** Internal Revenue Code of 1954, Pub. L. No. 83-591, § 7805, 68A Stat. 3, 917 .......... 11

**1988:** Technical and Miscellaneous Revenue Act of 1988, Pub. L. No. 100-647, § 6232, 102 Stat. 3342, 3734-35 .......... 13

S. Rep. No. 100-309, at 7 (1988) .......... 17

H.R. Rep. No. 100-1104, at 217-18 (1988) (Conf. Rep.) .......... 21

**1996:** Taxpayer Bill of Rights 2, Pub. L. No. 104-168, § 1101, 110 Stat. 1452, 1468-69 (1996) .......... 25

H.R. Rep. No. 104-506, at 44 (1996) .......... 29

**1999:** Staff of Joint Comm. on Tax'n, Print JCS-3-99, at 221-22 (1999) .......... 33

Case No. 1:20-cv-03501-RBJ Document 33-8 filed 12/22/21 USDC Colorado pg 2 of 36

BY AUTHORITY OF CONGRESS.

THE

# Statutes at Large, Treaties,

AND

# PROCLAMATIONS,

OF THE

# UNITED STATES OF AMERICA.

FROM

DECEMBER 5, 1859, TO MARCH 3, 1863.

Arranged in Chronological Order and carefully collated with the Originals at Washington.

WITH

REFERENCES TO THE MATTER OF EACH ACT AND TO THE SUBSEQUENT ACTS ON THE SAME SUBJECT.

EDITED BY

GEORGE P. SANGER,

COUNSELLOR AT LAW.

The rights and interest of the United States in the stereotype plates from which this work is printed, are hereby recognized, acknowledged, and declared by the publishers, according to the provisions of the joint resolution of Congress, passed March 3, 1845.

VOL. XII.

BOSTON:

LITTLE, BROWN AND COMPANY.

1863.

Case No. 1:20-cv-03501-RBJ Document 33-8 filed 12/22/21 USDC Colorado pg 3 of 36



and fifty thousand dollars is hereby appropriated, out of any money in the Treasury not otherwise appropriated, for postal service on such mail routes established by the present Congress as the Postmaster General may deem necessary and expedient.

Approved, June 18, 1862.

---

June 19, 1862.

Chap. CXI. — *An Act to secure Freedom to all Persons within the Territories of the United States.*

Freedom in the Territories secured.

*Post*, p. 811.

*Be it enacted by the Senate and House of Representatives of the United States of America in Congress assembled*, That from and after the passage of this act there shall be neither slavery nor involuntary servitude in any of the Territories of the United States now existing, or which may at any time hereafter be formed or acquired by the United States, otherwise than in punishment of crimes whereof the party shall have been duly convicted.

Approved, June 19, 1862.

---

June 19, 1862.

Chap. CXII. — *An Act to change the Location of the Port of Entry for the Puget Sound Collection District.*

Port of entry for Puget Sound collection district.

*Be it enacted by the Senate and House of Representatives of the United States of America in Congress assembled*, That from and after the first day of October, eighteen hundred and sixty-two, the port of Port Townsend, in the district of Puget Sound, in Washington Territory, is hereby abolished as a port of entry; and that Port Angelos be and is hereby established as the port of entry and delivery for the said district from and after the said date.

Approved, June 19, 1862.

---

June 20, 1862.

Chap. CXVI. — *An Act to change the Port of Entry for the District of Brunswick, Georgia.*

Port of entry for the district of Brunswick, Georgia.

*Be it enacted by the Senate and House of Representatives of the United States of America in Congress assembled*, That from and after the first day of July, eighteen hundred and sixty-two, the port of entry for the district of Brunswick, Georgia, shall be Brunswick, and that Darien shall be abolished as the port of entry.

Deputy collector at Darien.

Sec. 2. *And be it further enacted*, That there shall be a deputy collector appointed, according to law, to reside at Darien, and to exercise such powers as the Secretary of the Treasury, under the revenue laws, may prescribe.

Approved, June 20, 1862.

---

July 1, 1862.

1862, ch. 163, § 25. *Post*, pp. 561, 627.
1863, ch. 74. *Post*, p. 713.

Chap. CXIX. — *An Act to provide Internal Revenue to support the Government and to pay Interest on the Public Debt.*

Office of Commissioner of Internal Revenue, created.

*Be it enacted by the Senate and House of Representatives of the United States of America in Congress assembled*, That, for the purpose of superintending the collection of internal duties, stamp duties, licenses, or taxes imposed by this act, or which may be hereafter imposed, and of assessing the same, an office is hereby created in the Treasury Department to be called the office of the Commissioner of Internal Revenue; and the President of the United States is hereby authorized to nominate, and, with the advice and consent of the Senate, to appoint, a Commissioner of Internal Revenue, with an annual salary of four thousand dollars, who shall be charged, and hereby is charged, under the direction of the Secretary of the Treasury, with preparing all the instructions, regulations, directions, forms, blanks, stamps, and licenses, and distributing the same,

Commissioner, appointment, salary, duty, &c., to prepare rules, forms, blanks, &c.,

U.S. Exhibit 7 - Page 003

Case No. 1:20-cv-03501-RBJ Document 33-8 filed 12/22/21 USDC Colorado pg 4 of 36



Commissioner of Internal Revenue,

to provide stamps and dies,

*Post*, p. 725.

to have clerks.

Franking privilege.

or any part thereof, and all other matters pertaining to the assessment and collection of the duties, stamp duties, licenses, and taxes, which may be necessary to carry this act into effect, and with the general superintendence of his office, as aforesaid, and shall have authority, and hereby is authorized and required, to provide proper and sufficient stamps or dies for expressing and denoting the several stamp duties, or the amount thereof in the case of percentage duties, imposed by this act, and to alter and renew or replace such stamps from time to time, as occasion shall require; and the Secretary of the Treasury may assign to the office of the Commissioner of Internal Revenue such number of clerks as he may deem necessary, or the exigencies of the public service may require, and the privilege of franking all letters and documents pertaining to the duties of his office, and of receiving free of postage all such letters and documents, is hereby extended to said commissioner.

## GENERAL PROVISIONS.

General provisions.

Convenient collection districts to be made.

Assessor and collector for each.

*Post*, p. 561.

Any State, &c., may make one district.

Limit to number of districts in any State.

California.

SEC. 2. *And be it further enacted*, That, for the purpose of assessing, levying, and collecting the duties or taxes hereinafter prescribed by this act, the President of the United States be, and he is hereby, authorized to divide, respectively, the States and Territories of the United States and the District of Columbia into convenient collection districts, and to nominate, and, by and with the advice and consent of the Senate, to appoint an assessor and a collector for each such district, who shall be residents within the same: *Provided*, That any of said States and Territories, and the District of Columbia, may, if the President shall deem it proper, be erected into and included in one district: *Provided*, That the number of districts in any State shall not exceed the number of representatives to which such State shall be entitled in the present Congress, except in such States as are entitled to an increased representation in the Thirty-Eighth Congress, in which States the number of districts shall not exceed the number of Representatives to which any such State may be so entitled: *And provided further*, That in the State of California the President may establish a number of districts not exceeding the number of Senators and Representatives to which said State is entitled in the present Congress.

Assessor to divide his district into convenient assessment districts.

Assistant assessor in each.

Oath of assessor and assistants.

Certificate of oath.

Penalty for acting without taking oath.

SEC. 3. *And be it further enacted*, That each of the assessors shall divide his district into a convenient number of assessment districts, subject to such regulations and limitations as may be imposed by the Commissioner of Internal Revenue, within each of which he shall appoint one assistant assessor, who shall be resident therein; and each assessor and assistant assessor so appointed, and accepting the appointment, shall, before he enters on the duties of his appointment, take and subscribe, before some competent magistrate, or some collector, to be appointed by virtue of this act, (who is hereby empowered to administer the same,) the following oath or affirmation, to wit: "I, A B, do swear, or affirm, (as the case may be,) that I will bear true faith and allegiance to the United States of America, and will support the Constitution thereof, and that I will, to the best of my knowledge, skill, and judgment, diligently and faithfully execute the office and duties of assessor for, (naming the assessment district,) without favor or partiality, and that I will do equal right and justice in every case in which I shall act as assessor." And a certificate of such oath or affirmation shall be delivered to the collector of the district for which such assessor or assistant assessor shall be appointed. And every assessor or assistant assessor acting in the said office without having taken the said oath or affirmation shall forfeit and pay one hundred dollars, one moiety thereof to the use of the United States, and the other moiety thereof to him who shall first sue for the same, with costs of suit.

SEC. 4. *And be it further enacted*, That before any such collector



U.S. Exhibit 7 - Page 004

THE

# STATUTES AT LARGE

OF THE

## UNITED STATES OF AMERICA

FROM

APRIL, 1917, TO MARCH, 1919

CONCURRENT RESOLUTIONS OF THE TWO HOUSES OF CONGRFSS

AND

RECENT TREATIES, CONVENTIONS, AND EXECUTIVE PROCLAMATIONS

AMENDMENT TO THE CONSTITUTION

---

EDITED, PRINTED, AND PUBLISHED BY AUTHORITY OF CONGRESS
UNDER THE DIRECTION OF THE SECRETARY OF STATE

---

## VOL. XL

IN TWO PARTS

PART 1—Public Acts and Resolutions

PART 2—Private Acts and Resolutions, Concurrent Resolutions, Treaties, Proclamations, and Amendment to the Constitution

---

## PART 1

---

WASHINGTON
GOVERNMENT PRINTING OFFICE
1919

Case No. 1:20-cv-03501-RBJ Document 33-8 filed 12/22/21 USDC Colorado pg 6 of 36



Provisions applicable to all reserved potassium deposits.

Sec. 9. That the provisions of this Act shall also apply to all deposits of potassium salts in the lands of the United States which may have been or may be disposed of under laws reserving to the United States the potassium deposits with the right to prospect for, drill, mine, and remove the same, subject to such conditions as to the use and occupancy of the surface as are or may hereafter be provided by law.

Royalties and rents to be paid into reclamation fund. Vol. 32, p. 388.

After used for construction, 50 per cent to go to States.

For public roads and schools.

Sec. 10. That all moneys received from royalties and rentals under the provisions of this Act, excepting those from Alaska, shall be paid into, reserved, and appropriated as a part of the reclamation fund created by the Act of Congress approved June seventeenth, nineteen hundred and two, known as the reclamation Act, but after use thereof in the construction of reclamation works and upon return to the reclamation fund of any such moneys in the manner provided by the reclamation Act and Acts amendatory thereof and supplemental thereto, fifty per centum of the amounts derived from such royalties and rentals, so utilized in and returned to the reclamation fund shall be paid by the Secretary of the Treasury after the expiration of each fiscal year to the State within the boundaries of which the leased lands or deposits are or were located, said moneys to be used by such State or subdivisions thereof for the construction and maintenance of public roads or for the support of public schools.

Rules, etc., to be made.

Sec. 11. That the Secretary of the Interior is authorized to prescribe necessary and proper rules and regulations and to do any and all things necessary to carry out and accomplish the purposes of this Act.

Disposition of all deposits subject to this Act. Valid claims protected.

*Provisos.* State, etc., tax laws not impaired.

Sec. 12. That the deposits herein referred to, in lands valuable for such minerals, shall be subject to disposition only in the form and manner provided in this Act, except as to valid claims existent at date of the passage of this Act and thereafter maintained in compliance with the laws under which initiated, which claims may be perfected under such laws: *Provided*, That nothing in this Act shall be construed or held to affect the rights of the States or other local authority to exercise any rights which they may have to levy and collect taxes upon improvements, output of mines, or other rights, property, or assets of any lessee.

Right to regulate price of mineral reserved.

*Proviso.* Regulation of disposal.

Sec. 13. That the Secretary of the Interior is hereby authorized and directed to incorporate in every lease issued under the provisions of this Act a provision reserving to the President the right to regulate the price of all mineral extracted and sold from the leased premises, which stipulation shall specifically provide that the price or prices fixed shall be such as to yield a fair and reasonable return to the lessee upon his investment and to secure to the consumer any of such products at the lowest price reasonable and consistent with the foregoing: *Provided*, That such lease issued under this Act shall also stipulate that the President shall have authority to so regulate the disposal of the potassium products produced under such lease as to secure its distribution and use wholly within the limits of the United States or its possessions.

Approved, October 2, 1917.

---

October 3, 1917. [H. R. 4280.]

[Public, No. 50.]

**CHAP. 63.**—An Act To provide revenue to defray war expenses, and for other purposes.

War Revenue Act.

*Be it enacted by the Senate and House of Representatives of the United States of America in Congress assembled,*

WAR INCOME TAX.

## Title I.—War Income Tax.

Additional normal tax on incomes of citizens or residents. Vol. 39, p. 756. *Post*, p. 1149.

Section 1. That in addition to the normal tax imposed by subdivision (a) of section one of the Act entitled "An Act to increase the revenue, and for other purposes," approved September eighth, nine-

Case No. 1:20-cv-03501-RBJ Document 33-8 filed 12/22/21 USDC Colorado pg 7 of 36



ADMINISTRATIVE PROVISIONS.

lected, or accounted for and paid over, to be assessed and collected in the same manner as taxes are assessed and collected, in any case in which the punishment is not otherwise specifically provided.

Enforcement.

Sec. 1005. That the Commissioner of Internal Revenue, with the approval of the Secretary of the Treasury, is hereby authorized to make all needful rules and regulations for the enforcement of the provisions of this Act.

Temporary use of existing stamps for new rates.

Sec. 1006. That where the rate of tax imposed by this Act, payable by stamps, is an increase over previously existing rates, stamps on hand in the collectors' offices and in the Bureau of Internal Revenue may continue to be used until the supply on hand is exhausted, but shall be sold and accounted for at the rates provided by this Act, and assessment shall be made against manufacturers and other taxpayers having such stamps on hand on the day this Act takes effect for the difference between the amount paid for such stamps and the tax due at the rates provided by this Act.

Payment for stamps on hand.

Payment of tax on articles under contracts prior to May 9, 1917, by vendee.

Sec. 1007. That (a) if any person, corporation, partnership, or association has prior to May ninth, nineteen hundred and seventeen, made a bona fide contract with a dealer for the sale, after the tax takes effect, of any article (or, in the case of moving picture films, such a contract with a dealer, exchange, or exhibitor, for the sale or lease thereof) upon which a tax is imposed under Title III, IV, or VI, or under subdivision thirteen of Schedule A of Title VIII, or under this section, and (b) if such contract does not permit the adding of the whole of such tax to the amount to be paid under such contract, then the vendee or lessee shall, in lieu of the vendor or lessor, pay so much of such tax as is not so permitted to be added to the contract price.

Time of payment. *Ante*, p. 315.

The taxes payable by the vendee or lessee under this section shall be paid to the vendor or lessor at the time the sale or lease is consummated, and collected, returned, and paid to the United States by such vendor or lessor in the same manner as provided in section five hundred and three.

"Dealer" construed.

The term "dealer" as used in this section includes a vendee who purchases any article with intent to use it in the manufacture or production of another article intended for sale.

Fractions of a cent.

Sec. 1008. That in the payment of any tax under this Act not payable by stamp a fractional part of a cent shall be disregarded unless it amounts to one-half cent or more, in which case it shall be increased to one cent.

Advance payments of estimated tax in installments.

Sec. 1009. That the Secretary of the Treasury, under rules and regulations prescribed by him, shall permit taxpayers liable to income and excess profits taxes to make payments in advance in installments or in whole of an amount not in excess of the estimated taxes which will be due from them, and upon determination of the taxes actually due any amount paid in excess shall be refunded as taxes erroneously collected: *Provided*, That when payment is made in installments at least one-fourth of such estimated tax shall be paid before the expiration of thirty days after the close of the taxable year, at least an additional one-fourth within two months after the close of the taxable year, at least an additional one-fourth within four months after the close of the taxable year, and the remainder of the tax due on or before the time now fixed by law for such payment: *Provided further*, That the Secretary of the Treasury, under rules and regulations prescribed by him, may allow credit against such taxes so paid in advance of an amount not exceeding three per centum per annum calculated upon the amount so paid from the date of such payment to the date now fixed by law for such payment; but no such credit shall be allowed on payments in excess of taxes determined to be due, nor on payments made after the expira-

Refund of excess.

*Provisos.* Allotment of payments.

Credit for advanced payments.

U.S. Exhibit 7 - Page 007

# UNITED STATES STATUTES AT LARGE

CONTAINING THE

LAWS AND CONCURRENT RESOLUTIONS
ENACTED DURING THE FIRST SESSION OF THE
SEVENTY-SIXTH CONGRESS
OF THE UNITED STATES OF AMERICA

## 1939

AND

TREATIES, INTERNATIONAL AGREEMENTS OTHER
THAN TREATIES, AND PROCLAMATIONS

---

COMPILED, EDITED, INDEXED, AND PUBLISHED BY AUTHORITY OF LAW
UNDER THE DIRECTION OF THE SECRETARY OF STATE

---

## VOLUME 53

PART 1

## INTERNAL REVENUE CODE

APPROVED FEBRUARY 10, 1939



UNITED STATES
GOVERNMENT PRINTING OFFICE
WASHINGTON : 1939

TABLE OF CONTENTS

CHAPTER 38—MISCELLANEOUS PROVISIONS

Sec. 3790. Prohibition of administrative review of Commissioner's decisions.
Sec. 3791. Rules and regulations.
Sec. 3792. Expenses of detection and punishment of frauds.
Sec. 3793. Penalties and forfeitures.
Sec. 3794. Interest on delinquent taxes.
Sec. 3795. Administration of real estate acquired by the United States.
Sec. 3796. Purchase of stationery.
Sec. 3797. Definitions.
Sec. 3798. Exemption of insolvent banks from tax.
Sec. 3799. Income from obligations and mortgages issued by Joint-Stock Land Banks.
Sec. 3800. Jurisdiction of district courts to issue orders, processes, and judgments.
Sec. 3801. Mitigation of effect of limitation and other provisions in income tax cases.
Sec. 3802. Separability clause.

---

# CHAPTER 38—MISCELLANEOUS PROVISIONS

### SEC. 3790. PROHIBITION OF ADMINISTRATIVE REVIEW OF COMMISSIONER'S DECISIONS.

In the absence of fraud or mistake in mathematical calculation, the findings of facts in and the decision of the Commissioner upon (or in case the Secretary is authorized to approve the same, then after such approval) the merits of any claim presented under or authorized by the internal revenue laws shall not, except as provided in chapter 5, be subject to review by any other administrative or accounting officer, employee, or agent of the United States.

### SEC. 3791. RULES AND REGULATIONS.

(a) AUTHORIZATION.—

(1) IN GENERAL.—Except as provided in section 1928 (a), Cotton Futures, section 2599, Marihuana, section 2559, Narcotics, section 3176, Liquor, and section 1805, Silver, the Commissioner, with the approval of the Secretary, shall prescribe and publish all needful rules and regulations for the enforcement of this title.

(2) IN CASE OF CHANGE IN LAW.—The Commissioner may make all such regulations, not otherwise provided for, as may have become necessary by reason of any alteration of law in relation to internal revenue.

(b) RETROACTIVITY OF REGULATIONS OR RULINGS.—The Secretary, or the Commissioner with the approval of the Secretary, may prescribe the extent, if any, to which any ruling, regulation, or Treasury Decision, relating to the internal revenue laws, shall be applied without retroactive effect.

### SEC. 3792. EXPENSES OF DETECTION AND PUNISHMENT OF FRAUDS.

The Commissioner, with the approval of the Secretary, is authorized to pay such sums, not exceeding in the aggregate the sum appropriated therefor, as he may deem necessary for detecting and bringing to trial and punishment persons guilty of violating the internal revenue laws, or conniving at the same, in cases where such expenses are not otherwise provided for by law.

Case No. 1:20-cv-03501-RBJ Document 33-8 filed 12/22/21 USDC Colorado pg 10 of 36



TABLE A.—*Derivation of Internal Revenue Code*—Continued

| I. R. C. section | Date | Volume | Page | Chapter | Section |
|---|---|---|---|---|---|
| 3760 (b) | 1928, May 29 | 45 | 874 | 852 | 606 (b). |
| | *1938, May 28 | 52 | 573 | 289 | 802. |
| 3761 (a) | | | | | R. S. 3229. |
| | 1933, Mar. 3 | 47 | 1518 | 212 | 16. |
| | | | | | Executive Order No. 6166, sec. 5. |
| | 1938, May 28 | 52 | 578 | 289 | 815. |
| 3761 (b) | | | | | R. S. 3229. |
| | 1933, Mar. 3 | 47 | 1518 | 212 | 16. |
| | 1934, May 10 | 48 | 759 | 277 | 512 (b). |
| | | | | | Executive Order No. 6166, sec. 5. |
| 3761 (c) | | | | | |
| 3762 | 1928, May 29 | 45 | 877 | 852 | 616. |
| 3770 (a) (1) | | | | | R. S. 3220. |
| | *1928, May 29 | 45 | 878 | 852 | 619 (b). |
| | *do | 45 | 996 | 901 | 3. |
| 3770 (a) (2) | 1928, May 29 | 45 | 874 | 852 | 607. |
| 3770 (a) (3) | 1932, June 6 | 47 | 287 | 209 | 1104. |
| 3770 (a) (4) | | | | | |
| 3770 (b) | | | | | R. S. 3220. |
| | *1928, May 29 | 45 | 996 | 901 | 3. |
| 3771 (a) | 1928, May 29 | 45 | 876 | 852 | 614 (a). |
| 3771 (b) | 1928, May 29 | 45 | 876 | 852 | 614 (a). |
| | *1936, June 22 | 49 | 1744 | 690 | 804. |
| 3771 (c) | 1928, May 29 | 45 | 877 | 852 | 614 (b). |
| 3772 (a) (1), (2) | | | | | R. S. 3226. |
| | *1932, June 6 | 47 | 286 | 209 | 1103 (a). |
| 3772 (a) (3) | | | | | R. S. 3226. |
| | 1936, June 22 | 49 | 1745 | 690 | 807. |
| 3772 (b) | | | | | R. S. 3226. |
| | *1932, June 6 | 47 | 286 | 209 | 1103 (a). |
| 3772 (c) | | | | | |
| 3773 | | | | | |
| 3774 (a), (b) | 1928, May 29 | 45 | 874 | 852 | 608. |
| | *1934, May 10 | 48 | 756 | 277 | 503. |
| 3774 (c) | | | | | |
| 3775 | 1928, May 29 | 45 | 875 | 852 | 609. |
| 3776 | | | | | R. S. 3220. |
| | *1928, May 29 | 45 | 996 | 901 | 3. |
| 3777 | 1928, May 29 | 45 | 882 | 852 | 710. |
| 3778 | | | | | |
| 3790 | 1926, Feb. 26 | 44 | 113 | 27 | 1107. |
| 3791 (a) (1) | | | | | R. S. 321. |
| | 1886, Aug. 2 | 24 | 212 | 840 | 20. |
| | 1896, June 6 | 29 | 256 | 337 | 18. |
| | 1898, June 13 | 30 | 469 | 448 | 47. |
| | 1902, May 9 | 32 | 194 | 784 | 4. |
| | 1912, Apr. 9 | 37 | 83 | 75 | 15. |
| | 1926, Feb. 26 | 44 | 111 | 27 | 1101. |
| | 1934, June 26 | 48 | 1240 | 757 | 12. |
| 3791 (a) (2) | | | | | R. S. 3447. |
| 3791 (b) | | | | | R. S. 3447. |
| | 1926, Feb. 26 | | | 27 | 1108 (a). |
| | *1934, May 10 | 48 | 757 | 277 | 506. |
| 3792 | | | | | R. S. 3463. |
| 3793 (a) | | | | | R. S. 3451. |
| 3793 (b) (1) | 1926, Feb. 26 | 44 | 116 | 27 | 1114 (c). |
| 3793 (b) (2) | do | 44 | 117 | 27 | 1114 (f). |
| 3793 (c) | | | | | |
| 3794 | 1935, Aug. 30 | 49 | 1027 | 829 | 404. |
| 3795 | | | | | R. S. 3208. |
| | *1879, Mar. 1 | 20 | 332 | 125 | 3. |
| 3796 | 1911, Mar. 4 | 36 | 1195 | 237 | 1. |
| 3797 (a) (1) | | | | | R. S. 1; R. S. 3140. |
| | | | | | R. S. 3173. |
| | *1877, Feb. 27 | 19 | 248 | 69 | |
| | 1914, Dec. 17 | 38 | 785 | 1 | 1. |
| | 1916, Aug. 11 | 39 | 476 | 313 | 2. |
| | 1919, Feb. 24 | 40 | 1057 | 18 | 1. |
| | 1921, Nov. 23 | 42 | 227 | 136 | 2 (1). |
| | *1926, Feb. 26 | 44 | 97 | 27 | 703. |
| | 1926, Feb. 26 | 44 | 9 | 27 | 2 (a) (1). |
| | †1926, Feb. 26 | 44 | 119 | 27 | 1115. |
| | 1928, May 29 | 45 | 878 | 852 | 701 (a) (1). |
| | 1932, June 6 | 47 | 289 | 209 | 1111 (a) (1). |
| | 1934, May 10 | 48 | 771 | 277 | 801 (a) (1). |
| | 1936, June 22 | 49 | 1756 | 690 | 1001 (a) (1). |
| | 1938, May 28 | 52 | 583 | 289 | 901 (a) (1). |
| 3797 (a) (2) | 1932, June 6 | 47 | 289 | 209 | 1111 (a) (3). |
| | 1934, May 10 | 48 | 771 | 277 | 801 (a) (3). |
| | 1936, June 22 | 49 | 1756 | 690 | 1001 (a) (3). |
| | 1938, May 28 | 52 | 583 | 289 | 901 (a) (3). |
| 3797 (a) (3) | 1919, Feb. 24 | 40 | 1058 | 18 | 1. |
| | 1921, Nov. 23 | 42 | 227 | 136 | 2 (2). |
| | 1926, Feb. 26 | 44 | 9 | 27 | 2 (a) (2). |
| | 1928, May 29 | 45 | 878 | 852 | 701 (a) (2). |
| | 1932, June 6 | 47 | 289 | 209 | 1111 (a) (2). |
| | 1934, May 10 | 48 | 771 | 277 | 801 (a) (2). |
| | 1936, June 22 | 49 | 1756 | 690 | 1001 (a) (2). |
| | 1938, May 28 | 52 | 583 | 289 | 901 (a) (2). |

# UNITED STATES

# STATUTES AT LARGE

CONTAINING THE

# Internal Revenue Code of 1954

*Enacted During the Second Session of the Eighty-Third Congress of the United States of America*

1954



VOLUME 68A

IN ONE PART

sentence gave rise to such action. The venue of any such action shall be the same as under existing law.

**SEC. 7805. RULES AND REGULATIONS.**

(a) AUTHORIZATION.—Except where such authority is expressly given by this title to any person other than an officer or employee of the Treasury Department, the Secretary or his delegate shall prescribe all needful rules and regulations for the enforcement of this title, including all rules and regulations as may be necessary by reason of any alteration of law in relation to internal revenue.

(b) RETROACTIVITY OF REGULATIONS OR RULINGS.—The Secretary or his delegate may prescribe the extent, if any, to which any ruling or regulation, relating to the internal revenue laws, shall be applied without retroactive effect.

(c) PREPARATION AND DISTRIBUTION OF REGULATIONS, FORMS, STAMPS, AND OTHER MATTERS.—The Secretary or his delegate shall prepare and distribute all the instructions, regulations, directions, forms, blanks, stamps, and other matters pertaining to the assessment and collection of internal revenue.

**SEC. 7806. CONSTRUCTION OF TITLE.**

(a) CROSS REFERENCES.—The cross references in this title to other portions of the title, or other provisions of law, where the word "see" is used, are made only for convenience, and shall be given no legal effect.

(b) ARRANGEMENT AND CLASSIFICATION.—No inference, implication, or presumption of legislative construction shall be drawn or made by reason of the location or grouping of any particular section or provision or portion of this title, nor shall any table of contents, table of cross references, or similar outline, analysis, or descriptive matter relating to the contents of this title be given any legal effect. The preceding sentence also applies to the sidenotes and ancillary tables contained in the various prints of this Act before its enactment into law.

**SEC. 7807. RULES IN EFFECT UPON ENACTMENT OF THIS TITLE.**

(a) INTERIM PROVISION FOR ADMINISTRATION OF TITLE.—Until regulations are promulgated under any provision of this title which depends for its application upon the promulgation of regulations (or which is to be applied in such manner as may be prescribed by regulations) all instructions, rules or regulations which are in effect immediately prior to the enactment of this title shall, to the extent such instructions, rules, or regulations could be prescribed as regulations under authority of such provision, be applied as if promulgated as regulations under such provision.

(b) PROVISIONS OF THIS TITLE CORRESPONDING TO PRIOR INTERNAL REVENUE LAWS.—

(1) REFERENCE TO LAW APPLICABLE TO PRIOR PERIOD.—Any provision of this title which refers to the application of any portion of this title to a prior period (or which depends upon the application to a prior period of any portion of this title) shall, when appropriate and consistent with the purpose of such provision, be deemed to refer to (or depend upon the application of) the corresponding provision of the Internal Revenue Code of 1939 or of such other internal revenue laws as were applicable to the prior period.

U.S. DEPARTMENT OF JUSTICE
CIVIL LIBRARY - MAIN BLDG.
3344 MAIN
WASHINGTON, D.C. 20530

# UNITED STATES STATUTES AT LARGE

CONTAINING THE

LAWS AND CONCURRENT RESOLUTIONS
ENACTED DURING THE SECOND SESSION OF THE
ONE-HUNDREDTH CONGRESS
OF THE UNITED STATES OF AMERICA

1988

AND

PROCLAMATIONS

## VOLUME 102

IN FIVE PARTS

## PART 4

PUBLIC LAWS 100–591 THROUGH 100–676



CIVIL LIBRARY
APR 25 1991
MAIN BUILDING

UNITED STATES
GOVERNMENT PRINTING OFFICE
WASHINGTON : 1990

Case No. 1:20-cv-03501-RBJ Document 33-8 filed 12/22/21 USDC Colorado pg 14 of 36



Public Law 100-647
100th Congress

## An Act

Nov. 10, 1988
[H.R. 4333]

To make technical corrections relating to the Tax Reform Act of 1986, and for other purposes.

*Be it enacted by the Senate and House of Representatives of the United States of America in Congress assembled,*

Technical and Miscellaneous Revenue Act of 1988.
26 USC 1 note.

**SECTION 1. SHORT TITLE; ETC.**

(a) SHORT TITLE.—This Act may be cited as the "Technical and Miscellaneous Revenue Act of 1988".

(b) DEFINITIONS.—For purposes of this Act—

(1) 1986 CODE.—The term "1986 Code" means the Internal Revenue Code of 1986.

(2) REFORM ACT.—Except where incompatible with the intent, the term "Reform Act" means the Tax Reform Act of 1986.

(c) CLERICAL AMENDMENT.—Paragraph (29) of section 7701(a) of the 1986 Code is amended by striking out "of 1954" and inserting in lieu thereof "of 1986".

(d) TABLE OF CONTENTS.—

TITLE I—TECHNICAL CORRECTIONS TO TAX REFORM ACT OF 1986


Sec. 1001. Amendments related to title I of the Reform Act.
Sec. 1002. Amendments related to title II of the Reform Act.
Sec. 1003. Amendments related to title III of the Reform Act.
Sec. 1004. Amendments related to title IV of the Reform Act.
Sec. 1005. Amendments related to title V of the Reform Act.
Sec. 1006. Amendments related to title VI of the Reform Act.
Sec. 1007. Amendments related to title VII of the Reform Act.
Sec. 1008. Amendments related to title VIII of the Reform Act.
Sec. 1009. Amendments related to title IX of the Reform Act.
Sec. 1010. Amendments related to title X of the Reform Act.
Sec. 1011. Amendments related to parts I and II of subtitle A of title XI of the Reform Act.
Sec. 1011A. Amendments related to parts III and IV of subtitle A of title XI of the Reform Act.
Sec. 1011B. Amendments related to subtitles B and C of title XI of the Reform Act.
Sec. 1012. Amendments related to title XII of the Reform Act.
Sec. 1013. Amendments related to title XIII of the Reform Act.
Sec. 1014. Amendments related to title XIV of the Reform Act.
Sec. 1015. Amendments related to title XV of the Reform Act.
Sec. 1016. Amendments related to title XVI of the Reform Act.
Sec. 1017. Amendments related to title XVII of the Reform Act.
Sec. 1018. Amendments related to title XVIII of the Reform Act.
Sec. 1019. Effective date.


TITLE II—AMENDMENTS RELATED TO TAX PROVISIONS IN OTHER LEGISLATION


Sec. 2001. Amendments related to Superfund Revenue Act of 1986.
Sec. 2002. Amendments related to Harbor Maintenance Revenue Act of 1986.
Sec. 2003. Amendments related to Omnibus Budget Reconciliation Act of 1986.
Sec. 2004. Amendments related to the Revenue Act of 1987.
Sec. 2005. Amendments related to Pension Protection Act and full funding limitations.
Sec. 2006. Amendments related to section 9201 of the Omnibus Budget Reconciliation Act of 1987.

service center director, a compliance center director, a regional director of appeals, or any superior of any such person.

"(d) SUSPENSION OF RUNNING OF PERIOD OF LIMITATION.—The running of any period of limitation with respect to any action described in subsection (b) shall be suspended for—

"(1) the period beginning on the date of the taxpayer's application under subsection (a) and ending on the date of the Ombudsman's decision with respect to such application, and

"(2) any period specified by the Ombudsman in a Taxpayer Assistance Order issued pursuant to such application.

"(e) INDEPENDENT ACTION OF OMBUDSMAN.—Nothing in this section shall prevent the Ombudsman from taking any action in the absence of an application under subsection (a).

"(f) OMBUDSMAN.—For purposes of this section, the term 'Ombudsman' includes any designee of the Ombudsman."

(b) CLERICAL AMENDMENT.—The table of sections for subchapter A of chapter 80 of the 1986 Code is amended by adding at the end thereof the following new item:

"Sec. 7811. Taxpayer Assistance Orders."

26 USC 7811 note.

(c) ISSUANCE OF REGULATIONS.—The Secretary of the Treasury or the Secretary's delegate shall issue such regulations as the Secretary deems necessary within 90 days of the date of the enactment of this Act in order to carry out the purposes of section 7811 of the 1986 Code (as added by this section) and to ensure taxpayers uniform access to administrative procedures.

26 USC 7811 note.

(d) EFFECTIVE DATE.—The amendments made by this section shall take effect on January 1, 1989.

26 USC 7803 note.

**SEC. 6231. BASIS FOR EVALUATION OF INTERNAL REVENUE SERVICE EMPLOYEES.**

(a) IN GENERAL.—The Internal Revenue Service shall not use records of tax enforcement results—

(1) to evaluate employees directly involved in collection activities and their immediate supervisors, or

(2) to impose or suggest production quotas or goals with respect to individuals described in clause (i).

(b) APPLICATION OF IRS POLICY STATEMENT.—The Internal Revenue Service shall not be treated as failing to meet the requirements of subsection (a) if the Service follows the policy statement of the Service regarding employee evaluation (as in effect on the date of the enactment of this Act) in a manner which does not violate subsection (a).

(c) CERTIFICATION.—Each district director shall certify quarterly by letter to the Commissioner of Internal Revenue that tax enforcement results are not used in a manner prohibited by subsection (a).

(d) EFFECTIVE DATE.—The provisions of this section shall apply to evaluations conducted on or after January 1, 1989.

**SEC. 6232. PROCEDURES RELATING TO INTERNAL REVENUE SERVICE REGULATIONS.**

(a) IN GENERAL.—Section 7805 of the 1986 Code (relating to rules and regulations) is amended by adding at the end thereof the following new subsections:

"(e) TEMPORARY REGULATIONS.—

"(1) ISSUANCE.—Any temporary regulation issued by the Secretary shall also be issued as a proposed regulation.

Case No. 1:20-cv-03501-RBJ Document 33-8 filed 12/22/21 USDC Colorado pg 16 of 36



"(2) 3-YEAR DURATION.—Any temporary regulation shall expire within 3 years after the date of issuance of such regulation.

"(f) IMPACT OF REGULATIONS ON SMALL BUSINESS REVIEWED.—After the publication of any proposed regulation by the Secretary and before the promulgation of any final regulation by the Secretary which does not supersede a proposed regulation, the Secretary shall submit such regulation to the Administrator of the Small Business Administration for comment on the impact of such regulation on small business. The Administrator shall have 4 weeks from the date of submission to respond."

(b) EFFECTIVE DATE.—The amendments made by this section shall apply to any regulation issued after the date which is 10 days after the date of the enactment of this Act.

26 USC 7805 note.

SEC. 6233. CONTENT OF TAX DUE, DEFICIENCY, AND OTHER NOTICES.

(a) IN GENERAL.—Chapter 77 of the 1986 Code (relating to miscellaneous provisions) is further amended by adding at the end thereof the following new section:

"SEC. 7521. CONTENT OF TAX DUE, DEFICIENCY, AND OTHER NOTICES.

"(a) GENERAL RULE.—Any notice to which this section applies shall describe the basis for, and identify the amounts (if any) of, the tax due, interest, additional amounts, additions to the tax, and assessable penalties included in such notice. An inadequate description under the preceding sentence shall not invalidate such notice.

"(b) NOTICES TO WHICH SECTION APPLIES.—This section shall apply to—

"(1) any tax due notice or deficiency notice described in section 6155, 6212, or 6303,

"(2) any notice generated out of any information return matching program, and

"(3) the 1st letter of proposed deficiency which allows the taxpayer an opportunity for administrative review in the Internal Revenue Service Office of Appeals."

(b) CLERICAL AMENDMENT.—The table of sections for chapter 77 of the 1986 Code is further amended by adding at the end thereof the following new item:

"Sec. 7521. Content of tax due, deficiency, and other notices."

(c) EFFECTIVE DATE.—The amendments made by this section shall apply to mailings made on or after January 1, 1990.

26 USC 7521 note.

(d) REPORT.—Not later than July 1, 1989, the Secretary of the Treasury or his delegate shall submit a report to the Committee on Ways and Means of the House of Representatives and the Committee on Finance of the Senate on the steps taken to carry out the amendments made by this section.

SEC. 6234. INSTALLMENT PAYMENT OF TAX LIABILITY.

(a) IN GENERAL.—Subchapter A of chapter 62 of the 1986 Code (relating to place and due date for payment of tax) is amended by adding at the end thereof the following new section:

"SEC. 6159. AGREEMENTS FOR PAYMENT OF TAX LIABILITY IN INSTALLMENTS.

"(a) AUTHORIZATION OF AGREEMENTS.—The Secretary is authorized to enter into written agreements with any taxpayer under which such taxpayer is allowed to satisfy liability for payment of

U.S. Exhibit 7 - Page 016

**Calendar No. 602**

| 100TH CONGRESS<br>*2d Session* | SENATE | REPORT<br>100-309 |
|---|---|---|

# TAXPAYER RIGHTS AND EXCISE TAX COLLECTION PROCEDURES

## REPORT

OF THE

## COMMITTEE ON FINANCE UNITED STATES SENATE

to accompany

S. 2223



MARCH 29 (legislative day, MARCH 21), 1988.—Ordered to be printed

U.S. GOVERNMENT PRINTING OFFICE

19-010 WASHINGTON : 1988

# CONTENTS


| | Page |
|---|---|
| I. Legislative Background | 1 |
| II. Explanation of the Bill | 2 |
| TITLE I—TAXPAYER BILL OF RIGHTS | 2 |
| A. Taxpayer Rights | 2 |
| 1. Disclosure of rights of taxpayers (sec. 101) | 2 |
| 2. Taxpayer interview procedures (sec. 102) | 2 |
| 3. Taxpayers may rely on written advice of Internal Revenue Service (sec. 103) | 4 |
| 4. Taxpayers assistance orders (sec. 104) | 5 |
| 5. Office of Inspector General (sec. 105) | 5 |
| 6. Basis for evaluation of IRS employees (sec. 106) | 6 |
| 7. Procedures relating to IRS regulations (sec. 107) | 7 |
| 8. Explanation of tax liability and penalties (sec. 108) | 8 |
| 9. Installment payment of tax liability (sec. 109) | 8 |
| 10. Assistant Commissioner for Taxpayer Services (sec. 110) | 9 |
| B. Levy and Lien Provisions | 9 |
| 1. Levy and distraint (sec. 111) | 9 |
| 2. Review of jeopardy levy and assessment procedures (sec. 112) | 11 |
| 3. Administrative appeal of liens (sec. 113) | 12 |
| C. Proceedings by Taxpayers | 13 |
| 1. Awarding of costs and certain fees in administrative and civil actions (sec. 121) | 13 |
| 2. Civil cause of action for damages sustained due to failure to release lien (sec. 122) | 14 |
| 3. Civil cause of action for damages sustained due to unreasonable actions by the IRS (sec. 123) | 15 |
| D. Tax Court Jurisdiction | 16 |
| 1. Jurisdiction to restrain certain premature assessments (sec. 131) | 16 |
| 2. Jurisdiction to enforce overpayment determinations (sec. 132) | 17 |
| 3. Jurisdiction to review certain sales of seized property (sec. 133) | 17 |
| 4. Jurisdiction to redetermine interest on deficiencies (sec. 134) | 18 |
| 5. Jurisdiction to modify decisions in certain estate tax cases (sec. 135) | 19 |
| 6. Refund jurisdiction for the Tax Court (sec. 136) | 20 |
| TITLE II—EXCISE TAX PROVISIONS | 21 |
| A. Collection and Exemption Procedures for Excise Taxes on Diesel and Nonaviation Fuels (secs. 201-203) | 21 |
| B. Modification of Distilled Spirits Wine and Flavors Credit (sec. 204) | 24 |
| C. Exception From Distilled Spirits Occupational Tax for Certain Small Plants (sec. 205) | 25 |
| D. Increase in Gas Guzzler Excise Tax (sec. 206) | 26 |
| TITLE III—MISCELLANEOUS PROVISION | 26 |
| Debt Collection: Extension of Program for IRS Collection of Non Tax Debts Owed to Federal Agencies (sec. 301) | 26 |
| III. Budget Effects of the Bill | 27 |
| IV. Regulatory Impact and Other Matters to be Discussed Under Senate Rules | 28 |
| A. Regulatory Impact | 28 |
| B. Other Matters | 29 |
| V. Changes in Existing Law Made by the Bill | 29 |

# II. EXPLANATION OF THE BILL

## TITLE I.—TAXPAYER BILL OF RIGHTS

### A. TAXPAYER RIGHTS

1. Disclosure of rights of taxpayers (sec. 101 of the bill)

*Present law*

The Internal Revenue Service (IRS) provides information to taxpayers in various notices and publications. There is no statutory requirement that the IRS provide a written explanation of the rights of the taxpayer and the obligations of the IRS during the tax dispute resolution process.

*Reasons for change*

The committee believes that it would benefit taxpayers and the tax administration system if taxpayers coming into contact with the IRS understood their rights early in the dispute resolution process.

*Explanation of provision*

The bill requires the IRS, when it contacts a taxpayer concerning the determination of collection of any tax to provide a written explanation of the rights of the taxpayer and the obligations of the IRS during the audit, appeals, refund, and collection processes. In addition, the IRS is required to take such actions as the IRS considers necessary to ensure that taxpayers are not sent multiple statements as a result of a single audit, proposed deficiency, or collection action. The statement need not be provided with tax forms.

*Effective date*

The IRS must prepare the written explanation of rights of the taxpayer and obligations of the IRS not later than 180 days after the date of enactment. The written explanation may not be distributed to taxpayers until 90 days after the date it is transmitted to Congress.

2. Procedures involving taxpayer interviews (sec. 102 of the bill and new sec. 7520 of the Code)

*Present law*

*Reasonable time and place.*—The Code provides that the IRS shall select a reasonable time and place for an examination of a taxpayer. No regulations have been promulgated elaborating on this provision.

*Recordings.*—No statutory provision governs audio recordings of IRS interviews, although the IRS generally permits a taxpayer to make an audio recording of an interview if prior notice to the IRS is given.

*IRS explanation.*—The IRS has a general practice of providing written explanatory materials to taxpayers in advance of the initial audit interview.

prohibition provided for by this provision. Each district director must certify quarterly that enforcement results are not being used in a prohibited manner.

*Effective date*

This provision is effective for evaluations conducted on or after the date of enactment.

7. Procedures relating to IRS regulations (sec. 107 of the bill and sec. 7805 of the Code)

*Present law*

The IRS publishes all regulations in the Federal Register. Before final regulations are promulgated, proposed regulations are issued. Proposed regulations invite comments from the public and Government agencies. The IRS also issues some regulations as temporary regulations. Generally, temporary regulations are effective immediately upon publication and remain in effect until replaced by final regulations. When the IRS issues temporary regulations, it generally also issues those same regulations in proposed form by cross-reference.

*Reasons for change*

The committee is concerned that regulations promulgated by the IRS may have an impact on small businesses that should be taken into account before the regulations are published. The committee is also concerned about the length of time that some regulations remain in temporary form.

*Explanation of provision*

The bill requires the IRS to solicit comments from the Small Business Administration (SBA) after the publication of proposed regulations or before the promulgation of final regulations. The SBA is allowed four weeks after the receipt of the regulations to provide its comments on the impact of the regulations on small businesses.

In addition, each time the IRS issues temporary regulations, the IRS must simultaneously issue those regulations in proposed form. The IRS may continue its present practice of issuing proposed regulations by cross-reference at the time temporary regulations are issued. Temporary regulations are permitted to remain in effect for no more than two years after the date of their issuance. The expiration of temporary regulations at the end of this two-year period is not to effect the validity of those regulations during the two-year period.

*Effective date*

This provision is effective for regulations issued after the date of enactment.

100TH CONGRESS
*2d Session*

HOUSE OF REPRESENTATIVES

REPORT
100-1104

# TECHNICAL AND MISCELLANEOUS REVENUE ACT OF 1988

---

## CONFERENCE REPORT

TO ACCOMPANY

## H.R. 4333



**Volume II of 2 Volumes**

OCTOBER 21, 1988.—Ordered to be printed

---

U.S. GOVERNMENT PRINTING OFFICE
89-860
WASHINGTON : 1988

For sale by the Superintendent of Documents, U.S. Government Printing Office
Washington, DC 20402

o. 1:20-cv-03501-RBJ Document 33-8 filed 12/22/21 USDC Colorado pg 2



Page

6. Application of arbitrage rebate requirement to *bona fide* debt service funds (sec. 364 of the House bill and sec. 741 of the Senate amendment) ..... 206
7. Certain volunteer fire departments to qualify for tax-exempt financing (sec. 365 of the House bill) ..... 207
8. Disregard of pooled financings in determination of qualification for small-issuer exception (sec. 113(a)(45) of the Senate amendment) ..... 207

I. Exempt Organizations ..... 208
1. Effective date for UBIT treatment of income from certain games of chance (sec. 724 of the Senate amendment) ..... 208
2. Purchasing of insurance by tax-exempt hospital service organizations (sec. 725 of the Senate amendment) ..... 209
3. Determination of operating foundation status for certain purposes (sec. 387 of the House bill) ..... 209
4. Treatment of exempt organization expenditures to influence the nomination or appointment of individuals to nonelective public office (sec. 1004 of the Senate amendment) ..... 210
5. Discharge of indebtedness income of rural mutual or cooperative utility companies (sec. 386 of the House bill and sec. 707 of the Senate amendment) ..... 211

J. Taxpayer Bill of Rights (secs. 763-785 of the Senate Amendment) ..... 211

K. Other Administrative Provisions ..... 234
1. Tip reporting (House bill, Committee Report) ..... 234
2. Disclosure of return information to certain cities (sec. 381 of the House bill and sec. 735 of the Senate amendment) ..... 235
3. Provisions relating to previously-required studies (sec. 393 of the House bill) ..... 236
4. Treasury authority to prescribe class lives (sec. 798 of the Senate amendment) ..... 236
5. Repeal of reporting requirements for windfall profit tax (sec. 207 of the Senate amendment) ..... 237

L. Corporate/Personal Holding Company Provisions ..... 237
1. Authority to pay refunds to fiduciary of insolvent members of affiliated groups (sec. 385 of the House bill) ..... 237
2. Certain ownership changes not counted during bankruptcy (sec. 741 of the Senate amendment) ..... 238
3. Application of Code sec. 7503 for purposes of *Woods Investment Co.* effective date (sec. 388 of the House bill) ..... 239

tion General Act of 1988 is under the same conditions and with the same restrictions and safeguard requirements as other disclosures under section 6103 of the Code.

**6. Basis for evaluation of IRS employees**

***Present Law***

The IRS Manual prohibits the use of production quotas or goals based upon sums collected to evaluate IRS enforcement officers, appeals officers, and reviewers.

***House Bill***

No provision.

***Senate Amendment***

The IRS is prohibited from using records of tax enforcement results to evaluate enforcement officers, appeals officers, and reviewers or to impose or suggest production quotas or goals. The IRS will not be treated as failing to meet the requirements of this provision if it uses these records in accordance with IRS Policy Statement P-1-20, as in effect upon enactment of this provision, provided that it does so in a manner that does not violate the general prohibition provided for by this provision. Each district director must certify quarterly that enforcement results are not being used in a prohibited manner.

This provision is effective for evaluations conducted on or after the date of enactment.

***Conference Agreement***

The conference agreement follows the Senate amendment, except that the provision applies only to the evaluation of IRS employees directly involved in collection activities and their immediate supervisors.

The conference agreement applies to evaluations conducted on or after January 1, 1989.

**7. Procedures relating to IRS regulations**

***Present Law***

The IRS publishes all regulations in the Federal Register. Before final regulations are promulgated, proposed regulations are issued. Proposed regulations invite comments from the public and Government agencies. The IRS also issues some regulations as temporary regulations. Generally, temporary regulations are effective immediately upon publication and remain in effect until replaced by final regulations. When the IRS issues temporary regulations, it generally also issues those same regulations in proposed form by cross-reference.

***House Bill***

No provision.

*Senate Amendment*

The IRS is required to solicit comments from the Small Business Administration (SBA) after the publication of proposed regulations or before the promulgation of final regulations. The SBA is allowed four weeks after the receipt of the regulations to provide its comments on the impact of the regulations on small businesses.

In addition, each time the IRS issues temporary regulations, the IRS must simultaneously issue those regulations in proposed form. The IRS may continue its present practice of issuing proposed regulations by cross-reference at the time temporary regulations are issued. Temporary regulations are permitted to remain in effect for no more than two years after the date of their issuance. The expiration of temporary regulations at the end of this two-year period is not to affect the validity of those regulations during the two-year period.

This provision is effective for regulations issued after the date of enactment.

*Conference Agreement*

The conference agreement follows the Senate amendment, with the modification that temporary regulations are permitted to remain in effect for no more than three years after the date of their issuance.

In most (but not all) instances, the IRS issues proposed regulations before it issues final regulations. The Senate amendment is clarified so that whenever the IRS follows its normal procedure of issuing proposed regulations before final regulations, it must solicit comments from the SBA after the publication of proposed regulations (rather than prior to the publication of final regulations). Only if the IRS issues final regulations directly (without the issuance of proposed regulations) is the IRS to solicit comments from the SBA prior to the promulgation of final regulations. The intent of this clarification is to provide the SBA its opportunity to comment at the same time the public is invited to comment in the notice of proposed regulations.

The conference agreement applies to regulations issued after the 10th day after the date of enactment.

**8. Content of tax due and deficiency notices**

*Present Law*

Although the IRS generally explains the basis of a tax deficiency in a statutory notice, the Code does not require the IRS to explain the basis for assessing penalties.

*House Bill*

No provision.

*Senate Amendment*

All tax due notices or deficiency notices must contain both a description of the basis for, and an identification of the amounts (if any) of, tax due, interest, additions to tax, and penalties. An inad-

# UNITED STATES STATUTES AT LARGE

CONTAINING THE

LAWS AND CONCURRENT RESOLUTIONS
ENACTED DURING THE SECOND SESSION OF THE
ONE HUNDRED FOURTH CONGRESS
OF THE UNITED STATES OF AMERICA

1996

AND

PROCLAMATIONS

---

## VOLUME 110

IN SIX PARTS

---

## PART 2

PUBLIC LAWS 104–129 THROUGH 104–187



PATRICK HENRY
JUL 28 1998
LIBRARY

UNITED STATES
GOVERNMENT PRINTING OFFICE
WASHINGTON : 1997

Case No. 1:20-cv-03501-RBJ Document 33-8 filed 12/22/21 USDC Colorado pg 26 of 36



Public Law 104–168
104th Congress

## An Act

July 30, 1996
[H.R. 2337]

To amend the Internal Revenue Code of 1986 to provide for increased taxpayer protections.

*Be it enacted by the Senate and House of Representatives of the United States of America in Congress assembled,*

Taxpayer Bill of Rights 2.

**SECTION 1. SHORT TITLE; AMENDMENT OF 1986 CODE; TABLE OF CONTENTS.**

26 USC 1 note.

(a) SHORT TITLE.—This Act may be cited as the "Taxpayer Bill of Rights 2".

(b) AMENDMENT OF 1986 CODE.—Except as otherwise expressly provided, whenever in this Act an amendment or repeal is expressed in terms of an amendment to, or repeal of, a section or other provision, the reference shall be considered to be made to a section or other provision of the Internal Revenue Code of 1986.

(c) TABLE OF CONTENTS.—

Sec. 1. Short title; amendment of 1986 Code; table of contents.

TITLE I—TAXPAYER ADVOCATE

Sec. 101. Establishment of position of Taxpayer Advocate within Internal Revenue Service.
Sec. 102. Expansion of authority to issue Taxpayer Assistance Orders.

TITLE II—MODIFICATIONS TO INSTALLMENT AGREEMENT PROVISIONS

Sec. 201. Notification of reasons for termination of installment agreements.
Sec. 202. Administrative review of termination of installment agreement.

TITLE III—ABATEMENT OF INTEREST AND PENALTIES

Sec. 301. Expansion of authority to abate interest.
Sec. 302. Review of IRS failure to abate interest.
Sec. 303. Extension of interest-free period for payment of tax after notice and demand.
Sec. 304. Abatement of penalty for failure to make required deposits of payroll taxes in certain cases.

TITLE IV—JOINT RETURNS

Sec. 401. Studies of joint return-related issues.
Sec. 402. Joint return may be made after separate returns without full payment of tax.
Sec. 403. Disclosure of collection activities.

TITLE V—COLLECTION ACTIVITIES

Sec. 501. Modifications to lien and levy provisions.
Sec. 502. Modifications to certain levy exemption amounts.
Sec. 503. Offers-in-compromise.

TITLE VI—INFORMATION RETURNS

Sec. 601. Civil damages for fraudulent filing of information returns.
Sec. 602. Requirement to conduct reasonable investigations of information returns.

U.S. Exhibit 7 - Page 026

Case No. 1:20-cv-03501-RBJ Document 33-8 filed 12/22/21 USDC Colorado pg 27 of 36



"(I) any enrolled agent.".

26 USC 7609 note.

(b) EFFECTIVE DATE.—The amendment made by subsection (a) shall apply to summonses issued after the date of the enactment of this Act.

**SEC. 1002. SAFEGUARDS RELATING TO DESIGNATED SUMMONSES.**

(a) STANDARD OF REVIEW.—Subparagraph (A) of section 6503(k)(2) (defining designated summons) is amended by redesignating clauses (i) and (ii) as clauses (ii) and (iii), respectively, and by inserting before clause (ii) (as so redesignated) the following new clause:

"(i) the issuance of such summons is preceded by a review of such issuance by the regional counsel of the Office of Chief Counsel for the region in which the examination of the corporation is being conducted,".

(b) LIMITATION ON PERSONS TO WHOM DESIGNATED SUMMONS MAY BE ISSUED.—Paragraph (1) of section 6503(k) is amended by striking "with respect to any return of tax by a corporation" and inserting "to a corporation (or to any other person to whom the corporation has transferred records) with respect to any return of tax by such corporation for a taxable year (or other period) for which such corporation is being examined under the coordinated examination program (or any successor program) of the Internal Revenue Service".

(c) CLERICAL AMENDMENT.—Section 6503 is amended by redesignating subsections (k) and (l) (as amended by this section) as subsections (j) and (k), respectively.

26 USC 6503 note.

(d) EFFECTIVE DATE.—The amendments made by this section shall apply to summonses issued after the date of the enactment of this Act.

26 USC 6503 note.

**SEC. 1003. ANNUAL REPORT TO CONGRESS CONCERNING DESIGNATED SUMMONSES.**

Not later than December 31 of each calendar year after 1995, the Secretary of the Treasury or his delegate shall report to the Committee on Ways and Means of the House of Representatives and the Committee on Finance of the Senate on the number of designated summonses (as defined in section 6503(j) of the Internal Revenue Code of 1986) which were issued during the preceding 12 months.

# TITLE XI—RELIEF FROM RETROACTIVE APPLICATION OF TREASURY DEPARTMENT REGULATIONS

**SEC. 1101. RELIEF FROM RETROACTIVE APPLICATION OF TREASURY DEPARTMENT REGULATIONS.**

(a) IN GENERAL.—Subsection (b) of section 7805 (relating to rules and regulations) is amended to read as follows:

"(b) RETROACTIVITY OF REGULATIONS.—

"(1) IN GENERAL.—Except as otherwise provided in this subsection, no temporary, proposed, or final regulation relating to the internal revenue laws shall apply to any taxable period ending before the earliest of the following dates:

Case No. 1:20-cv-03501-RBJ Document 33-8 filed 12/22/21 USDC Colorado pg 28 of 36



"(A) The date on which such regulation is filed with the Federal Register.

"(B) In the case of any final regulation, the date on which any proposed or temporary regulation to which such final regulation relates was filed with the Federal Register.

"(C) The date on which any notice substantially describing the expected contents of any temporary, proposed, or final regulation is issued to the public.

"(2) EXCEPTION FOR PROMPTLY ISSUED REGULATIONS.—Paragraph (1) shall not apply to regulations filed or issued within 18 months of the date of the enactment of the statutory provision to which the regulation relates.

"(3) PREVENTION OF ABUSE.—The Secretary may provide that any regulation may take effect or apply retroactively to prevent abuse.

"(4) CORRECTION OF PROCEDURAL DEFECTS.—The Secretary may provide that any regulation may apply retroactively to correct a procedural defect in the issuance of any prior regulation.

"(5) INTERNAL REGULATIONS.—The limitation of paragraph (1) shall not apply to any regulation relating to internal Treasury Department policies, practices, or procedures.

"(6) CONGRESSIONAL AUTHORIZATION.—The limitation of paragraph (1) may be superseded by a legislative grant from Congress authorizing the Secretary to prescribe the effective date with respect to any regulation.

"(7) ELECTION TO APPLY RETROACTIVELY.—The Secretary may provide for any taxpayer to elect to apply any regulation before the dates specified in paragraph (1).

"(8) APPLICATION TO RULINGS.—The Secretary may prescribe the extent, if any, to which any ruling (including any judicial decision or any administrative determination other than by regulation) relating to the internal revenue laws shall be applied without retroactive effect.".

(b) EFFECTIVE DATE.—The amendment made by subsection (a) shall apply with respect to regulations which relate to statutory provisions enacted on or after the date of the enactment of this Act.

26 USC 7805 note.

# TITLE XII—MISCELLANEOUS PROVISIONS

## SEC. 1201. PHONE NUMBER OF PERSON PROVIDING PAYEE STATEMENTS REQUIRED TO BE SHOWN ON SUCH STATEMENT.

(a) GENERAL RULE.—The following provisions are each amended by striking "name and address" and inserting "name, address, and phone number of the information contact":

(1) Section 6041(d)(1).
(2) Section 6041A(e)(1).
(3) Section 6042(c)(1).
(4) Section 6044(e)(1).
(5) Section 6045(b)(1).
(6) Section 6049(c)(1)(A).
(7) Section 6050B(b)(1).
(8) Section 6050H(d)(1).
(9) Section 6050I(e)(1).

U.S. Exhibit 7 - Page 028

104TH CONGRESS 2d Session } HOUSE OF REPRESENTATIVES { REPORT 104–506

# TAXPAYER BILL OF RIGHTS 2

MARCH 28, 1996.—Committed to the Committee of the Whole House on the State of the Union and ordered to be printed

Mr. ARCHER, from the Committee on Ways and Means, submitted the following

# REPORT

[To accompany H.R. 2337]

[Including cost estimate of the Congressional Budget Office]

The Committee on Ways and Means, to whom was referred the bill (H.R. 2337) to amend the Internal Revenue Code of 1986 to provide for increased taxpayer protections, having considered the same, report favorably thereon with an amendment and recommend that the bill as amended do pass.

CONTENTS


| | Page |
|---|---|
| I. Introduction | 22 |
| A. Purpose and summary | 22 |
| B. Background and need for legislation | 22 |
| C. Legislative history | 23 |
| II. Explanation of the bill | 23 |
| A. Taxpayer bill of rights 2 provisions | 23 |
| 1. Taxpayer advocate | 23 |
| a. Establishment of taxpayer advocate within Internal Revenue Service (sec. 101) | 23 |
| b. Expansion of authority to issue taxpayer assistance orders (sec. 102) | 25 |
| 2. Modifications to installment agreement provisions | 26 |
| a. Notification of reasons for termination of installment agreements (sec. 201) | 26 |
| b. Administrative review of termination of installment agreements (sec. 202) | 27 |
| 3. Abatement of interest and penalties | 27 |
| a. Expansion of authority to abate interest (sec. 301) | 27 |
| b. Review of IRS failure to abate interest (sec. 302) | 28 |
| c. Extension of interest-free period for payment of tax after notice and demand (sec. 303) | 28 |
| d. Abatement of penalty for failure to make required deposit of payroll taxes in certain cases (sec. 304) | 29 |
| 4. Joint returns | 29 |


29–006

a. Studies of joint and several liability for married persons filing joint tax returns and other joint return-related issues (sec. 401) ..... 29
b. Joint return may be made after separate returns without full payment of tax (sec. 402) ..... 31
c. Disclosure of collection activities with respect to joint returns (sec. 403) ..... 32
5. Collection activities ..... 32
a. Modifications to lien and levy provisions ..... 32
i. Withdrawal of public notice of lien (sec. 501(a)) ..... 32
ii. Return of levied property (sec. 501(b)) ..... 33
iii. Modifications in certain levy exemption amounts (sec. 502) ..... 34
b. Offers-in-compromise (sec. 503) ..... 34
6. Information returns ..... 35
a. Civil damages for fraudulent filing of information returns (sec. 601) ..... 35
b. Requirement to conduct reasonable investigations of information returns (sec. 602) ..... 36
7. Awarding of costs and certain fees ..... 36
a. United States must establish that its position in a proceeding was substantially justified (sec. 701) ..... 36
b. Increased limit on attorney fees (sec. 702) ..... 37
c. Failure to agree to extension not taken into account (sec. 703) ..... 37
d. Award of litigation costs permitted in declaratory judgment proceedings (sec. 704) ..... 38
8. Modification to recovery of civil damages for unauthorized collection actions ..... 38
a. Increase in limit on recovery of civil damages for unauthorized collection actions (sec. 801) ..... 38
b. Court discretion to reduce award for litigation costs for failure to exhaust administrative remedies (sec. 802) ..... 39
9. Modification to penalty for failure to collect and pay over tax ..... 39
a. Preliminary notice requirement (sec. 901) ..... 39
b. Disclosure of certain information where more than one person subject to penalty (sec. 902) ..... 40
c. Right of contribution from multiple responsible parties (sec. 903) ..... 40
d. Board members of tax-exempt organizations (sec. 904) ..... 41
10. Modification of rules relating to summonses ..... 42
a. Enrolled agents included as third-party recordkeepers (sec. 1001) ..... 42
b. Safeguards relating to designated summonses; annual report to Congress on designated summonses (secs. 1002–1003) ..... 42
11. Relief from retroactive application of Treasury Department Regulations (sec. 1101) ..... 44
12. Miscellaneous provisions ..... 45
a. Phone numbers of person providing payee statement required to be shown on such statement (sec. 1201) ..... 45
b. Required notice to taxpayers of certain payments (sec. 1202) ..... 45
c. Unauthorized enticement of information disclosure (sec. 1203) ..... 46
d. Annual reminders to taxpayers with outstanding delinquent accounts (sec. 1204) ..... 46
e. Five-year extension of authority for undercover operations (sec. 1205) ..... 47
f. Disclosure of returns on cash transactions (sec. 1206) ..... 48
g. Disclosure of returns and return information to designee of taxpayer (sec. 1207) ..... 49
h. Report on netting of interest on overpayments and liabilities (sec. 1208) ..... 49
i. Expenses of detection of underpayments and fraud (sec. 1209) ..... 51
j. Use of private delivery services for timely-mailing-as-timely-filed (sec. 1210) ..... 51
k. Reports on misconduct by IRS employees (sec. 1211) ..... 52
B. Revenue offsets ..... 53
1. Application of failure-to-pay penalty to substitute returns (sec. 1301) ..... 53
2. Excise taxes on amounts of private excess benefits (secs. 1311–1314) ..... 53

such corporation for a taxable year (or other period) for which such corporation is being examined under the coordinated examination program (or any successor program) of the Internal Revenue Service".

(c) CLERICAL AMENDMENT.—Section 6503 is amended by redesignating subsections (k) and (l) (as amended by this section) as subsections (j) and (k), respectively.

(d) EFFECTIVE DATE.—The amendments made by this section shall apply to summonses issued after the date of the enactment of this Act.

**SEC. 1003. ANNUAL REPORT TO CONGRESS CONCERNING DESIGNATED SUMMONSES.**

Not later than December 31 of each calendar year after 1995, the Secretary of the Treasury or his delegate shall report to the Committee on Ways and Means of the House of Representatives and the Committee on Finance of the Senate on the number of designated summonses (as defined in section 6503(j) of the Internal Revenue Code of 1986) which were issued during the preceding 12 months.

## TITLE XI—RELIEF FROM RETROACTIVE APPLICATION OF TREASURY DEPARTMENT REGULATIONS

**SEC. 1101. RELIEF FROM RETROACTIVE APPLICATION OF TREASURY DEPARTMENT REGULATIONS.**

(a) IN GENERAL.—Subsection (b) of section 7805 (relating to rules and regulations) is amended to read as follows:

"(b) RETROACTIVITY OF REGULATIONS.—

"(1) IN GENERAL.—Except as otherwise provided in this subsection, no temporary, proposed, or final regulation relating to the internal revenue laws shall apply to any taxable period ending before the earliest of the following dates:

"(A) The date on which such regulation is filed with the Federal Register.

"(B) In the case of any final regulation, the date on which any proposed or temporary regulation to which such final regulation relates was filed with the Federal Register.

"(C) The date on which any notice substantially describing the expected contents of any temporary, proposed, or final regulation is issued to the public.

"(2) EXCEPTION FOR PROMPTLY ISSUED REGULATIONS.—Paragraph (1) shall not apply to regulations filed or issued within 18 months of the date of the enactment of the statutory provision to which the regulation relates.

"(3) PREVENTION OF ABUSE.—The Secretary may provide that any regulation may take effect or apply retroactively to prevent abuse.

"(4) CORRECTION OF PROCEDURAL DEFECTS.—The Secretary may provide that any regulation may apply retroactively to correct a procedural defect in the issuance of any prior regulation.

"(5) INTERNAL REGULATIONS.—The limitation of paragraph (1) shall not apply to any regulation relating to internal Treasury Department policies, practices, or procedures.

"(6) CONGRESSIONAL AUTHORIZATION.—The limitation of paragraph (1) may be superseded by a legislative grant from Congress authorizing the Secretary to prescribe the effective date with respect to any regulation.

"(7) ELECTION TO APPLY RETROACTIVELY.—The Secretary may provide for any taxpayer to elect to apply any regulation before the dates specified in paragraph (1).

"(8) APPLICATION TO RULINGS.—The Secretary may prescribe the extent, if any, to which any ruling (including any judicial decision or any administrative determination other than by regulation) relating to the internal revenue laws shall be applied without retroactive effect."

(b) EFFECTIVE DATE.—The amendment made by subsection (a) shall apply with respect to regulations which relate to statutory provisions enacted on or after the date of the enactment of this Act.

## TITLE XII—MISCELLANEOUS PROVISIONS

**SEC. 1201. PHONE NUMBER OF PERSON PROVIDING PAYEE STATEMENTS REQUIRED TO BE SHOWN ON SUCH STATEMENT.**

(a) GENERAL RULE.—The following provisions are each amended by striking "name and address" and inserting "name, address, and phone number of the information contact":

(1) Section 6041(d)(1).

moves between CEP and non-CEP audit categories, only the tax years covered by the CEP may be the subject of a designated summons. The bill does not affect Code section 6038A(e)(1), which relates to a U.S. reporting corporation that acts merely as the agent of the foreign related party by receiving summonses on behalf of the foreign party.

The bill also requires that the Treasury report annually to the Congress on the number of designated summonses issued in the preceding 12 months.

*Effective date*

The provision applies to summonses issued after date of enactment.

11. RELIEF FROM RETROACTIVE APPLICATION OF TREASURY DEPARTMENT REGULATIONS (SEC. 1101 OF THE BILL AND SEC. 7805 OF THE CODE)

*Present law*

Under section 7805(b), Treasury may prescribe the extent (if any) to which regulations shall be applied without retroactive effect.

*Reasons for change*

The Committee believes that it is generally inappropriate for Treasury to issue retroactive regulations.

*Explanation of provision*

The bill provides that temporary and proposed regulations must have an effective date no earlier than the date of publication in the Federal Register or the date on which any notice substantially describing the expected contents of such regulation is issued to the public. Any regulations filed or issued within 18 months of the enactment of the statutory provision to which the regulation relates may be issued with retroactive effect. This general prohibition on retroactive regulations may be superseded by a legislative grant authorizing the Treasury to prescribe the effective date with respect to a statutory provision. The Treasury may issue retroactive temporary or proposed regulations to prevent abuse. The Treasury also may issue retroactive temporary, proposed, or final regulations to correct a procedural defect in the issuance of a regulation. Treasury may provide that taxpayers may elect to apply a temporary or proposed regulation retroactively from the date of publication of the regulation. Final regulations may take effect from the date of publication of the temporary or proposed regulation to which they relate. The provision does not apply to any regulation relating to internal Treasury Department policies, practices, or procedures. Present law with respect to rulings is unchanged.

*Effective date*

The provision applies with respect to regulations that relate to statutory provisions enacted on or after the date of enactment.

**[JOINT COMMITTEE PRINT]**

# STUDY OF PRESENT-LAW PENALTY AND INTEREST PROVISIONS AS REQUIRED BY SECTION 3801 OF THE INTERNAL REVENUE SERVICE RESTRUCTURING AND REFORM ACT OF 1998 (INCLUDING PROVISIONS RELATING TO CORPORATE TAX SHELTERS)

## Volume I

**Prepared by the Staff**

**of the**

**JOINT COMMITTEE ON TAXATION**

**July 22, 1999**

**U.S. Government Printing Office**
**Washington: 1999**

JCS-3-99

**JOINT COMMITTEE ON TAXATION**

**106th CONGRESS, 1ST SESSION**

---

**HOUSE**

BILL ARCHER, Texas,
*Chairman*
PHILIP M. CRANE, Illinois
WILLIAM M. THOMAS, California
CHARLES B. RANGEL, New York
FORTNEY PETE STARK, California

**SENATE**

WILLIAM V. ROTH, Jr., Delaware,
*Vice Chairman*
JOHN H. CHAFEE, Rhode Island
CHARLES GRASSLEY, Iowa
DANIEL PATRICK MOYNIHAN, New York
MAX BAUCUS, Montana

Lindy L. Paull, *Chief of Staff*
Bernard A. Schmitt, *Deputy Chief of Staff*
Mary M. Schmitt, *Deputy Chief of Staff*
Richard A. Grafmeyer, *Deputy Chief of Staff*

Because of the uncertainty surrounding whether a corporate tax shelter will withstand scrutiny by the IRS, the courts, or Congress, many shelters include the use of guarantees, tax indemnities, or similar arrangements. These arrangements typically are designed to recompense the corporate participant in the event that it is not entitled to all or any portion of the anticipated tax benefits. In some cases the guarantee of the anticipated tax benefits is provided by the promoter or another interested party in the arrangement. In other cases, the corporate participant purchases tax benefit insurance coverage from a third-party insurer. Along the same line, it is common for tax shelters to use a fee structure that is contingent on the ultimate success of the corporate tax shelter.

Corporations generally are reluctant to engage in transactions that are expected to result in reduced corporate earnings for U.S. financial reporting purposes. As a result, another common indicator of corporate tax shelters is that the expected tax benefits do not result in a corresponding loss for financial reporting purposes. This is particularly the case when the arrangement gives rise to a "permanent difference" for U.S. financial reporting purposes under generally accepted accounting principles.

In addition, when a corporation enters into a transaction for tax-avoidance purposes, the corporation often does not appreciably alter its economic position. This is perhaps most evident where a corporation does not incur additional economic risk as a result of entering into a transaction but nonetheless enjoys significant tax benefits.

**3. Contributing factors**

Several factors have contributed to the proliferation of corporate tax shelters having the characteristics discussed above. For example, the emerging view of the corporate tax department as a profit center and of the corporate income tax as a manageable cost has increased the pressure to use tax shelter products to decrease a corporation's effective tax rate. Additionally, the relative costs of entering into tax shelter transactions (including the risk that the transaction will be detected upon audit, challenged by the IRS, and ultimately result in a deficiency), as compared to the potential benefits from the tax savings, are insufficient to serve any meaningful deterrent function.

The evolution of the tax advisor's role also has contributed to the relatively unchecked expansion of the corporate tax shelter market. For example, the demand for a "more likely than not" opinion from a tax advisor coupled with competition in the tax opinion business has caused a dilution in the standards for such opinions. This effect is exacerbated by the insufficiency of the standards of practice under Circular 230 and the lack of effective enforcement measures.

---

Report") (stating "that it would be effective to require any transaction with a tax indifferent party to be specifically disclosed on the corporate taxpayer's return, thereby increasing the likelihood of audit scrutiny").

**a. Emerging view of corporate tax department as profit center**

The corporate tax shelter phenomenon may be viewed as a natural evolution in corporate philosophy involving the management of corporate liabilities. In the past several years, corporations have become more sophisticated at controlling and managing their operational liabilities. More recently, corporations have been applying similar liability management techniques to manage their income tax liability. As one commentator stated,

> My evidence is also anecdotal, but many others have pointed to the same phenomenon, which is simply that senior corporate managers now perceive a corporation's tax liability, not as an inelastic and inevitable misfortune, but rather as a necessary cost that responds to aggressive management, just like other corporate expenses . . . .The fundamental issue with which the tax system needs to grapple, then, is that modern corporate strategists perceive income tax liabilities as another cost of business that can and should be managed, like inventory costs or environmental regulations. The phenomenon, like the other examples just cited, is both inevitable and irreversible.[522]

Treating a corporation's tax liability as a manageable cost means that a corporate tax department's (and its employee's) performance could be evaluated based on a quantitative measure. The corporate tax department's "cost savings" generally is the reduction in the corporation's effective tax rate. This will result in more pressure on corporate tax directors to enter into arrangements in which the tax savings component is significant.[523] Anecdotal evidence suggests that corporate tax directors increasingly are evaluated by the amount of "tax savings" generated by their departments and the effect of such savings on corporate profits.

**b. Cost-benefit analysis**

Another factor contributing to the proliferation of corporate tax shelters is that, in many cases, the expected tax benefits from the tax shelter far outweigh the associated costs. Businesses constantly are faced with critical decisions on how to best utilize their assets. The decisions are made by comparing the estimated benefits of each opportunity to their associated

---

[522] Kleinbard, supra note 515, at 233.

[523] NYSBA May Report, supra note 508, at 11. The NYSBA reports: "managing the effective tax rate on corporate income has, it appears, become one way that a substantial majority of corporations . . . compete indirectly with respect to financial earnings results. In that context, it is inevitable that corporate tax managers will frequently be put under pressure to participate in aggressive tax-driven transactions by their financial colleagues, who are often considerably more irreverent about our tax laws."