## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cv-03501-RBJ

LIBERTY GLOBAL, INC.,

      Plaintiff,

v.

UNITED STATES OF AMERICA,

      Defendant.

---

### UNITED STATES' OPPOSITION TO MOTION OF LAW FIRM FOR LEAVE TO FILE AMICUS BRIEF ON BEHALF OF ANONYMOUS MULTINATIONAL CORPORATIONS

---

The United States opposes the request of Washington, D.C. law firm Ivins Phillips Barker for leave to submit an amicus brief on behalf of five anonymous multinational corporations. Although Ivins Phillips Barker presents itself as the sole amicus in its motion, it and Baker McKenzie represented to the Department of Justice that five of their clients are ultimately behind the amicus brief. Procedurally, the request is untimely, conflicts with this Court's briefing order, sidesteps corporate disclosure requirements, and violates well-accepted rules for filing amicus briefs. Substantively, the proposed amicus brief expands the scope of this case to types of transactions not at issue. The request should be denied. Alternatively, the United States should be allowed to file a supplemental brief to address the arguments made by the anonymous corporate taxpayers.

## BACKGROUND

Liberty Global, Inc., engaged in a complex transaction, code-named "Project Soy," that it contends generated a $2.4 billion tax deduction. Transactions such as Project Soy were addressed by Treasury regulations issued after the Tax Cuts and Jobs Act, at Treas. Reg. § 1.245A-5T. *See* Treasury Decision 9865, 84 Fed. Reg. 28,398 (June 18, 2019). But Liberty Global claims that it is entitled to the tax benefits generated by Project Soy, seeks a $109 million tax refund for its 2018 tax year, and contends that the Regulations are purportedly invalid. (Doc. 1.) While the Court could reject Liberty Global's claimed deduction on other grounds without reaching the question of the Regulations' validity, the bulk of Liberty Global's case falls if the Regulations are sustained.

### A.   *Current Briefing Schedule*

The Court established a briefing schedule at a hearing on September 21, 2021, that allowed Liberty Global to file a motion for partial summary judgment on the validity of the Regulations. (Doc. 30.) The Court directed Liberty Global to file its motion on October 22, 2021, and allowed two months, until December 22, 2021, for the United States to respond. (*Id.*) As outlined on the record, the Court allowed that two-month period because of the novel issues and large tax dollars at stake, which required multiple levels of review both within the Department of Justice and at the Internal Revenue Service. (Doc. 31 at 26-27.) The Court gave Liberty Global until January 24, 2022 to file a reply brief. (Doc. 30.)

The Court imposed strict page limits: 25 pages for the Government, and 40 pages for Liberty Global (25 pages for the motion, 15 pages for the reply). (*Id.*) Oral argument is set for February 25, 2022 in Denver. (*Id.*)

The parties have filed their primary briefs in accordance with the Court's briefing order, and the regulation validity issues should be fully briefed pending Liberty Global's reply. Liberty Global filed its 25-page motion on the Regulations' validity on October 22, 2021. (Doc. 32.) The United States filed its 25-page response on December 22, 2021. (Doc. 33.)

### B.  *Anonymous Amicus Request*

On December 28, 2021, the law firms of Ivins Phillips Barker and Baker McKenzie first contacted Government counsel by email and, without providing any background information, requested consent to their filing of an amicus brief supporting Liberty Global. Ivins Phillips Barker and Baker McKenzie rejected a request to discuss the matter on the Monday following the New Year's holiday, insisting that they intended to file their brief immediately. Undersigned counsel accommodated the law firms' request for a telephone conference on December 29, 2021, and were advised, among other things, that:

- Baker McKenzie and Ivins Phillips Barker were preparing the brief on behalf of five multinational corporate clients that were affected by the Regulations;

- Their multinational corporate clients wished to remain anonymous, and the law firms were not authorized to disclose their identities to Government counsel or the public; and

- They were aware of Rule 29 of the Federal Rules of Appellate Procedure and intended to adopt the page limitations contained in the Appellate rules, but they did not, unless their clients consented, intend to disclose the identity of their clients.

On December 29, 2021, less than six hours after the above conversation, Ivins Phillips Barker moved for leave to file an amicus brief in support of Liberty Global's position. (Doc. 34.) The motion attached a 12.5-page proposed amicus brief and 39 pages of single-spaced letters from Ivins Phillips Barker to Treasury containing legal analysis and commentary about the Regulations. (Docs. 34-1, 34-3, 34-4.) The amicus brief expands upon textual arguments made

by Liberty Global that Treasury lacked authority to issue the Regulations. (Doc. 34-1.) It also addresses a different category of transactions covered by the Regulations that are not at issue – so-called "extraordinary disposition" transactions. (*Id.*) Without submitting any evidence, Ivins Phillips Barker claims that it – or more accurately, its anonymous clients – can "attest" to transactions covered by the Regulations that are supposedly "non-abusive." (*Id.* at 8-9; Doc. 34.) Its motion admits that "[c]ertain clients of [Ivins Phillips Barker] paid for the preparation of the proposed amicus brief." (Doc. 34 at 2.)

Ivins Phillips Barker also filed a corporate disclosure statement. (Doc. 36.) The statement did not disclose the identities of the five multinational corporations who paid for the amicus brief (*see* Doc. 34 at 2), or any parent corporations or public corporations owning more than 10% of those corporations' stock. *See* Fed. R. App. P. 29(a)(4)(A); Fed. R. Civ. P. 7.1. Neither the amicus request nor the disclosure statement mentioned Baker McKenzie.

## ARGUMENT

### I.    The amicus request is untimely.

While the District of Colorado does not have a local rule on amicus filings, this Court has generally looked to Federal Rule of Appellate Procedure 29 for guidance. *Hale v. Marques*, 2020 WL 2309619, at *17 (D. Colo. Feb. 3, 2020); *Ctr. for Biological Diversity v. Jewell*, 2017 WL 4334071, at *1 (D. Colo. May 16, 2017) ("district courts often look to [Rule 29] . . . for guidance"). Rule 29(a)(6) requires amicus briefs to be filed within seven days of the principal brief of the party being supported.

The motion here should be denied as untimely. It was not filed within seven days of Liberty Global's principal brief in October, but rather, one week *after* the United States filed its

brief, in the gap between Christmas and New Year's. Both law firms involved with the request stated their familiarity with Fed. R. App. P. 29.

Baker McKenzie and Ivins Phillips Barker have been following the issues addressed by the Regulations since at least summer 2019, but likely much earlier. Both submitted comment letters during the rulemaking process, which were addressed in a second Treasury Decision, T.D. 9909, 85 Fed. Reg. 53,068 (Aug. 27, 2020). Of all the comments that Treasury received, Liberty Global's primary brief highlighted to this Court only two, those of Baker McKenzie and Ivins Phillips Barker. (Doc. 32 at 6.)[1] Despite following this case and knowing that their position was aligned with Liberty Global, neither Baker McKenzie nor Ivins Phillips Barker sought leave to file amicus briefs (or a joint amicus brief) after Liberty Global filed is principal brief in October. Nor had Liberty Global suggested any allowance for its amici at the September 2021 scheduling hearing.[2] Instead, Baker McKenzie and Ivins Phillips Barker contacted Government counsel about the amicus request on December 28, 2021, three business days after the filing of the Government's principal brief, and then immediately sought leave to file an amicus brief.

Ivins Phillips Barker contends that it did not glean the need to file an amicus brief until it read the Government's response brief, which mentioned the abusive nature of Liberty Global's "Project Soy" transaction. (Doc. 34 at 1-2.) But Ivins Phillips Barker knew about Liberty Global's transaction. Liberty Global had described the transaction in its brief, and it expressed no

---

[1] Ivins Phillips Barker has also written about this case. *See* https://www.ipbtax.com/newsroom-news-974.

[2] The advisory committee notes to Fed. R. App. P. 29 recognize that it is common that a party coordinate matters with its amici, so long as the parties are not attempting to manipulate page limits or otherwise gain an unwarranted advantage.

embarrassment for its purpose. Liberty Global even directed the Court's attention to its seven-page Project Soy step plan that outlined the series of actions taken to generate the tax deduction. (Doc. 29-1; Doc. 32 at 5, n.3.) In addition, Ivins Phillips Barker knew that the Treasury Decision itself described that taxpayers were "structuring into" transactions designed to eliminate tax on "base erosion-type income." 84 Fed. Reg. at 28,400 (Rec. 143).[3]

Ivins Phillips Barker's claim (Doc. 34 at 2) that "[t]he details of the government's position on the reasons for the Regulations were unknown until the government filed its [Response] Brief" is unavailing. Liberty Global had raised in its complaint (Doc. 1, ¶ 36) a so-called "*State Farm*" challenge, *i.e.*, that Treasury did not adequately explain its reasons for issuing the Regulations. *See Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983). The Treasury Decision contains a lengthy explanation of the reasons for the Regulations. *See* 84 Fed. Reg. 28,398 (Rec. 141). Liberty Global appropriately abandoned its challenge to the adequacy of Treasury's explanation. It simply strains credulity that partners and associates at two D.C. law firms were unaware of Treasury's position (which they had previously submitted comments about) and that, over Christmas weekend, they conferred about and then drafted an amicus brief in response to the Government's brief.

## II. An anonymous amicus brief violates commonly accepted principles, including Fed. R. App. P. 29.

Rule 29 of the Federal Rules of Appellate Procedure does not allow anonymous briefs. Rule 29(a)(4)(D) requires that an amicus brief include "a concise statement of the identity of the amicus curiae, its interest in the case, and the source of its authority to file." And Rule

---

[3] "Rec." references are to the Administrative Record, to be submitted after briefing is completed, the index of which is found at Doc. 25-2.

29(a)(4)(E)(iii) requires that an amicus brief indicate "whether a person . . . contributed money that was intended to fund preparing or submitting the brief and, if so, identifies such person." To that end, not only do these rules allow Government counsel and the Court to ensure that potential conflicts of interest are addressed, *see* Fed. R. Civ. P. 7.1 and Fed. R. App. P. 26.1, but they are consistent with the requirement that parties not proceed anonymously without permission of the Court. *See M.A.C. v. Gildner*, 853 F. App'x 207, 209-10 (10th Cir. 2021); *United States ex rel. Little v. Triumph Gear Sys., Inc.*, 870 F.3d 1242, 1249-50 (10th Cir. 2017); Meghan Walsh, "The Anonymous Taxpayer: What the Tax Court Failed to Reveal in *Anonymous v. Commissioner*," 61 Tax Law. 999 (2008). Here, Ivins Phillips Barker refuses to identify the actual taxpayer-clients paying for the brief and on whose behalf the brief is being filed. (Doc. 34 at 2 (stating "Certain clients . . . paid for the preparation of the proposed amicus brief"); Doc. 36.) Nor does it identify Baker McKenzie's involvement in the preparation of the brief. Rule 29 expressly forbids such a filing.

## III.   The amicus request upends the Court's briefing order and page limitations.

This Court's briefing schedule was designed to prevent any new matter from arising after the United States' responsive brief. (*See* Doc. 30.) The Court's order allows Liberty Global to reply to the Government's brief by January 24, 2022 and sets oral argument for February 25, 2022. The amicus request interferes with this schedule and the page limitations.[4] Liberty Global

---

[4] In addition to Fed. R. App. P. 29, district courts can also consider if an amicus has an interest in the case, if the matters it seeks to address are relevant, and if its participation is desirable. *See Hale*, 2020 WL 2309619, at *17. Apart from addressing a category of transaction not at issue in this refund suit, much of the amicus brief focuses on *Chevron*'s step one, and the amici's perspective appears the same as Liberty Global's. (*See* Doc. 34-1.) The brief simply provides thousands of additional words of unanswerable argument. Even if Ivins Phillips Barker's

has already been allowed 60 percent more pages than the Government, and its amici now request not only half of the Government's page limits but attach to their proposed brief another 39 pages of *single-spaced* legal advocacy that they had submitted to Treasury.

Moreover, Ivins Phillips Barker's amicus brief addresses "extraordinary disposition" transactions. (Doc. 34-1 at 3-4, 6-8.) This type of transaction is covered by the Regulations, but it is not at issue here and is not described or addressed in the Government's brief. (Doc. 33 at 12, n.5; *see also* Doc. 33-1, ¶ 2 (Declaration of Revenue Agent Kristina Rhee); 84 Fed. Reg. at 28,400-02, 28,408-09 (Rec. 143-45, 151-52).) Since Ivins Phillips Barker and Baker McKenzie have advised Government counsel that their five multinational corporate clients are under active audit by the IRS, all will have the opportunity to make arguments in their own cases in other judicial districts, and, if appropriate, address the "extraordinary disposition" category of transactions. There is no need to expand the scope of this case to cover those transactions.

Applying Rule 29 and other widely accepted principles to the motion before the Court, there are no compelling reasons to grant the amicus request. In the alternative, should the Court permit the amicus brief, it should grant leave to the United States to file a supplemental brief to address new arguments and new authorities relied on after the filing of its brief.

---

anonymous clients are affected by the Regulations, their interest in this case is the same as any affected taxpayer hoping for a more favorable construction of the tax code.

Dated: January 10, 2022

Respectfully submitted,

DAVID A. HUBBERT
Deputy Assistant Attorney General

/s/ Jennifer Y. Golden
JENNIFER Y. GOLDEN
Trial Attorney
THOMAS J. SAWYER
Senior Litigation Counsel
U.S. Department of Justice, Tax Division
P.O. Box 683, Ben Franklin Station
Washington, D.C.  20044
Tel:  (202) 514-8129 (Sawyer)
       (202) 307-6547 (Golden)
Fax: (202) 307-0054
Thomas.J.Sawyer@usdoj.gov
Jennifer.Y.Golden@usdoj.gov

*Attorneys for the United States of America*

## CERTIFICATE OF SERVICE

I hereby certify that on January 10, 2022, I served a copy of the foregoing document by filing it through the Court's CM/ECF system, which will send an electronic copy to all counsel of record.

/s/ Jennifer Y. Golden
JENNIFER Y. GOLDEN
Trial Attorney, Tax Division
U.S. Department of Justice
