**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 20-cv-03501-RBJ

LIBERTY GLOBAL, INC.,

      Plaintiff,

v.

UNITED STATES OF AMERICA,

      Defendant.

PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY

On March 3, 2022, the Sixth Circuit reiterated that the Administrative Procedure Act ("APA") applies to Treasury's rulemaking authority unless Congress has "expressly" carved out an exception to the APA within the authorizing statute. Opinion at 7, *Mann Constr., Inc. v. United States*, No. 21-1500 (6th Cir. Mar. 3, 2022) (attached as Ex. 1). The Sixth Circuit's analysis in *Mann Construction* strongly supports Plaintiff's pending motion for summary judgment.

In *Mann Construction*, the government argued that it was authorized under the applicable tax statute (section 6707A) to issue rules without complying with the APA's notice-and-comment requirements. The Sixth Circuit rejected that argument, confirming that a statute overrides the APA only where it contains an "express variation" from APA procedures. *Id* at 9. Likewise, in Liberty Global's case, the text of sections 245A and 7805(e) do not explicitly exempt temporary Treasury regulations from the APA's notice-and-comment requirement.

In *Mann Construction*, the government also argued that Congress had implicitly ratified its practice of issuing similar guidance without first allowing for notice-and-comment. *Id.* at 10-

1

11. The Sixth Circuit, however, held that Congress's "mere acquiescence" to non-APA-compliant practices could not create an express exemption from the APA. *Id* at 10-11. So too here. Congress' mere awareness of Treasury's practice of ignoring notice-and-comment requirements when issuing temporary regulations cannot provide the express exemption required to override the APA.

Finally, the government argued in *Mann Construction* that legislative history supported its position that it could avoid notice-and-comment. *Id.* at 11. Again, the Court rejected the government's argument, holding that "legislative history standing alone cannot supply the 'express,' 'plain,' or 'clear' direction needed to show that Congress modified the APA's procedures." *Id.* Treasury has similarly relied on legislative history in this case to support both its argument that Temporary Regulations need not go through notice-and-comment and its argument that it had authority to issue the extra-statutory Temporary Regulations. Not so. "Legislative history, for those who take it into account, is meant to clear up ambiguity, not create it." *Id.* (citation omitted).

Respectfully submitted this 14th day of March, 2022.

/s/ Rajiv Madan
**Rajiv Madan**
Nathan Wacker
Skadden, Arps, Slate, Meagher & Flom LLP
1440 New York Avenue, N.W.
Washington, DC 20005-2111
Telephone: 202-371-7020
Facsimile: 202-661-9020
Email: raj.madan@skadden.com
           nathan.wacker@skadden.com

Gregory S. Tamkin
Dorsey & Whitney LLP
1400 Wewatta Street, Suite 400
Denver, CO 80202-5549
Telephone: (303) 629-3400
Fax: (303) 629-3450
E-mail: tamkin.greg@dorsey.com

*Attorneys for Plaintiff Liberty Global, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on March 14, 2022.

<u>/s/ Rajiv Madan</u>
**Rajiv Madan**
Skadden, Arps, Slate, Meagher & Flom LLP
1440 New York Avenue, N.W.
Washington, DC 20005
Telephone: (202) 371-7020
Fax: (202) 661-9020