IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cv-03501-RBJ

Liberty Global, Inc.

    Plaintiff,

v.

United States of America

    Defendant.

---

**UNITED STATES' UNOPPOSED MOTION TO AMEND SCHEDULE**

---

The United States respectfully seeks to extend the period in which to conduct fact discovery for 45 days, from February 28, 2023, to April 14, 2023. In addition, the United States requests that other related pretrial dates also be extended without effect to the trial setting. The proposed dates appear in the attached proposed order. Plaintiff does not oppose the relief sought by the United States in this motion. This is the United States' first request to extend the fact discovery deadline.

The United States has encountered unexpected delays in completing discovery, including (a) the discovery by the Liberty Global, Inc. (LGI) of approximately 10,000 potentially responsive additional documents that it is now reviewing and which LGI promises to produce, to the extent responsive and nonprivileged, by the end of the first week of January 2023; (b)

1

depositions that the United States had scheduled to be conducted in December 2022 but where LGI gave notice that its witnesses would not appear until the court ruled on a motion for a protective order that it intended to seek; and (c) the receipt by two of the United States' counsel of summonses in the District of Columbia for federal jury service in January and February, 2023.

*Background*

The United States served its first requests for the production of documents in April 2021, which included a request for foreign-based records. Although the United States has served two additional requests for production, the scope of all requests generally relate to LGI's Project Soy transactions that are the subject of this suit. LGI has informed us that it processed all the requests using the same initial search terms that it applied in spring 2021. Although responses to the initial requests were due in May 2021, due to delays, including following procedures required by foreign data privacy regulations, it was not until February 23, 2022, that LGI advised that it had completed its production and responses. By that time, however, the Court had stayed further discovery and directed the parties to brief a motion for partial summary judgment related to LGI's claim that certain temporary Treasury regulations were invalid. In April 2022 the Court ruled that the regulations did not meet the Administrative Procedures Act's notice and comment requirements and thus could not be applied to LGI's transactions. (Dkt. 46). But the Court also recognized that other issues remained, namely, whether "the actions LGI took to attempt to receive the § 245A deduction complied with the applicable tax laws." (*Id.* at 5).

After the ruling, the parties discussed the completion of discovery, and the United States advised LGI that it intended to pursue substance-over-form arguments, including the economic substance doctrine now codified at 26 U.S.C. § 7701(o)(1). (Dkt. 50 at ¶ 8). To facilitate the

parties' discussions, in June 2022, the United States provided to LGI a detailed description of additional areas in which it believed discovery to be necessary. (*See* Dkt. 50 at ¶ 10 (July 1, 2022, status report referencing request)). Given the time needed to navigate European data privacy and other constraints on LGI's ability to provide discovery earlier in the case, these requests were made on an informal basis so that the parties could discuss how best to efficiently complete discovery. In early September 2022 the United States also sent to LGI a list of 20 possible deponents, noted that it would like to take depositions in early December and that it would "strongly prefer not to go later." (Ex. 4). In addition, on September 14, 2022, after having not received any additional documents in response to the informal requests, the United States served its formal third request for the production of documents.

Several issues make the current discovery schedule impracticable, including the following:

### *Incomplete collection and review of documents from LGI*

The United States had issued informal discovery requests in June of 2022 (and followed up with formal requests on September 16, 2022). LGI did not produce any information in response to the requests until October 19, 2022, and then only 11 documents. After several inquiries as to the volume of documents that might be outstanding, the United States learned on October 27, 2022, that LGI had initially conducted its search in 2021 using only a limited set of search terms that it had not discussed with the United States (Ex. 1 (e-mail from LGI with attached search terms)), and that it considered only the set of documents with hits for those terms to respond to the subsequent requests. After LGI disclosed the terms (at least for English-language documents), the United States expressed concerns about the terms' adequacy. The parties negotiated an expanded set of terms, which LGI reports returned approximately 10,000 new

3

documents. LGI agreed to review and produce responsive documents by January 6, 2022. LGI suggests that the number of truly responsive documents may be much smaller than 10,000 (*i.e.*, documents may have search term hits but not relate to Project Soy, or may be subject to claims of privilege), but the United States at this time cannot evaluate how long it will take to process and review the documents to use them at depositions.

Moreover, the search terms LGI disclosed on October 27, 2022, were in English, yet the transactions involved European LGI-related entities. Indeed, the United States had previously informed LGI that the existing productions appeared to contain few, if any, internal communications between European employees. LGI's counsel initially reported that counsel believed LGI selected and ran appropriate foreign-language search terms, but to date LGI has not shared the terms, despite the United States' repeated requests. (*See, e.g.*, Ex. 2 (item 3); Ex. 3). On January 4, 2023, LGI's counsel indicated by telephone that counsel still did not have information on what the terms were, and could not represent that LGI conducted foreign language searches at all. Thus, the United States still does not know the extent of LGI's search for foreign language documents, or what foreign language documents might exist.

### *Incomplete production from LGI's tax advisors at Deloitte*

In response to a document subpoena from the United States, Deloitte's U.S. counsel and the United States negotiated a preliminary list of document custodians and search terms, and Deloitte has identified an initial pool of approximately 15,400 potentially responsive U.S.-based documents. (Ex. 5). However, it is the United States' understanding LGI has not begun reviewing the documents for production, because LGI asserts that some or all of them may be subject to various privileges. (*See*, *e.g.*, Ex. 6 (item 7)). (LGI and Deloitte apparently agreed that LGI, not

4

Deloitte, will conduct the review.) The United States and LGI are negotiating. However, even upon agreement, there would be limited time to review and process the documents, let alone resolve individual privilege claims, by the current discovery cutoff.

Relatedly, the United States' subpoena to Deloitte (and, potentially, its document requests to LGI) covered certain Project Soy-related documents held by Deloitte-affiliated offices in Europe. Although Deloitte's U.S. counsel declined to produce documents located overseas, on or before September 8, 2022, LGI indicated that it would coordinate their production, given LGI's status as the Deloitte entity's client. (*See*, *e.g*., Ex. 4). LGI has consistently indicated it is working on the issue, but to date it has not provided any documents. (*See*, *e.g*., Ex. 6 (discussing issue); Ex. 4).

### *December 2022 Depositions*

On September 8, 2022, the United States provided LGI with a list of depositions it wished to take in December 2022 and asked LGI to help confirm availability. (Ex. 4; *see also* Ex. 3 (item 5, follow-up message). The United States sought to confirm availability early because some of the witnesses were overseas. On November 7, 2022, the United States issued formal subpoenas for eleven depositions of LGI and LGI-related witnesses, scheduled to begin December 6, 2022.

Recognizing that the federal rules limit the number of depositions to 10 unless the parties agree or a court approves, the United States sought to negotiate an appropriate number with LGI. LGI expressed its view that no depositions were necessary. (*See, e.g*., Ex. 6 (item 5)). The United States had long planned the depositions for December, with the expectation that it would have most relevant documents by that time, so that it would have sufficient time afterwards to issue any follow-up discovery in advance of the February 28, 2023, close of fact discovery. On

5

November 28, 2022, LGI advised the United States during a telephone call that it would not produce witnesses for the depositions scheduled for the week of December 5, and on December 7 LGI stated that it would not produce the witnesses scheduled for the following week, either.

As we now understand LGI's position, it contends that depositions are unnecessary because it has made admissions that make it possible to resolve the case on summary judgment. It advised the United States that it would seek a protective order or similar relief from the Court, but it has not yet done so. The United States will respond to LGI's request for a protective order and/or its request to file a motion for summary judgment if and when LGI makes such requests. The instant motion seeks to extend the present discovery deadlines in the event that the Court concludes that discovery should continue.

### *Jury Service*

Two of the Government's trial attorneys have received summonses for jury duty from the District Court for the District of Columbia. Trial Attorney E. Carmen Ramirez is required to be available each day between January 13, 2023, through January 27, 2023, for possible jury panels, and, if selected for a trial, some period beyond. Senior Litigation Counsel Thomas Sawyer is required to appear on January 13 to complete a questionnaire and then on February 1 for jury selection in a trial that the district court anticipates may last for five weeks. Neither counsel knows at this time whether they would be selected to serve on a panel. Counsel are working with LGI counsel to schedule depositions around these conflicts, but the uncertainty jury service entails, coupled with the fact that at least one witness is overseas and the outstanding discovery issues listed above render this difficult.

WHEREFORE, the United States respectfully requests an extension of 45 days for fact

discovery, with subsequent pre-trial dates to be extended approximately 45 days as laid out in the attached proposed order.

Respectfully submitted January 5, 2023.

.
                          DAVID A. HUBBERT
                          Acting Assistant Attorney General

                          */s/E. Carmen Ramirez*
                          Thomas J. Sawyer
                          E. Carmen Ramirez
                          Isaac Hoenig
                          Trial Attorneys
                          U.S. Department of Justice, Tax Division
                          P.O. Box 683, Ben Franklin Station
                          Washington, D.C. 20044
                          Tel: (202) 514-8129 (Sawyer)
                                (202) 616-2885 (Ramirez)
                                (202) 307-5936 (Hoenig)
                          Fax: (202) 307-0054
                          Thomas.J.Sawyer@usdoj.gov
                          E.Carmen.Ramirez@usdoj.gov
                          Isaac.M.Hoenig@usdoj.gov
                          *Attorneys for the United States of America*

## CERTIFICATE OF SERVICE

I hereby certify that on January 5, 2023, I served a copy of the foregoing document by filing it through the Court's CM/ECF system, which will send an electronic copy to all counsel of record. The United States is also serving a copy on the Office of Chief Counsel for the IRS.

                          Respectfully submitted,

                          */s/E. Carmen Ramirez*
                          Trial Attorney
                          U.S. Department of Justice